**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-22574-CIV-ALTONAGA/Reid**

WATER ISLAND
EVENT-DRIVEN FUND,

       Plaintiff,

v.

KNOWBE4, INC.; *et al.*,

       Defendants.

_____/

**ORDER**

**THIS CAUSE** came before the Court upon a *sua sponte* review of Plaintiff, Water Island Event-Driven Fund's Complaint [ECF No. 1], filed on June 5, 2025. Upon review of the Complaint, the Court concludes it must be dismissed.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And Federal Rule of Civil Procedure 10(b) "require[s] that discrete claims . . . be plead[ed] in separate counts[.]" *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (alterations added; citation and footnote call number omitted); *see also* Fed. R. Civ. P. 10(b).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir.

2002).  Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."  *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).  Therefore, "shotgun pleadings are routinely condemned by the Eleventh Circuit."  *Real Estate Mortg. Network, Inc. v. Cadrecha*, No. 11-cv-474, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)).

The Complaint is a quintessential shotgun pleading.  In the first paragraphs of the Second and Third Counts, Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs.  (*See* Compl. ¶¶ 203, 210).  The result is that the Second and Third Counts are "replete with factual allegations [and legal conclusions] that could not possibly be material" to those specific counts.  *Magluta*, 256 F.3d at 1284 (alteration added).

Accordingly, it is

**ORDERED** that the Complaint **[ECF No. 1]** is **DISMISSED without prejudice**.  Plaintiff has until **June 13, 2025** to submit an amended complaint curing the foregoing deficiency.

**DONE AND ORDERED** in Miami, Florida, this 9th day of June, 2025.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

2