**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-22574-CIV-ALTONAGA/Reid**

**WATER ISLAND**
**EVENT-DRIVEN FUND**,

      Plaintiff,

v.

**KNOWBE4, INC.**; *et al.*,

      Defendants.

_____/

**ORDER**

**THIS CAUSE** came before the Court *sua sponte*.  Plaintiff, Water Island Event-Driven Fund initiated this action on June 5, 2025.  (*See generally* Compl. [ECF No. 1]).  Plaintiff's pre-filing investigation included review of "publicly filed pleadings in other proceedings, including . . . . actions for breach of fiduciary duty brought by shareholders in the Delaware Court of Chancery." (*Id.* at 6 (alteration added)).[1]

Local Rule 3.8 of the U.S. District Court for the Southern District of Florida requires "attorneys of record . . . to bring promptly to the attention of the Court and opposing counsel the existence of other actions or proceedings . . . then pending before another court" by filing and serving a Notice of Pending, Refiled, Related or Similar Actions that contains a list and description of such actions "sufficient for identification."  *Id.* (alterations added).  To date, Plaintiff has not complied with Local Rule 3.8.  (*See generally* Dkt.).

On August 15, 2025, Defendants' counsel filed Notices of Attorney Appearances [ECF Nos. 19, 24] and a Notice of Pending, Refiled, Related or Similar Actions [ECF No. 27].  The

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

CASE NO. 25-22574-CIV-ALTONAGA/Reid

Notice advises of a putative class action pending in the Court of Chancery of the State of Delaware (the "Delaware Class Action") that, like this case, involves "shareholder claims stemming from the take-private transaction of Defendant KnowBe4 in February 2023, against nearly identical Defendants." (Notice 2 (footnote call number omitted; citing *Le Clair, et al. v. KnowBe4, Inc., et al.*, No. 2024-1143 (Del. Ch. Ct. 2025)); *see also* Compl. ¶ 1).

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted); *see also DeCaires v. Fin. Recovery Servs. of Minn., Inc.*, No. 21-cv-1785, 2022 WL 451479, at *1 (M.D. Fla. Jan. 7, 2022) ("A district court has 'broad discretion to stay proceedings,' and a stay may be justified 'pending the resolution of a related case in another court.'" (quoting *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000))).

Accordingly, it is

**ORDERED** that the parties have until **August 29, 2025** to file any objections to a stay of this action pending resolution of the Delaware Class Action.

**DONE AND ORDERED** in Miami, Florida, this 20th day of August, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

2