**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-22574-ALTONAGA/Reid**

**WATER ISLAND**
**EVENT-DRIVEN FUND**,

      Plaintiff,

v.

**KNOWBE4, INC.**, *et al.*,

      Defendants.

_____/

**OBJECTION TO STAY**

**TABLE OF CONTENTS**

I.     INTRODUCTION ........................................................................................... 1

II.    STATEMENT OF FACTS .............................................................................. 4

     A.    The Federal Action............................................................................ 4

     B.    The State Law Action........................................................................ 5

III.    ARGUMENT................................................................................................... 5

     A.    A Stay is Inappropriate Because the Actions Assert Completely Different Claims and Are Not Parallel ................................................................. 6

     B.    Even if the Court Determines the Actions Are Parallel, None of the *Colorado River* Factors Support a Stay of the Federal Action ............................ 10

IV.    CONCLUSION................................................................................................ 13

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Acosta v. James A. Gustino, P.A.*,
478 F. App'x 620 (11th Cir. 2012) ................................................................................ 6

*Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*,
743 F.2d 1519 (11th Cir. 1984) ...............................................................................2, 11

*Ambrosia Coal & Const. Co. v. Pages Morales*,
368 F.3d 1320 (11th Cir. 2004) .............................................................................11, 12, 13

*Andrea Theatres, Inc. v. Theatre Confections, Inc.*,
787 F.2d 59 (2d Cir. 1986) ........................................................................................ 8

*Aroma360 LLC v. Scentiment, LLC*,
No. 24-25031-CIV, 2025 WL 786223 (S.D. Fla. Mar. 12, 2025) ..................................... 6

*Colorado River Water Conservation Dist. v. United States*,
424 U.S. 800 (1976) ................................................................................. 2, 6, 13

*Cottrell v. Duke*,
737 F.3d 1238 (8th Cir. 2013) ............................................................................. 3, 6, 7

*Davenport Servs., Inc. v. Five N. Corp.*,
No. CIV.A.01L-04-101 JRS, 2003 WL 21739066 (Del. Super. Ct. May 19, 2003) ......... 12

*Duke v. James*,
713 F.2d 1506 (11th Cir. 1983) ................................................................................ 10

*Ekbatani v. Cmty. Care Health Network, LLC*,
No. 6:20-cv-2224-PGB-DCI, 2021 WL 2813794 (M.D. Fla. June 14, 2021) .................... 8

*Flowers v. Fulton Cnty. Sch. Sys.*,
654 F. App'x 396 (11th Cir. 2016) ............................................................................. 10

*In re Columbia Pipeline Grp., Inc. Merger Litig.*,
299 A.3d 393 (Del. Ch. 2023) ................................................................................. 9

*Jackson-Platts v. Gen. Elec. Cap. Corp.*,
727 F.3d 1127 (11th Cir. 2013) ............................................................................. 2, 6, 10, 12

*Key v. Wise*,
629 F.2d 1049 (5th Cir. 1980) ................................................................................. 2, 8

*Leisure Founders, Inc. v. CUC Int'l, Inc.*,
833 F. Supp. 1562 (S.D. Fla. 1993) .............................................................................. 3, 7

*Medema v. Medema Builders, Inc.*,
  854 F.2d 210 (7th Cir. 1988) ................................................................................. 3, 7, 8

*Mega Life & Health Ins. Co. v. Tordion*,
  399 F. Supp. 2d 1366 (S.D. Fla. 2005) ........................................................................11

*Mills v. Elec. Auto-Lite Co.*,
  396 U.S. 375 (1970) .............................................................................................. 1, 8

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983) .................................................................................................. 6, 13

*Olsen v. Paine Webber, Jackson & Curtis, Inc.*,
  623 F. Supp. 17 (M.D. Fla. 1985) ............................................................................ 3, 7

*Reiseck v. Universal Commc'ns of Miami, Inc.*,
  141 F. Supp. 3d 1295 (S.D. Fla. 2015) ....................................................................... 13

*Romine v. Compuserve Corp.*,
  160 F.3d 337 (6th Cir. 1998) ...................................................................................... 8

*Sides v. Simmons*,
  No. 07-80347-CIV, 2007 WL 3344405 (S.D. Fla. Nov. 7, 2007) ................................... 3, 7

*Spiegel v. Siegel*,
  No. 06-61848-CIV, 2007 WL 2051005  (S.D. Fla. July 17, 2007) ................................... 12

**Statutes**

15 U.S.C. § 78 ............................................................................................................ 7

Pursuant to the Court's August 20, 2025 Order [ECF No. 44], Plaintiffs[1] respectfully submit this Objection to a stay of this federal securities action (the "Federal Action") pending resolution of the action against KnowBe4, Inc. in the Delaware Court of Chancery (the "State Law Action").

