**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-CIV-22574/ALTONAGA/Reid**

In re:

**KNOWBE4, INC.**
**SECURITIES LITIGATION**

_____/

**DEFENDANTS' BRIEF IN SUPPORT OF A STAY OF THE FLORIDA ACTION**
**PENDING RESOLUTION OF THE DELAWARE CLASS ACTION**

**TABLE OF CONTENTS**

**Page**

I.     **PRELIMINARY STATEMENT**.......................................................................................1

II.    **LEGAL STANDARD** ...................................................................................................2

     1.     THE DELAWARE AND FLORIDA ACTIONS ARE PARALLEL BECAUSE THEY ARE BASED ON THE SAME SET OF FACTS BETWEEN SUBSTANTIALLY THE SAME PARTIES ........................................3

     2.     PLAINTIFFS' ANALYSIS MISSTATES THE LAW ON EXCLUSIVE JURISDICTION AND *COLORADO RIVER* ABSTENTION .................................6

     3.     THE *COLORADO RIVER* FACTORS WEIGH IN FAVOR OF AN ADMINISTRATIVE STAY .................................................................................9

III.    **CONCLUSION**..........................................................................................................12

**Cases**

*Acosta v. James A. Gustino, P.A.*,
  478 F. App'x 620 (11th Cir. 2012)................................................................................................3, 8

*Ali v. 7-Eleven, Inc.*,
  No. 22-20328-CIV, 2022 WL 713665 (S.D. Fla. Mar. 10, 2022)...........................................10

*Allied Mach. Serv., Inc. v. Caterpillar, Inc.*,
  841 F. Supp. 406 (S.D. Fla. 1993).........................................................................................6, 7

*Am. Disposal Services, Inc. v. O'Brien*,
  839 F.2d 84 (2d Cir. 1988)........................................................................................................6

*Bosdorf v. Beach*,
  79 F. Supp 2d 1337 (S.D. Fla. 1999)....................................................................................4, 10

*Clinton v. Jones*,
  520 U.S. 681 (1997) ..................................................................................................................2

*Colorado River Water Conservation District v. United States*,
  424 U.S. 800 (1976) ..................................................................................................................2

*Cottrell v. Duke*,
  737 F.3d 1238 (8th Cir. 2013) ...............................................................................................7, 8

*CTI-Container Leasing Corp. v. Uiterwyk Corp.*,
  685 F.2d 1284 (11th Cir. 1982) ................................................................................................2

*Ephraim v. Abbott Lab'ys, Inc.*,
  601 F. Supp. 3d 1274 (S.D. Fla. 2022) ...................................................................................10

*Friends of Everglades, Inc. v. S. Fla. Water Mgmt. Dist.*,
  No. 02 Civ. 80309, 2003 WL 27383473 (S.D. Fla. July 2, 2003) ...........................................2

*Gabelli v. Sikes Corp.*,
  No. 90 Civ. 4904, 1990 WL 213119 (S.D.N.Y. Dec. 14, 1990) ..............................................6

*Garcia v. Spruce Servs., Inc.*,
  662 F. Supp. 3d 1245 (S.D. Fla. 2023) .....................................................................................2

*General Reinsurance Corp. v. Ciba–Geigy Corp.*
  853 F.2d 78 (2d Cir. 1988)......................................................................................................11

*Hakim-Daccach v. Gyptec, S.A.*,
  No. 17 Civ. 20495, 2018 WL 7287147 (S.D. Fla. Apr. 20, 2018) ............................................4

*Jackson-Platts v. Gen. Elec. Capital Corp.*,
  727 F.3d 1127 (11th Cir. 2013) ........................................................................3, 9

*LaDuke v. Burlington N. R. Co.*,
  879 F.2d 1556 (7th Cir. 1989) ..............................................................................12

*Landis v. North Am. Water Works and Elec. Co.*,
  299 U.S. 248 (1936) ...............................................................................................3

*Leisure Founders, Inc. v. CUC Int'l, Inc.*,
  833 F. Supp. 1562 (S.D. Fla. 1993)........................................................................9

