**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-22574-CIV-ALTONAGA/Reid**

In re:

**KNOWBE4, INC.**
**SECURITIES LITIGATION**

_____ /

## SCHEDULING REPORT

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and Rule 16.1(b) of the Local Rules for the United States District Court for the Southern District of Florida, Lead Plaintiffs hereby submit their Discovery Plan and Scheduling Report addressing discovery and other pretrial issues and state as follows:

**I.      INFORMATION REQUIRED UNDER LOCAL RULE 16.1**

**A. Likelihood of Settlement.**

While it is difficult to predict the likelihood of settlement given the early stage of this case, the Lead Plaintiffs agree to explore the possibility of settlement and will promptly notify the Court if a settlement is reached.

**B. Likelihood of Appearance of Additional Parties.**

Lead Plaintiffs are not currently aware of any additional parties required to be added.

**C. Proposed Limits on Time.**

Lead Plaintiffs propose the following schedule.  In accordance with Local Rule 16.1(a)(4), Lead Plaintiffs submit that this case qualifies for the Standard Track.

| Event | Proposed Deadline |
|---|---|
| Deadline for Defendants to file Answers to the Consolidated Amended Complaint | Fourteen days after motion to dismiss ruling (if denied) |
| Deadline for Parties to exchange Rule 26(a)(1) | Twenty-one days after |

| | |
|---|---|
| initial disclosures. | motion to dismiss ruling (if denied). |
| Deadline to select mediator. | Twenty-one days after motion to dismiss ruling (if denied). |
| Deadline for Plaintiffs to file motion for class certification. | Thirty-five days after motion to dismiss ruling (if denied). |
| Deadline for completing class certification discovery.*<br><br>*The Parties are not precluded from engaging in merits discovery during the discovery period for class certification, unless otherwise agreed to or ordered by the Court. | Forty-five days after class certification motion. |
| Deadline to oppose class certification motion | Fifty-two days after class certification motion. |
| Deadline to reply to class certification motion | Eighty-two days after class certification motion |
| Deadline to add parties or amend pleadings. | One hundred twenty days after motion to dismiss ruling (if denied). |
| Deadline for Parties to complete fact discovery. | One hundred fifty days after motion to dismiss ruling |
| Deadline for Parties to exchange expert witness summaries or reports. | One hundred eighty days after motion to dismiss ruling (if denied). |
| Deadline for Parties to exchange rebuttal expert witness summaries or reports. | Two hundred ten days after motion to dismiss ruling (if denied). |
| Deadline for Parties to complete expert discovery. | Two hundred forty days after motion to dismiss ruling (if denied). |
| Deadline for Parties to complete mediation and file a mediation report with the Court. | 90 days before trial. |
| Deadline for Parties to file all pretrial motions, including dispositive motions and *Daubert* motions. | 90 days before trial. |
| Deadline for Parties to file joint pretrial stipulation, proposed jury instructions, proposed verdict form, and motions *in limine*. | 21 days before trial. |
| Calendar Call. | At the Court's convenience. |
| Trial. | Twelve months after motion to dismiss ruling (if denied). |

## D. Proposals for the Formulation and Simplification of Issues.

Lead Plaintiffs will work in good faith to narrow and simplify the issues for trial, including eliminating any claims or defenses lacking in merit.

1

**E.  Necessity or Desirability of Amendments to the Pleadings.**

Lead Plaintiffs are not currently aware of any need to amend pleadings but reserve their right to amend in accordance with this Court's orders and the Federal Rules of Civil Procedure.

**F.  Possibility of Obtaining Admissions of Facts and Documents.**

Lead Plaintiffs agree to work in good faith to obtain admissions and stipulations that will serve to limit the issues in dispute and reduce the time needed to conduct a trial.

**G.  Avoidance of Unnecessary Proof and of Cumulative Evidence.**

Lead Plaintiffs will work in good faith to eliminate unnecessary proof and cumulative evidence at trial.

**H.  Referral of Matters to Magistrate Judge.**

Lead Plaintiffs do not consent to the referral of dispositive motions, class certification, or trial to the Magistrate Judge.  However, Lead Plaintiffs believe that the Court's usual practice with respect to referring discovery matters to the Magistrate Judge is appropriate.

**I.  Preliminary Estimate of Time for Trial.**

Lead Plaintiffs estimate that trial will take approximately ten to fifteen trial days.

