**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-CIV-22574/ALTONAGA/Reid**

In re:

**KNOWBE4, INC.**
**SECURITIES LITIGATION**

_________________________________/

**DEFENDANTS' MOTION FOR CLARIFICATION, OR IN**
**THE ALTERNATIVE, MODIFICATION, OF THE SCHEDULING ORDER**

Defendants respectfully move for clarification of an ambiguity in, or in the alternative, a modest modification of, the Court's January 23, 2026 Scheduling Order [ECF No. 108]. Specifically, Defendants request that the Court clarify that Plaintiffs are required to serve any expert opinion they rely on in support of their class certification motion—which was served yesterday with no supporting report—immediately, so that Defendants have a full and fair opportunity to challenge Plaintiffs' class certification theories in discovery. This will prevent procedural gamesmanship, and promote both efficiency and the Federal Rules' policy of liberal disclosure.

The Court's Scheduling Order required Plaintiffs to serve, but not file, their motion for class certification on January 27, 2026 (ECF No. 108 at 1). In advance of that deadline, Defendants wrote to Plaintiffs to confirm that to the extent they intend to rely on any expert opinion in their motion for class certification, that opinion needed to be served with the motion. Plaintiffs refused, despite confirming by email that they ***do*** intend to rely on expert testimony to support the motion. Instead, Plaintiffs served their motion for class certification without any corresponding expert report, but added a footnote stating that they "expect to, and explicitly reserve their right to, update

and ***supplement*** their ***proposed*** incorporated memorandum of law prior to filing." (emphases added). The Court's Scheduling Order expressly requires Plaintiffs to serve "their ***motion***" for class certification, not a proposed or preliminary motion. (ECF No. 108 at 1). Critically, the Court's Scheduling Order does not allow Plaintiffs to ***supplement*** their motion at the end of the class certification discovery period. Plaintiffs' unilateral modification of the Court's Order to allow "***supplementation***" of their motion for class certification ensures that Defendants will be unable to meaningfully oppose class certification.

Plaintiffs brought this putative class action over half a year ago, presumably ready to put forth any expert opinion necessary to meet their Rule 23 burden. Indeed, the Parties' Joint Scheduling Report submission reflected that Plaintiffs stood ready to serve any expert report relied upon in their motion for class certification along with the motion (as Plaintiffs are required to do in other securities cases). Plaintiffs, however, now invoke the Court's entered-Scheduling Order, which sets opening expert reports for March 26, to deviate from this procedure. This deviation, however, precludes Defendants from adequately preparing any rebuttal opinion and opposing Plaintiffs' motion for class certification. Defendants should have a full and fair opportunity to challenge those theories during the class-certification discovery period.

Indeed, this Court has previously required service of expert reports ***before*** service of class certification motions in securities cases. *See, e.g.*, *In re Jan. 2021 Short Squeeze Trading Litig.*, No. 21-02989-MDL, ECF No. 517 at 2 (S.D. Fla. Oct. 11, 2022) (Altonaga, C.J.). Other courts have done the same, or required simultaneous disclosure. *See, e.g.*, *Skrandel v. Costco Wholesale Corp.*, 21 Civ. 80826-RKA (S.D. Fla. Aug. 19, 2021) (Altman, J.), ECF No. 31 at 1 (requiring Plaintiff to simultaneously "file his motion for class certification and disclose his class certification expert(s) and report(s)"); *In re Generic Pharms. Pricing Antitrust Litig.*, 2019 WL 8106511, at *4

(E.D. Pa. Oct. 24, 2019) ("Motions for class certification … shall be filed by October 7, 2020. Plaintiffs … shall simultaneously serve expert reports on which they rely for class certification."); *Thomas v. Peterson's Harley Davidson of Miami, L.L.C.*, 18 Civ. 61723 (S.D. Fla. Dec. 21, 2018), ECF No. 25 at 1–2 (requiring parties to submit expert witness summaries and disclosures ***before*** Plaintiffs file motion for class certification).

This approach comports with both the Court's prior scheduling orders in securities class actions and with the liberal disclosure policies reflected in the Federal Rules. *See Odom v. Roberts*, 337 F.R.D. 359, 362 (N.D. Fla. 2020) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. … Rules favoring broad discovery help 'make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'" (citations omitted)). Especially in a case as large as this one, the case's progress should not be slowed down by needless games of "discovery 'hide-and-seek.'" *Procaps S.A. v. Patheon*, 2014 WL 11498060, at *41 (S.D. Fla. Dec. 1, 2014).