## I.   <u>INTRODUCTION</u>

Plaintiffs here allege claims under the federal securities laws, and thus there is no basis to stay the Federal Action pending the resolution of the State Law Action alleging only state law claims.  As the Court is aware, the Federal Action is based on alleged materially false and misleading statements and omissions of material facts in public statements issued to investors in KnowBe4, Inc. ("KnowBe4" or the "Company") concerning the acquisition of KnowBe4 by Vista Equity Partners Management, LLC and its affiliates ("Vista") in February 2023 (the "Merger"). Plaintiffs were harmed when they either sold shares at artificially depressed prices through the consummation of the Merger, voted in favor of the Merger, or waived available statutory appraisal rights.  Defendants' conduct is prohibited by the federal securities laws, which afford investors a private right of action to sue based on materially false and misleading statements and omissions of material facts in public statements, especially in the merger context.  *See Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 385 (1970) (discussing the "congressional policy of ensuring that the shareholders are able to make an informed choice when they are consulted on corporate transactions").

The fact that an action is pending in Delaware state court, asserting breach of fiduciary duty and breach of contract claims related to the same transaction, provides no basis to stay this Federal Action asserting purely federal claims.  A stay is particularly inappropriate here because:

---

[1] Plaintiffs are lead plaintiff movants:  Water Island Event-Driven Fund, The Arbitrage Fund, AltShares Merger Arbitrage ETF, and the Hilary L. Shane Revocable Trust.

- The Federal Action and State Law Action assert completely separate and non-overlapping legal claims with different protections, standards, and damages theories;

- The Federal Action seeks to represent hundreds, if not thousands, of additional investors with no claims in the State Law Action (*i.e.*, sellers of KnowBe4 stock between the date of the Merger announcement and the closing of the Merger);

- The Federal Action includes a crucial defendant (Vista) not named in the State Law Action; and

- The cases are in similar procedural postures, such that a stay would prejudice Plaintiffs' ability to pursue federal securities law claims on behalf of class members not represented in the State Law Action.

Moreover, because the actions involve many of the same parties and overlapping facts, it would be far more efficient for the actions to be litigated at the same time so that discovery can be coordinated. The alternative—allowing the State Law Action to be litigated ahead of the Federal Action—would be highly inefficient, potentially requiring discovery years apart.

The federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1525 (11th Cir. 1984) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). A federal court may relinquish that jurisdiction in light of a pending state court action only if "(1) a *parallel* lawsuit [is] proceeding in state court, and (2) *judicial-administration* reasons so demanded abstention." *Jackson-Platts v. Gen. Elec. Cap. Corp.*, 727 F.3d 1127, 1140 (11th Cir. 2013) (emphasis added). Neither of these conditions are met. First, because of the differing claims, plaintiffs, and defendants across these two cases—and, in particular, this action's exclusive federal claims—the Federal Action and State Law Action are not "parallel." As the old Fifth Circuit held, abstention is improper where, as here, a federal plaintiff asserts claims over which federal courts have "exclusive jurisdiction." *Key v. Wise*, 629 F.2d 1049, 1059 (5th Cir. 1980).

2

Second, even if this Court were to find that the actions are parallel, a stay would still be unwarranted under *Colorado River* and its progeny. As detailed below, none of the *Colorado River* factors militate in favor of a stay. Most significantly, the Federal Action involves a federal statute that cannot be resolved in Delaware state court, meaning the federal claims will have to be resolved in this Court irrespective of the outcome of the State Law Action. Accordingly, a stay will do nothing to facilitate the resolution of this Federal Action and, worse, will prejudice class members of the Federal Action not represented in the State Law Action.