*Lisa, S.A. v. Mayorga*,
  232 F. Supp. 2d 1325 (S.D. Fla. 2002), *aff'd sub nom. Lisa, S.A. v. Dionisio
  Gutierrez Mayorga*, 90 F. App'x 381 (11th Cir. 2003) .................................. 1, 4, 5, 10

*McNair v. Johnson*,
  143 F.4th 1301 (11th Cir. 2025) .............................................................................3

*Lopez v. Miami-Dade Cty.*,
  145 F. Supp. 3d 1206 (S.D. Fla. 2015) .................................................................11

*Lops v. Lops*,
  140 F.3d 927 (11th Cir. 1998) ................................................................................7

*Lorentzen v. Levelor Corp.*,
  754 F. Supp. 987 (S.D.N.Y. 1990)..................................................................6, 7, 11

*Medema v. Medema Builders, Inc.*,
  854 F.2d 210 (7th Cir. 1988) ..................................................................................6

*Mediterranean Enterprises, Inc. v. Ssangyong Corp.*,
  708 F.2d 1458 (9th Cir. 1983) ................................................................................5

*MEI, Inc. v. JCM Am. Corp.*,
  No. Civ. 09-351, 2009 WL 3335866 (D. N.J. Oct. 15, 2009) .....................................11

*Moorer v. Demopolis Waterworks and Sewer Bd.*,
  374 F.3d 994 (11th Cir. 2004) ................................................................................9

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983) ..........................................................................................8, 9, 10

*Myron v. Rodriguez*,
  No. 06 Civ. 1051, 2008 WL 516753 (M.D. Fla. Feb. 22, 2008) ................................10

*Norych v. Admiral Ins. Co.*,
  No. 08 Civ. 60330, ECF No. 30 (S.D. Fla. Jun. 19, 2008) .........................................3

*Orsi v. SP Plus Corp.*,
No. 18 Civ. 62589, 2019 WL 13189850 (S.D. Fla. Nov. 25, 2019) ...........................................2

*Ortega Trujillo v. Conover & Co. Comm'cns*,
F.3d 1262 (11th Cir. 2000) .....................................................................................................11

*Sini v. Citibank, N.A.*,
990 F. Supp. 2d 1370 (S.D. Fla. 2014) ........................................................................ 1, 3, 5, 9

*Snyder v. Green Roads of Fla. LLC*,
430 F. Supp. 3d 1297 (S.D. Fla. 2020) ...................................................................................11

*Sosa v. Hames*,
No. 05 Civ. 23079, 2006 WL 1284927 (S.D. Fla. May 3, 2006) ..............................................2

*Spiegel v. Siegel*,
No. 06 Civ. 61848, 2008 WL 151951 (S.D. Fla. Jan. 15, 2008) ......................................6, 7, 11

*Suite 225, Inc. v. Lantana Ins., Ltd.*,
No. 12 Civ. 80409, 2013 WL 12171122 (S.D. Fla. Jan. 29, 2013)...........................................11

*Sullivan v. Bank of Am., N.A.*,
No. 21 Civ. 80828, 2022 WL 19300666 (S.D. Fla. Jan. 21, 2022)............................................6

*Will v. Calvert Fire Ins. Co.*,
437 U.S. 655 (1978) .................................................................................................................2

## Statutes

15 U.S.C. § 78...............................................................................................................6, 7, 11

## Other Authorities

S.D.F.L. Local Rule 3.8..............................................................................................................3

Pursuant to the Court's August 20, 2025 Order (ECF No. 44), Defendants respectfully submit this brief in support of a stay of this federal action against KnowBe4, Inc. et al. (the "Florida Action") pending resolution of the related state class action against KnowBe4, Inc. et al. in the Delaware Court of Chancery (the "Delaware Class Action").

## I.      PRELIMINARY STATEMENT

Plaintiffs' Objections to this Court's Order (ECF No. 50) are meritless and underscore why this Court should stay the Florida Action pending resolution of the ongoing Delaware Class Action.