**J.  Pretrial Conference and Trial Dates.**

Lead Plaintiffs request that the Court set proposed pre-trial and trial dates to correspond with the schedule proposed in paragraph C above.

**K.  Any Issues Regarding Discovery of Electronically Stored Information or Claims of Privilege or of Protection.**

Lead Plaintiffs have no issues to present to the Court at this time with respect to the discovery matters enumerated by Local Rule 16.1(b)(2)(K). Lead Plaintiffs anticipate filing with the Court a confidentiality order and an ESI protocol.

**L. Other Information Helpful to the Court.**

Lead Plaintiffs are unaware of any additional information that would aid the Court in the fair and expeditious administration and disposition of this case at this time.

**II.  INFORMATION REQUIRED UNDER RULE 26(F)**

**A. Changes in Timing, Form or Requirements Under Ruler 26(a) of the Federal Rules of Civil Procedure, including a statement of when initial disclosures will be made.**

Lead Plaintiffs agree and stipulate to exchange Rule 26(a)(1) Initial Disclosures by no later than twenty-one days following a motion to dismiss ruling to the extent the motion is denied.

**B. Subjects on Which Discovery May Be Needed, When Discovery Should be Completed, and How Discovery Should be Conducted.**

Lead Plaintiffs anticipate taking discovery related to the allegations, affirmative defenses, and claims of the Parties, including issues related to the class allegations. Discovery will be conducted pursuant to the Private Securities Litigation Reform Act, Federal Rules of Civil Procedure, and the Local Rules for the Southern District of Florida.

**C. Any Issues Relating to Disclosure or Discovery of Electronically Stored Information (ESI), Including the Form or Forms in Which it Should Be Produced.**

Lead Plaintiffs have taken appropriate steps to preserve ESI. Lead Plaintiffs will negotiate an ESI protocol and agree to cooperate to address any such issues in the event that they arise.

**D. Any Issues Relating to Claims of Privilege or of Protection as Trial Preparation Material.**

At this time, Lead Plaintiffs are not aware of any issues that need to be raised with the Court regarding attorney-client privilege or protection of work product.

**E. Whether Changes Should be Made to Limitations on Discovery.**

Lead Plaintiffs propose expanding the number of depositions to up to 20 per side.

**F. Other Orders that Should be Entered by the Court Pursuant to Rule 26(c) or Rules 16(b) and (c).**

In accordance with Local Rule 16.1(b)(3), Lead Plaintiffs have submitted a proposed scheduling order for the Court's consideration. At the appropriate time, Lead Plaintiffs will negotiate and submit a confidentiality order.

Dated: October 7, 2025                                  Respectfully submitted,

| | |
|---|---|
| */s/ Benjamin J. Widlanski*<br>**KOZYAK TROPIN &**<br>**THROCKMORTON LLP**<br>Benjamin J. Widlanski (Fla. Bar # 1010644)<br>Brandon M. Sadowsky (Fla. Bar # 1052643)<br>2525 Ponce de Leon Blvd., 9th Floor<br>Coral Gables, Florida 33134<br>Tel.: (305) 372-1800<br>bwidlanski@kttlaw.com<br><br>*Liaison Counsel for Lead Plaintiff*<br><br>Vincent R. Cappucci (*pro hac vice*)<br>Robert N. Cappucci (*pro hac vice*)<br>Brendan J. Brodeur (*pro hac vice*)<br>Andrew M. Sher (*pro hac vice*)<br>**ENTWISTLE & CAPPUCCI LLP**<br>230 Park Avenue, 3rd Floor<br>New York, NY 10169<br>Tel.: (212) 894-7200<br>vcappucci@entwistle-law.com<br>rcappucci@entwistle-law.com<br>bbrodeur@entwistle-law.com<br>asher@entwistle-law.com<br><br>Andrew J. Entwistle (*pro hac vice*)<br>500 West Second Street<br>Floor 19, Suite 16<br>Austin, Texas 78701<br>Telephone:  (512) 710-5960<br>aentwistle@entwistle-law.com<br><br>Adam Warden (Fla. Bar # 0873691) | |

4

| Jonathan Lamet (Fla. Bar # 0106059)<br>**SAXENA WHITE P.A.**<br>7777 Glades Road, Suite 300<br>Boca Raton, FL 33434<br>Tel.: (561) 394-3399<br>awarden@saxenawhite.com<br>jlamet@saxenawhite.com<br><br>*Co-Lead Counsel for Lead Plaintiff* | |