Accordingly, Defendants respectfully request that the Court clarify or modify the Scheduling Order to:

- Require Plaintiffs to serve a full and final class certification motion with all exhibits, including any expert reports they will rely on by January 29, 2026;
- Likewise, require Defendants to serve any expert reports they will rely on in opposition to class certification with their opposition brief;
- Find that absent disclosure by this deadline, any expert reports the parties attempt to rely on in their class certification motion, or opposition, will be excluded. *See* Fed. R. Civ. P. 37(c).

**LOCAL RULE 7.1 CERTIFICATE OF CONFERRAL**

On January 27, 2026, undersigned counsel for the Defendants conferred with counsel for Plaintiffs via email about the relief requested herein but was unable to reach agreement.

Respectfully submitted this 28th day of January, 2026.

*/s/ David A. Nabors*

Samuel G. Williamson
Florida Bar No. 1033817
David A. Nabors
Florida Bar No. 1024722
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
2601 S Bayshore Drive
Suite 1550
Miami, Florida 33133-5417
(305) 402-4880
samwilliamson@quinnemanuel.com
davidnabors@quinnemanuel.com

Andrew J. Rossman (*pro hac vice)*
Courtney C. Whang (*pro hac vice)*
Marielle Paloma Greenblatt (*pro hac vice)*

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
295 Fifth Avenue
New York, NY 10016
(212) 446-4800
andrewrossman@quinnemanuel.com
courtneywhang@quinnemanuel.com
mariellegreenblatt@quinnemanuel.com

*Counsel for Defendants KnowBe4, Inc., Sjoerd Sjouwerman, and Vista Equity Partners Management, LLC*

*/s/ Martin B. Goldberg*

Martin B. Goldberg

Florida Bar No. 0827029
Benjamin R. Shiekman
Florida Bar No. 113114
mgoldberg@lashgoldberg.com
bshiekman@lashgoldberg.com
**LASHGOLDBERG**
100 S.E. 2nd Street, Suite 1200
Miami, FL 33131
(305) 347-4040

Colleen Smith *(pro hac vice)*
**LATHAM & WATKINS LLP**
12670 High Bluff Drive
San Diego, California 92130
(858) 523-5400
colleen.smith@lw.com

Stephen Nasko *(pro hac vice)*
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(202) 654-7130
stephen.nasko@lw.com

*Counsel for Defendants Jeremiah Daly, Elephant Partners, Elephant Partners I, L.P., Elephant Partners II, L.P., Elephant Partners 2019 SPV-A, L.P., and Elephant Partners II-B, L.P.*

*/s/ Michael Holecek*

Michael Holecek (Florida Bar No. 1035950)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7018
MHolecek@gibsondunn.com

Brian M. Lutz (*pro hac vice*)
Colin Davis *(pro hac vice)*
Jeff Lombard *(pro hac vice)*
**GIBSON, DUNN & CRUTCHER LLP**

One Embarcadero Center
Suite 2600
San Francisco, California 94111
(415) 393-8200

*Counsel for Defendants KKR & Co. Inc., KKR Knowledge Investors L.P., Stephen Shanley, and Kara Wilson*

*/s/ Adam M. Schachter*

Adam M. Schachter (Florida Bar No. 647101)
Joan Silverstein (Florida Bar No. 997330)
**GELBER SCHACHTER & GREENBERG, P.A.**
One Southeast Third Avenue
Suite 2600
Miami, Florida 33131
(305) 728-0950
aschachter@gsgpa.com
jsilverstein@gsgpa.com

Koji Fukumura (*pro hac vice)*
Peter Adams (*pro hac vice)*
Heather Speers (*pro hac vice)*
**COOLEY LLP**
10265 Science Center Drive
San Diego, California 92121
(858) 550-6000
kfukumura@cooley.com
padams@cooley.com
hspeers@cooley.com

*Counsel for Defendants Kevin Klausmeyer, Shrikrishna Venkataraman, and Gerhard Watzinger*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of January, 2026, a true and correct copy of the foregoing document was electronically transmitted to all counsel of record via the CM/ECF system.

By: *__/s/ David A. Nabors__*
David A. Nabors
Florida Bar No. 1024722
davidnabors@quinnemanuel.com