For these reasons, courts have routinely held that Exchange Act claims in federal courts should not be stayed pending the outcome of related state court proceedings. *See, e.g.*, *Olsen v. Paine Webber, Jackson & Curtis, Inc.*, 623 F. Supp. 17, 18 (M.D. Fla. 1985) ("[D]ue to the exclusive jurisdiction of federal courts over Rule 10b-5 claims, it was an abuse of discretion to stay federal proceedings containing such a claim pending the outcome of parallel state proceedings."); *Sides v. Simmons*, No. 07-80347-CIV, 2007 WL 3344405, at *4 (S.D. Fla. Nov. 7, 2007) (agreeing with "[o]ther circuits . . . that staying a proceeding pursuant to *Colorado River* where a 10(b) claim has been raised is an abuse of discretion"); *Leisure Founders, Inc. v. CUC Int'l, Inc.*, 833 F. Supp. 1562, 1576 (S.D. Fla. 1993) ("[B]ecause Plaintiffs have sufficiently pled [violations of § 10(b) of the Securities and Exchange Act] and thereby appropriately invoked the jurisdiction of the federal courts, we can discern no proper basis to stay further proceedings in this action pending resolution of the [state court] lawsuit."); *Cottrell v. Duke*, 737 F.3d 1238, 1245 (8th Cir. 2013) (vacating a district court's order staying a federal securities case pending a state court lawsuit because "the Delaware and Federal proceedings are not parallel" in that "Delaware courts have no jurisdiction to directly address the merits of the [p]laintiffs' Securities Act claims"); *Medema v. Medema Builders, Inc.*, 854 F.2d 210, 213 (7th Cir. 1988) (reversing a district court's

3

stay in a federal securities case because "the district court has no discretion to stay proceedings as to claims within exclusive federal jurisdiction" (quotation omitted)).

More recently, there have been several merger-related federal securities law class actions allowed to proceed on concurrent tracks with state actions, and that procedure has resulted in significant benefits to the respective investor classes. *See, e.g.*, *In re Pattern Energy Grp. Inc. Sec. Litig.*, No. 20-275-MN-JLH (D. Del.) (resulting in $100 million joint federal and state plaintiff class settlement); *In re Willis Towers Watson plc Proxy Litig.*, No. 1:17-cv-1338-AJT-JFA (E.D. Va.) ($75 million settlement in a federal action litigated contemporaneously with a Delaware action that settled for $15 million); *In re Mindbody Inc. Sec. Litig.*, No. 1:19-cv-08331-VEC (S.D.N.Y.) (federal Section 10(b) claims litigated at the same time as breach of fiduciary duty claims asserted in Delaware Chancery Court).

Accordingly, for the reasons set forth herein, Plaintiffs object to the issuance of a stay.

## II.     STATEMENT OF FACTS

### A.     The Federal Action

KnowBe4 announced it would be acquired by Vista on October 12, 2023.  On January 18, 2023, KnowBe4 issued a Definitive Proxy Statement on Schedule 14(a) where the KnowBe4 Board recommended that shareholders vote to approve the Merger.  The Merger was approved by stockholders and closed on February 1, 2023.  As detailed in the Complaint, the Proxy and other public filings failed to disclose, *inter alia*: that KnowBe4's sales process was overseen by a conflicted Special Committee and conflicted financial advisors, that the sales process largely ignored other potential bidders (including rejecting a "go-shop" period commonly included in such transactions), and that the Special Committee unfairly tilted the sales process in favor of Vista, all to the benefit of KnowBe4's controlling shareholders.

Water Island Event-Driven Fund commenced the Federal Action on June 5, 2025 [ECF No. 1] on behalf of itself and other unaffiliated stockholders entitled to vote on the Merger, as well as all other sellers of KnowBe4 common stock from October 12, 2022 through the close of the Merger on February 1, 2023, including those stockholders who sold shares in the Merger.

On August 5, 2025, Plaintiffs filed a Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (the "Lead Plaintiff Motion"). [ECF No. 16]. On August 20, 2025, Plaintiffs filed a Notice of Non-Opposition to their Lead Plaintiff Motion. [ECF No. 45].