In their Objections, Plaintiffs rely on out-of-circuit and inapposite cases dealing with the *outright dismissal* of a federal action based on a related state court proceeding.  Those cases have minimal relevance to the case at bar, where the Court's Order contemplated a temporary, administrative stay pending the resolution of a related class action that has been pending in state court for nearly a year.  *See* ECF No. 44; *accord Lisa, S.A. v. Mayorga*, 232 F. Supp. 2d 1325, 1327 (S.D. Fla. 2002), *aff'd sub nom. Lisa, S.A. v. Dionisio Gutierrez Mayorga*, 90 F. App'x 381 (11th Cir. 2003) (imposing an administrative stay "*given the dispositive nature of the motions in state court* and the *commonality in both parties and factual predicate*. The state court, having familiarized itself with the facts, issues and parties in this case . . . is the appropriate arbiter of these questions") (emphasis added).

An administrative stay is appropriate here because the Florida Action and the Delaware Class Action involve "substantially the same parties litigating substantially the same issues in different fora," *Mayorga*, 232 F. Supp. 2d at 1327, such that "dual litigation would likely result in deleterious duplication of judicial resources." *Sini v. Citibank, N.A.*, 990 F. Supp. 2d 1370, 1379 (S.D. Fla. 2014).  And despite Plaintiffs' contentions to the contrary, the Eleventh Circuit has

1

affirmed the imposition of an administrative stay in similar cases.  *See Mayorga*, 90 F. App'x at 381.

Finally, although not required by *Colorado River*, the issues, though raised in different causes of action, arise out of the same facts.  Both lawsuits stem from the take-private transaction of KnowBe4.  In this action, Plaintiffs have merely repackaged the same facts raised in the Delaware Class Action.  Moreover, the Delaware Court of Chancery recently certified a non-opt out class that overlaps with Plaintiffs' proposed class here.  The two Actions are parallel and meet the threshold for *Colorado River* abstention.

## II.   LEGAL STANDARD

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted).  The decision to stay "is largely committed to the discretion of the district court," *Will v. Calvert Fire Ins. Co.,* 437 U.S. 655, 664 (1978), and is governed by "considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817 (1976).

Indeed, "[t]he inherent discretionary authority of the district court to stay litigation pending the outcome of [a] related proceeding . . . is not questioned." *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (citations omitted); *accord Friends of Everglades, Inc. v. S. Fla. Water Mgmt. Dist.*, No. 02 Civ. 80309, 2003 WL 27383473, at *1 (S.D. Fla. July 2, 2003) (Altonaga, C.J.) (granting stay and administratively closing case); *Sosa v. Hames*, No. 05 Civ. 23079, 2006 WL 1284927, at *1 (S.D. Fla. May 3, 2006) (Altonaga, C.J.) (administratively closing case and holding that "in the interest of conserving the parties' and

judicial resources, a stay is appropriate"); *Garcia v. Spruce Servs., Inc.*, 662 F. Supp. 3d 1245, 1246–47 (S.D. Fla. 2023) (Altonaga, C.J.) (staying and administratively closing case "without prejudice to the substantive rights of any of the parties").

This "broad discretion," *Orsi v. SP Plus Corp.*, No. 18 Civ. 62589, 2019 WL 13189850, at *1–2 (S.D. Fla. Nov. 25, 2019) (Altonaga, C.J.) is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[1] *Landis v. North Am. Water Works and Elec. Co.,* 299 U.S. 248, 254 (1936).

> **1.   THE DELAWARE AND FLORIDA ACTIONS ARE PARALLEL BECAUSE THEY ARE BASED ON THE SAME SET OF FACTS BETWEEN SUBSTANTIALLY THE SAME PARTIES**

In determining whether abstention is warranted under *Colorado River*, this Court must first determine whether there is a parallel state action—*i.e.*, "one involving substantially the same parties and substantially the same issues." *Sini*, 990 F. Supp. 2d at 1376 (quoting *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1140 (11th Cir. 2013)). "A threshold requirement for application of the *Colorado River* [abstention] doctrine is that the federal and state cases be