### B.   The State Law Action

The operative complaint in the State Law Action asserts two counts of breach of fiduciary duty and one count of breach of contract. *See* Declaration of Benjamin Widlanski ("Widlanski Decl."), Ex. 1. While the State Law Action is based on the same Merger, it does not assert claims against Vista. Nor does it assert federal securities claims. Unlike the Federal Action, which includes all sellers of KnowBe4 shares from October 12, 2022 through the close of the Merger on February 1, 2023 (the "Federal Class Period"), the State Law Action class is limited to "holders of the Company who received the Transaction Consideration in exchange for their Company Shares." *See* Widlanski Decl., Ex. 2.

The State Law Action was filed in November 2024, and briefing on the motions to dismiss is ongoing. On August 20, 2025, the Court of Chancery granted the State Law Action plaintiffs' Motion for Class Certification. *Id.*

### III.   ARGUMENT

It is well settled that the "doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to

the duty of a District Court to adjudicate a controversy properly before it." *Colorado River*, 424 U.S. at 813. Under *Colorado River*, a federal court should only abstain from a case if "(1) a parallel lawsuit [is] proceeding in state court, and (2) judicial-administration reasons so demand[] abstention." *Jackson-Platts*, 727 F.3d at 1140. The standard is strict: only the "clearest of justifications . . . can suffice under *Colorado River* to justify the surrender of [federal] jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25–26 (1983) (cleaned up).

### A. A Stay is Inappropriate Because the Actions Assert Completely Different Claims and Are Not Parallel

The Federal Action should not be stayed because it is not "parallel" to the State Law Action. "Before deciding whether an action warrants abstention under *Colorado River*, a court must first determine if a parallel state action exists involving substantially the same parties and issues." *Aroma360 LLC v. Scentiment, LLC*, No. 24-25031-CIV, 2025 WL 786223, at *2 (S.D. Fla. Mar. 12, 2025)). Courts have generally held that federal and state court actions are "not parallel" and the federal case "may not be stayed" where the federal action "contains a valid claim within the exclusive jurisdiction of the federal courts." *Cottrell*, 737 F.3d at 1240. And "if there is any substantial doubt about whether two cases are parallel the court should not abstain." *Acosta v. James A. Gustino, P.A.*, 478 F. App'x 620, 622 (11th Cir. 2012).

Here, both cases concern the 2023 Vista/KnowBe4 Merger and twelve of the same defendants. Crucially, however, the claims and damages theories are wholly unique, and the Federal Action also includes an additional defendant and class members not involved in the State Law Action, rendering the cases not parallel.

*First*, this Federal Action asserts claims under the Securities Exchange Act of 1934, and these federal claims cannot be litigated in the Delaware Court of Chancery.[2] As the Middle District of Florida explained in *Olsen*, "due to the exclusive jurisdiction of federal courts over Rule 10b–5 claims, it was an abuse of discretion to stay federal proceedings containing such a claim pending the outcome of parallel state proceedings." 623 F. Supp. at 18; *see also Sides*, 2007 WL 3344405, at *4 (holding that "staying a proceeding pursuant to *Colorado River* where a 10(b) claim has been raised is an abuse of discretion"); *Leisure Founders*, 833 F. Supp. at 1576 ("[B]ecause Plaintiffs have sufficiently pled [violations of § 10(b) of the Securities and Exchange Act] and thereby appropriately invoked the jurisdiction of the federal courts, we can discern no proper basis to stay further proceedings in this action pending resolution of the [state court] lawsuit."). This alone should end the inquiry into whether to stay the Federal Action.

Several circuits have reached the same conclusion. The Eighth Circuit, for example, in *Cottrell*, considered whether to stay a case in federal court that asserted federal securities claims alongside state law claims, when a Delaware proceeding was pending that mirrored the federal action. *Cottrell*, 737 F.3d at 1245. The Court held that "the Delaware and Federal proceedings are not parallel" because "Delaware courts have no jurisdiction to directly address the merits of the Plaintiffs' [Exchange] Act claims." *Id.*

The Seventh Circuit in *Medema* likewise considered a district court's order staying an action "alleging violations of section 10(b) of the Securities Exchange Act of 1934" in "deference to ongoing state court proceedings." *Medema*, 854 F.2d at 211–12. The Seventh Circuit reversed

---

[2] Section 27 of the Exchange Act provides that Federal District Courts have exclusive jurisdiction over "violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder." 15 U.S.C. § 78aa.