---

[1]   And, as the Eleventh Circuit affirmed just last month, the district court's "inherent authority to manage its docket and **enforce the local rules**" permits it to **dismiss cases outright** for **a plaintiff's failure to disclose related or prior litigation**. *McNair v. Johnson*, 143 F.4th 1301, 1308 (11th Cir. 2025) (emphasis added). In *McNair v. Johnson*, 143 F.4th 1301, 1308 (11th Cir. 2025), the Eleventh Circuit affirmed the district court's dismissal of the plaintiff's action without prejudice where the plaintiff "violated the local rules by failing to disclose his full litigation history, as required by the [local rules]" and held that "the district court did not abuse its considerable discretion when it dismissed [plaintiff's] suit for failure to comply with the complaint form's explicit instructions." 143 F.4th at 1308; *see* ECF No. 44 at 1 (noting that Plaintiff "has not complied with Local Rule 3.8" which "requires 'attorneys of record . . . to bring promptly to the attention of the Court and opposing counsel the existence of other actions or proceedings . . . then pending before another court'") (quoting Local Rule 3.8).

sufficiently parallel." *Acosta v. James A. Gustino, P.A.*, 478 F. App'x 620, 621 (11th Cir. 2012) (mem.).

But it is well-settled that "[t]he state and federal cases need not share identical parties and issues to be considered parallel . . . ." *Sini*, 990 F. Supp. 2d at 1376 (citation omitted); *Norych v. Admiral Ins. Co.*, 08 Civ. 60330, ECF No. 30 at 8 (Jun. 19, 2008) (Altonaga, C.J.) (granting administrative stay of federal Florida action pending resolution of New York state action where "the parties to the two actions are not identical, [but] are substantially similar"). Instead, a stay is appropriate where "[t]he two actions are strikingly similar in their central allegations and have a common central nexus of defendants." *Mayorga*, 232 F. Supp. 2d at 1327 ("Exact parallelism between the two actions [] is not required; ***merely the existence of substantially the same parties litigating substantially the same issues in different fora must be present***.") (citing *Bosdorf v. Beach,* 79 F. Supp 2d 1337, 1344 n.13 (S.D. Fla. 1999)) (emphasis added); *see Hakim-Daccach v. Gyptec, S.A.*, No. 17 Civ. 20495, 2018 WL 7287147, at *1 (S.D. Fla. Apr. 20, 2018) ("The proceedings can still qualify as similar or related even if the Plaintiff and many of the Defendants are not named in the [other] proceeding. Nor does [plaintiff's] description of the [other] proceeding as a fraud render it necessarily dissimilar from this case where the funds at issue in both proceedings are the same or at least overlap.").

The Delaware Class Action is parallel to the instant securities action because both involve shareholder claims stemming from the take-private transaction of Defendant KnowBe4 in February 2023, against nearly identical Defendants.[2] Both actions allege that shareholders were harmed by material omissions and misstatements in KnowBe4's December 22, 2022 proxy

---

[2] Defendant Vista Equity Partners Management, LLC is a Defendant in the instant class action, but is not a Defendant in the Delaware class action. All other Defendants are identical.

statement and related filings.[3]  Both cases are class actions brought by shareholders of KnowBe4, Inc., however, Plaintiffs in the Delaware class action moved for expedited certification of a non-opt out class on June 27, 2025.[4]  That motion was granted on August 20, 2025.[5]  In the Delaware Class Action, Defendants moved to dismiss Plaintiffs' amended complaint in its entirety on May 12, 2025.  Plaintiffs' opposition to Defendants' motion to dismiss was filed on July 25, 2025, and Defendants' reply is due next week, on September 8, 2025.

The Eleventh Circuit has affirmed stays in similar cases.  *See, e.g.*, *Mayorga*, 232 F. Supp. 2d at 1327, *aff'd sub nom. Mayorga*, 90 F. App'x at 381 ("Stay relief has been found to be appropriate whether or not 'the issues in such proceedings are necessarily controlling of the action before the court.'") (quoting *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983)).  And courts in this district have consistently stayed second-filed federal actions pending resolution of related state actions.  For illustration, in *Sini*, 990 F. Supp. 2d at 1379–81, Judge Williams imposed a stay and held that:

> After reviewing the current posture of both the state and federal actions, the Court finds that the two cases, though not 'identical,' are so inextricably intertwined in both their factual and legal issues that dual litigation would likely result in deleterious duplication of judicial resources. While it is true that Sini's complaint in the federal action involves claims against Citibank . . . which are not at issue in the state action, the issues presented by Sini's federal complaint are inseparable from the claims pending in the state action . . . . [T]he parallel state action presents a danger of excessive or deleterious litigation because of the considerable overlap of issues in the two cases.  Moreover, the continued litigation in this Court presents a real danger of conflicting rulings based on identical facts.  The Court also notes

---

[3]   In the Delaware action, Count I alleges breach of fiduciary duty against a purported "control group" for a purportedly false and misleading proxy statement; Count II alleges breach of fiduciary duty against KnowBe4's directors for a purportedly false and misleading proxy statement; Count III alleges breach of KnowBe4's Charter.