7

the stay order, reasoning that a "district court has no discretion to stay proceedings as to claims within exclusive federal jurisdiction under [*Colorado River*]." *Id.* (quotation omitted).

Outside the securities law context, courts throughout the country agree that abstention is inappropriate when the federal action asserts claims that the state court lacks authority to resolve. Indeed, the old Fifth Circuit held that, "[w]hen Congress has directed . . . not only that the federal courts may take jurisdiction of a particular class of cases, but also that they have exclusive jurisdiction of those cases, abstention to permit adjudication of the entire case in a state forum defeats the purpose of that legislation." *Key*, 629 F.2d at 1059; *see also, e.g.*, *Andrea Theatres, Inc. v. Theatre Confections, Inc.*, 787 F.2d 59, 62 (2d Cir. 1986) ("[A]bstention is clearly improper when a federal suit alleges claims within the exclusive jurisdiction of the federal courts."); *Ekbatani v. Cmty. Care Health Network, LLC*, No. 6:20-cv-2224-PGB-DCI, 2021 WL 2813794, at *2 (M.D. Fla. June 14, 2021) ("[A]bstention is impermissible here because Plaintiffs can only assert their Clayton Act claim in this Court.").[3]

Relatedly, because they assert completely different legal claims, the Federal Action and State Law Action have potentially different available damages theories. In the Federal Action, damages theories available under *Mills*, 396 U.S. at 389-390, and related case law for Section 14(a) claims include (i) out-of-pocket damages, (ii) lost opportunity or disgorgement damages, and/or

---

[3] The Sixth Circuit reached a different result in *Romine v. Compuserve Corporation*, but in that case the action alleged claims under the Securities Act of 1933, which provides both federal and state courts concurrent jurisdiction. 160 F.3d 337, 342 (6th Cir. 1998). By contrast, here the Exchange Act claims can only be litigated in federal court. In their notice [ECF No. 27], Defendants also point to *Acosta v. Noem*, No. 25-cv-22905 (S.D. Fla. July 30, 2025), ECF No. 7 (Ruiz, J.), where this Court *sua sponte* stayed a case because four related matters were already filed in *federal* court—including one case that sought the same relief as *Acosta*, included the plaintiff in *Acosta* as a putative class member, and was filed by the same lawyer. *Id.* Unlike here, *Acosta* did not stay a case based on pending *state court proceedings* and so did not raise *Colorado River* concerns.

8

(iii) benefit of the bargain damages, while the State Law Action theories are flexible but derive from more equitable principles. *See, e.g.*, *In re Columbia Pipeline Grp., Inc. Merger Litig.*, 299 A.3d 393, 481 (Del. Ch. 2023).

*Second*, in this case, Plaintiffs also bring federal claims on behalf of a 10(b) seller class that is not in any way represented by the State Law Action. Specifically, the State Law Action only asserts claims on behalf of investors that tendered their shares in the Merger (*i.e.*, sold into the Merger when it closed on February 1, 2023). By contrast, the Federal Action asserts claims on behalf of all persons or entities that sold KnowBe4 shares during the entire October 12, 2022 to February 1, 2023 class period. A comparison of the class definitions is set forth below:

| Federal Action | State Law Action |
|---|---|
| Unaffiliated Stockholders entitled to vote on the Merger ***and the Class consisting of sellers of KnowBe4 common stock from October 12, 2022 through the close of the Merger on February 1, 2023***, including those stockholders who sold shares in the Merger[4] | All record and beneficial holders of the Company who received the Transaction Consideration in exchange for their Company shares[5] |

Investors that sold shares prior to February 1, 2023 are *not represented whatsoever in the State Law Action*. And the shares sold during that period—not alleged in the State Law Action—are substantial. The total reported open-market trading volume during the period not represented by the State Law Action (*i.e.*, October 12, 2022 through January 31, 2023) is 132,462,874 shares. Widlanski Decl., Ex. 3. The federal class members that sold these shares have valid Section 10(b) claims that would be severely prejudiced by a stay of this Federal Action, which would not only delay the resolution of their claims *by years* but also unfairly allow the State

---

[4] First Amended Class Action Complaint [ECF No. 6] ¶178.