[4]   *See* Plaintiffs' Motion for Prompt Class Certification, C.A. No. 2024-1143-KSJM (Dkt. No. 62).

[5]   *See* Order Granting Plaintiffs' Motion for Prompt Class Certification, C.A. No. 2024-1143-KSJM (Dkt. No. 70).

that the state court action has progressed somewhat further than the federal action. For these reasons, the Court finds that exceptional circumstances exist to warrant abstention under the *Colorado River* doctrine. The Court will therefore stay these proceedings and defer to the parallel proceedings in [the ongoing state court action].

990 F. Supp. 2d at 1379–81.

The court reached the same result in *Sullivan v. Bank of America, N.A.*, a mortgage dispute that had commenced in Florida state court where one party subsequently filed a related suit in federal court. *Sullivan v. Bank of Am., N.A.*, No. 21 Civ. 80828, 2022 WL 19300666, at *4 (S.D. Fla. Jan. 21, 2022). There, Judge Dimitrouleas determined that a stay was appropriate because "the parties in both proceedings are substantially the same;" and that the state and federal cases involved "substantially the same issues." *Id*. at *4.

### 2.   PLAINTIFFS' ANALYSIS MISSTATES THE LAW ON EXCLUSIVE JURISDICTION AND *COLORADO RIVER* ABSTENTION

Plaintiffs assert that their claims are exclusively federal and therefore are not "parallel proceedings" for *Colorado River* purposes. ECF No. 50 at 10. Not so. Federal courts have administratively stayed claims with exclusive federal jurisdiction pending resolution of related state court claims. *See Allied Mach. Serv., Inc. v. Caterpillar, Inc.,* 841 F. Supp. 406, 408–411 (S.D. Fla. 1993) (staying federal antitrust claim); *Spiegel v. Siegel et al.*, No. 06 Civ. 61848, 2008 WL 151951 at *6 (S.D. Fla. Jan. 15, 2008) (in merger fallout action, staying 10(b), 14(a), and 20(a) Securities Exchange Act claims pending resolution of related state court action regarding the same transaction); *Am. Disposal Services, Inc. v. O'Brien,* 839 F.2d 84, 88 (2d Cir. 1988) (upholding district court's dismissal of plaintiff's federal § 1983 action under *Colorado River*); *Lorentzen v. Levelor Corp.,* 754 F. Supp. 987, 993–94 (S.D.N.Y. 1990) (*Colorado River* stay of federal securities fraud claims); *Gabelli v. Sikes Corp.*, No. 90 Civ. 4904, 1990 WL 213119, *5 (S.D.N.Y. Dec. 14, 1990) (staying 10(b) and 14(e) Securities Exchange Act claims and noting that the rule that claims within exclusive federal jurisdiction are not subject to *Colorado River* stay "is not a

6

'monolithic rule subject to no exceptions'") (quoting *Medema v. Medema Builders, Inc.,* 854 F.2d 210, 214 (7th Cir. 1988)).

*Lorentzen v. Levolor Corp.,* 754 F. Supp. 987, 993 (S.D.N.Y. 1990), which has been cited with approval by the Eleventh Circuit, is instructive on this point.[6]  *Lorentzen* dealt with the fallout from a merger agreement by which the defendants acquired ownership of a corporation from the plaintiff and other stockholders. *Id.* at 988.  There, the plaintiff invoked state court jurisdiction and then subsequently brought a federal action on the same facts alleging violations of the Securities Exchange Act. *Id.*  The court thought it particularly compelling that the plaintiff had chosen to file the initial suit in state, rather than federal court; that the same facts gave rise to both the federal and the state claims; and that the state suit had been underway for approximately twenty months when the federal suit was filed. *Id.* at 994.  The court concluded that abstention was justified despite the district court's exclusive jurisdiction over the securities fraud claim. *Id.*[7]