[5] Widlanski Decl., Ex. 2 (State Law Action Class Certification Order).

Law Action to stake out their recovery first when there could potentially be dwindling sources of recovery.

*Third*, the Federal Action also includes Section 20(a) claims against Vista, which is not a defendant in the State Law Action. Accordingly, irrespective of the outcome of the State Law Action, claims against Vista will remain with this Court. There is no good reason to delay the resolution of the claim against Vista—potentially for years—while the State Law Action is litigated. *See generally Duke v. James*, 713 F.2d 1506, 1510 (11th Cir. 1983) ("Factors arguing against abstention include delay[.]"); *Flowers v. Fulton Cnty. Sch. Sys.*, 654 F. App'x 396, 399 (11th Cir. 2016) (cases were not "parallel" where "neither the parties nor the issues in the state action [were] substantially similar to [the federal] case").

**B.      Even if the Court Determines the Actions Are Parallel, None of the *Colorado River* Factors Support a Stay of the Federal Action**

Because the actions are not parallel, a *Colorado River* analysis is unnecessary. But even if the Court determines they are parallel, a stay is inappropriate.

When two actions are parallel, district courts within the Eleventh Circuit generally look to the following six factors in determining whether to invoke the *Colorado River* doctrine:

> (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties.

*Jackson-Platts*, 727 F.3d at 1141 (quotation omitted). Each of these factors is either neutral or militates against a stay:

**In an *in rem* case, which court first assumed jurisdiction over the property.** This case does not involve property and so it does not favor abstention. *See Ambrosia Coal & Const. Co. v.*

*Pages Morales*, 368 F.3d 1320, 1332 (11th Cir. 2004) ("Because the relevant cases are not proceedings in rem, neither court has jurisdiction over property, and the first *Colorado River* factor does not favor abstention.").

**The inconvenience of the federal forum.**  This factor focuses "primarily on the physical proximity of the federal forum to the evidence and witnesses."  *Mega Life & Health Ins. Co. v. Tordion*, 399 F. Supp. 2d 1366, 1371 (S.D. Fla. 2005).  KnowBe4, Inc., the primary corporate defendant, is headquartered in Florida, and thus that is where many of the key witnesses reside.  Accordingly, the federal forum is substantially more convenient than the Delaware Court of Chancery.  This factor weighs against abstention.

**The desirability of avoiding piecemeal litigation.**  This factor does not favor abstention "unless the circumstances enveloping those cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious."  *Ambrosia Coal*, 368 F.3d at 1333 (denying abstention when there was "no indication that piecemeal litigation poses any greater waste or danger here than it does in the vast majority of federal cases with concurrent state counterparts").  The Eleventh Circuit has also held that this factor will not support abstention where a party has a right to bring its claims in a federal forum:

> Likewise, the litigation in the instant matter is inevitably piecemeal, because [the plaintiff] has a right to a federal forum for its diversity claims.  Because the district court cannot force [the plaintiff] to assert its claims as permissive cross claims in the state proceeding, the stay order has not avoided, but has merely delayed, piecemeal consideration of the claims.

*Am. Mfrs.*, 743 F.2d at 1525.  Here, Plaintiffs assert claims exclusively within the realm of federal courts—and so, as in *American Manufacturers*, the only effect of a stay would be to delay.  Because the claims are also completely different in both actions and different legal standards apply to the issues, there is minimal risk of inconsistent results between the two cases.  Moreover, to avoid

duplication of efforts between the actions, discovery between both actions could be coordinated as has been done in prior cases.

**The order in which jurisdiction was obtained.**   While the State Law Action was commenced first, that action is still in its preliminary stages, and briefing on the motions to dismiss is still ongoing.   Assuming the Federal Action proceeds under the schedule in the local rules, the actions will be on similar schedules.   *See Jackson-Platts*, 727 F.3d at 1142 ("What matters is not so much the chronological order in which the parties initiated the concurrent proceedings, but the progress of the proceedings and whether the party availing itself of the federal forum should have acted earlier." (quotation omitted)).