Plaintiffs also mistakenly rely on cases dealing with the ***dismissal*** of an action based on *Colorado River* abstention—a far cry from a temporary, administrative stay pending the resolution of a related court action contemplated by the Court in its August 20, 2025 Order.  For example, Plaintiffs' lead case, *Cottrell v. Duke*, 737 F.3d 1238, 1244 (8th Cir. 2013), an out-of-circuit

---

[6]  *See Lops v. Lops*, 140 F.3d 927, 966, n.50 (11th Cir. 1998) (citing *Lorentzen*, 754 F. Supp. 987); *accord Allied Mach.*, 841 F. Supp. at 409–10 ("This Court finds the decision in *Lorentzen v. Levolor Corporation*, 754 F. Supp. 987 (S.D.N.Y. 1990) particularly persuasive on the question of a federal court abstaining in an area where it has exclusive jurisdiction. Although Lorentzen was decided in a district outside of this Circuit, the facts are substantially similar to those presented by the case at bar.").

[7]  Courts within this district have reached the same result.  *See, e.g.*, *Spiegel*, 2008 WL 151951 at *6 (S.D. Fla. Jan. 15, 2008) (staying 10(b), 14(a), and 20(a) Securities Exchange Act claims pending resolution of related state court action regarding the same merger transaction, which plaintiff-shareholders alleged involved self-dealing on the part of various directors, and misrepresentations that resulted in a significant, unlawful dilution of the former shareholders' stock); *see also Allied Mach.*, 841 F. Supp. at 410 (staying federal action based on resolution of related state court action).

decision, dealt with the ***dismissal*** of a federal court action, where the court found abstention to be inappropriate because "the district court stayed and administratively terminated the Federal proceedings in favor of a substantially similar state-court proceeding ***that will have the realistic effect of precluding any future proceedings in federal court***." *Cottrell*, 737 F.3d at 1244 (emphasis added). That is far from the temporary imposition of a stay pending the resolution of a related class action that has been pending for nearly a year, and where dispositive motions will be fully briefed next week.

Plaintiffs also neglect to discuss the ultimate outcome in *Cottrell*, where the panel held that, based on the district court's discretion under *Colorado River*, "[o]n remand, the district court may impose a more finite and less comprehensive stay, if it concludes that such a stay properly balances the rights of the parties and serves the interests of judicial economy. We leave the determination of that question to the district court's discretion." *Id*. at 1249–50 (internal citation omitted).

Plaintiffs' in-circuit cases fare no better. For example, *Acosta v. James A. Gustino, P.A.*, 478 F. App'x 620 (11th Cir. 2012) (mem.) dealt with a district court's ***dismissal*** of a federal action on *Colorado River* abstention grounds—and there, the Eleventh Circuit noted that Supreme Court precedent dictates that "'the decision to invoke *Colorado River* [to dismiss a case] necessarily ***contemplates that the federal court will have nothing further to do in resolving any substantive part of the case***.'" 478 F. App'x at 622 (emphasis added) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 28 (1983)). But that is not the outcome contemplated by the Court's August 20, 2025 Order. *See* ECF No. 44 (contemplating "a stay of this action pending resolution of the Delaware Class Action"). *Acosta* has no bearing on the imposition of a temporary

administrative stay pending resolution of a related class action that has been actively litigated before the Delaware Court of Chancery  for nearly a year.

Plaintiffs' reliance on *Leisure Founders, Inc. v. CUC Int'l, Inc.*, 833 F. Supp. 1562 (S.D. Fla. 1993) is similarly unavailing, because *Leisure Founders* involved a complaint that had survived a motion to dismiss.  The district court there held that "***because Plaintiffs have sufficiently pled federal claims*** and thereby appropriately invoked the jurisdiction of the federal courts, ***we can discern no proper basis to stay*** further proceedings in this action pending resolution of the [state court rescission] lawsuit." *Leisure Founders*, 833 F. Supp. at 1576 (emphasis added).

### 3.   THE *COLORADO RIVER* FACTORS WEIGH IN FAVOR OF AN ADMINISTRATIVE STAY

Because the cases are parallel, this Court next considers six factors in determining whether abstention is appropriate: "(1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties." *Sini*, 990 F. Supp. 2d at 1376 (citing *Jackson-Platts*, 727 F.3d at 1141).