**Whether federal or state law controls.**   This factor only favors abstention if the case involves "complex questions of state law." *Ambrosia Coal,* 368 F.3d at 1334.   Here, the Federal Action does not involve any questions of state law.   Federal law controls all issues, and thus this factor does not favor abstention.   *See, e.g.*, *Spiegel v. Siegel*, No. 06-61848-CIV, 2007 WL 2051005, at *5 (S.D. Fla. July 17, 2007) (holding that this factor "d[id] not weigh in favor of abstention" where "the substantive claims themselves [were] based on federal securities law").

**Whether the state court will adequately protect the interests of the parties.**   This factor strongly cuts against abstention because the Delaware Court of Chancery cannot adequately protect the interests of the members of the Federal Action class not represented in the State Law Action (sellers of KnowBe4 common stock pre-Merger).   Also, by pursuing federal statutory claims in the Federal Action, Plaintiffs have exercised their right to, and are entitled to, a jury trial, a right not provided by the Delaware Court of Chancery.   *See Davenport Servs., Inc. v. Five N. Corp.*, No. CIV.A.01L-04-101 JRS, 2003 WL 21739066, at *6 n.42 (Del. Super. Ct. May 19, 2003) ("The right to trial by jury, of course, is not available in the Court of Chancery.").

12

The Supreme Court and Eleventh Circuit have also considered two additional factors that are potentially even more important than the above. Specifically, the Supreme Court has "emphasized the importance of considering whether the concurrent cases involve a federal statute that evinces a policy favoring abstention." *Ambrosia Coal*, 368 F.3d at 1331 (citing *Colorado River*, 424 U.S. at 819). Here, the Federal Action involves claims under the Securities Exchange Act of 1934, a federal statute, which *disfavors* abstention.

In addition, as discussed above, courts have routinely held that "[a]t least one metric for assessing the propriety of abstention is whether the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Reiseck v. Universal Commc'ns of Miami, Inc.*, 141 F. Supp. 3d 1295, 1304 (S.D. Fla. 2015) (citation and internal quotation omitted). Here, the result of the State Law Action will not impact any aspect of this Federal Action because wholly different claims are asserted in each action. At most, a stay will drastically delay the resolution of harmed investors' claims. Even if the State Law Action could somehow bar or impact any of the claims in the Federal Action—which they cannot—this Court will at a minimum still need to adjudicate claims on behalf of pre-Merger sellers of KnowBe4 stock and the claims against Vista because neither is at issue in the State Law Action. *See Moses H. Cone*, 460 U.S. at 28 ("[T]he decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case.").

IV. **CONCLUSION**

For the reasons detailed herein, Plaintiffs respectfully object to the issuance of a stay.

Dated: August 27, 2025

Respectfully submitted,

*/s/ Benjamin J. Widlanski*
**KOZYAK TROPIN &
THROCKMORTON LLP**
Benjamin J. Widlanski (Fla. Bar # 1010644)
Brandon Sadowsky (Fla. Bar # 1052643)
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134
Tel.: (305) 372-1800
bwidlanski@kttlaw.com
bsadowsky@kttlaw.com

*Liaison Counsel for Proposed Lead Plaintiff the KnowBe4 Investors and Proposed Liaison Counsel for the Class*

Vincent R. Cappucci (*pro hac vice*)
Robert N. Cappucci (*pro hac vice*)
Brendan J. Brodeur (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
230 Park Avenue, 3rd Floor
New York, NY 10169
Tel.: (212) 894-7200
vcappucci@entwistle-law.com
rcappucci@entwistle-law.com
bbrodeur@entwistle-law.com

Adam Warden (Fla. Bar # 0873691)
Jonathan Lamet (Fla. Bar # 0106059)
**SAXENA WHITE P.A.**
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
Email: awarden@saxenawhite.com
        jlamet@saxenawhite.com

*Counsel for Proposed Lead Plaintiff the KnowBe4 Investors and Proposed Lead Counsel for the Class*

14