A district court should apply each factor "in a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses Cone,* 460 U.S. at 21.  Indeed, Eleventh Circuit precedent is clear that "***one factor alone can be the sole motivating reason for the abstention***." *Moorer v. Demopolis Waterworks and Sewer Bd.*, 374 F.3d 994, 997 (11th Cir. 2004) (emphasis added) (citing *Moses Cone,* 460 U.S. at 16) (noting that the desire to avoid piecemeal litigation was the driving force behind abstention in *Colorado River*).

The order in which jurisdiction was obtained tilts the balance in favor of a stay.  "This factor should not be measured exclusively by which action was filed first, but rather in terms of

9

how much progress has been made in the two actions." *Moses Cone*, 460 U.S. at 21.  Courts within this district have found a stay to be warranted where the state court proceeding had been pending for approximately "a year longer than the federal action," *Bosdorf v. Beach*, 79 F. Supp. 2d 1337, 1345 (S.D. Fla. 1999), even where dispositive motions had been filed and adjudicated in both actions.  *Id*. at 1339, 1347 (discussing the dispositive motions filed in state court, and adjudicating the federal motion to dismiss while granting the motion for an administrative stay pending resolution of the state court action).

Courts within the Eleventh Circuit have consistently held that a stay is particularly appropriate where the federal "action is in its infancy, and Defendant has yet to file a response to the Complaint, which 'minimizes any potential prejudice to the Plaintiffs from a stay.'" *Ephraim v. Abbott Lab'ys, Inc.*, 601 F. Supp. 3d 1274, 1275–76 (S.D. Fla. 2022) (quoting *Ali v. 7-Eleven, Inc.*, No. 22 Civ. 20328, 2022 WL 713665, at *2 (S.D. Fla. Mar. 10, 2022)) (brackets omitted).

Similarly, courts within this district have found a stay to be appropriate given "the dispositive nature of the motions [pending] in state court and the commonality in both parties and factual predicate.  The state court, having familiarized itself with the facts, issues and parties in this case . . . is the appropriate arbiter of these questions."  *Mayorga*, 232 F. Supp. 2d at 1327.

Further supporting a stay is the fact that the Delaware Class Action is progressing rapidly. Indeed, the Delaware Court of Chancery granted Plaintiffs' motion for certification of a non-opt out class on August 20, 2025.  *Cf. Myron v. Rodriguez*, No. 06 Civ. 1051, 2008 WL 516753, at *3 (M.D. Fla. Feb. 22, 2008) ("In *Trujillo,* the district court *sua sponte* entered a stay of proceedings, pending resolution of a 'related' case already being litigated in the courts of the Bahamas . . . The circuit court's assessment found the Bahamian case was not progressing rapidly and thus the

[indefinite] stay in the Florida case was indefinite in its scope.") (discussing *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000)).

Contrary to Plaintiffs' assertions, the avoidance of piecemeal litigation also justifies the imposition of a stay here.  As the court held in *Lorentzen*, 754 F. Supp. at 992, "[w]ith respect to the third factor, the avoidance of piecemeal litigation, it is indisputable that both actions are premised on an adjudication of the same underlying facts [regarding the merger agreement] . . . Consequently both the federal and state actions are 'inextricably linked.'" (quoting *General Reinsurance Corp. v. Ciba–Geigy Corp.* 853 F.2d 78, 81 (2d Cir. 1988)).

And, just as in *Lorentzen*, "[a]s plaintiff has already invoked the jurisdiction of the [state] court to adjudicate these facts, the risk of piecemeal litigation by invoking federal jurisdiction at this time is real and should be avoided." 754 F. Supp. at 992; *see also Spiegel*, 2008 WL 151951 at *6 (staying 10(b), 14(a), and 20(a) Securities Exchange Act claims pending resolution of related state court action regarding the same merger transaction, which alleged material misrepresentations in the proxy statement that caused a significant dilution of plaintiff-shareholders stock).

A stay of the Florida Action pending the resolution of the Delaware Class Action serves "'the interests of justice and judicial economy, including avoiding inconsistent results, the duplication of efforts, and the waste of judicial resources.'" *Suite 225, Inc. v. Lantana Ins., Ltd.*, No. 12 Civ. 80409, 2013 WL 12171122, at *2 (S.D. Fla. Jan. 29, 2013) (quoting *MEI, Inc. v. JCM Am. Corp.*, No. 09 Civ. 351, 2009 WL 3335866, at *5 (D. N.J. Oct. 15, 2009)); *Lopez v. Miami-Dade Cty.*, 145 F. Supp. 3d 1206, 1208 (S.D. Fla. 2015) (same); *Snyder v. Green Roads of Fla. LLC*, 430 F. Supp. 3d 1297, 1302 (S.D. Fla. 2020) (granting stay and administratively closing case).

11

A stay is appropriate here because, upon resolution of the Delaware Class Action, the "federal action [will be brought] back before the same federal judge that had previously considered the case . . . [which] protects the rights of all the parties without imposing any additional costs or burdens on the district court." *LaDuke v. Burlington N. R. Co.*, 879 F.2d 1556, 1562 (7th Cir. 1989) (brackets omitted).

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the court temporarily stay the Florida Action pending resolution of the Delaware Class Action.

Respectfully submitted this 3rd day of September, 2025.

/s/  Samuel G. Williamson
Samuel G. Williamson
Florida Bar No. 1033817

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
2601 S Bayshore Drive
Suite 1550
Miami, Florida 33133-5417
(305) 402-4880
samwilliamson@quinnemanuel.com

Andrew J. Rossman (*pro hac vice)*
Courtney C. Whang (*pro hac vice)*
Marielle Paloma Greenblatt (*pro hac vice)*

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
295 Fifth Avenue
New York, NY 10016
(212) 446-4800
andrewrossman@quinnemanuel.com
courtneywhang@quinnemanuel.com
mariellegreenblatt@quinnemanuel.com

12

*Counsel for Defendants KnowBe4, Inc.,
Sjoerd Sjouwerman, and Vista Equity
Partners Management, LLC*

/s/ *Martin B. Goldberg*
_____

Martin B. Goldberg
Florida Bar No. 0827029
Benjamin R. Shiekman
Florida Bar No. 113114
mgoldberg@lashgoldberg.com
bshiekman@lashgoldberg.com
**LASHGOLDBERG**
100 S.E. 2nd Street, Suite 1200
Miami, FL 33131
(305) 347-4040

Colleen Smith *(pro hac vice)*
**LATHAM & WATKINS LLP**
12670 High Bluff Drive
San Diego, California 92130
(858) 523-5400
colleen.smith@lw.com

Stephen Nasko *(pro hac vice)*
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(202) 654-7130
stephen.nasko@lw.com

*Counsel for Defendants Jeremiah Daly,
Elephant Partners, Elephant Partners I,
L.P., Elephant Partners II, L.P.,
Elephant Partners 2019 SPV-A, L.P.,
and Elephant Partners II-B, L.P.*

/s/ *Michael Holecek*
_____

Michael Holecek (Florida Bar No.
1035950)
**GIBSON, DUNN & CRUTCHER
LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197

13

(213) 229-7018
MHolecek@gibsondunn.com

Brian M. Lutz (*pro hac vice*)
Colin Davis (*pro hac vice*)
Jeff Lombard (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER
LLP**
One Embarcadero Center
Suite 2600
San Francisco, California 94111
(415) 393-8200

*Counsel for Defendants KKR & Co. Inc.,
KKR Knowledge Investors L.P., Stephen
Shanley, and Kara Wilson*

_____
  */s/  Derek Colla*

Derek Colla (Florida Bar No. 1048276)
**COOLEY LLP**
350 Lincoln Road
2nd Floor
Miami Beach, FL 33139
(305) 724-0529
dcolla@cooley.com

Koji Fukumura (*pro hac vice*)
Peter Adams (*pro hac vice*)
Heather Speers (*pro hac vice*)
**COOLEY LLP**
10265 Science Center Drive
San Diego, California 92121
(858) 550-6000
kfukumura@cooley.com
padams@cooley.com
hspeers@cooley.com

*Counsel for Defendants Kevin
Klausmeyer, Shrikrishna Venkataraman,
and Gerhard Watzinger*

14