**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-22574-ALTONAGA/Reid**

In re:

**KNOWBE4, INC.**
**SECURITIES LITIGATION**

_____

**DEFENDANTS KKR KNOWLEDGE INVESTORS, L.P., KKR & CO. INC., ELEPHANT PARTNERS, ELEPHANT PARTNERS I, L.P., ELEPHANT PARTNERS II, L.P., ELEPHANT PARTNERS 2019 SPV-A, L.P., AND ELEPHANT PARTNERS II-B, L.P.'S MOTION FOR RECONSIDERATION OF THE ORDER ON THE MOTION TO <u>DISMISS</u>**

## INTRODUCTION[1]

Defendants KKR Knowledge Investors, L.P. and KKR & Co. Inc. (collectively, "KKR"), and Elephant Partners, Elephant Partners I, L.P., Elephant Partners II, L.P., Elephant Partners 2019 SPV-A, L.P. and Elephant Partners II-B, L.P. (collectively, "Elephant Partners") respectfully move for reconsideration of the Court's December 23, 2025 Order, granting in part and denying in part Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint ("ACAC"). In their briefing on the Motion to Dismiss, Defendants argued that Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") imposes liability only on the "maker" of an alleged misstatement, meaning the person or entity with ultimate authority over its content and dissemination. ECF No. 79 at 23 ("Motion to Dismiss"); ECF No. 99 at 14–15 ("Reply"); *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011). As Defendants explained, Plaintiffs have not plausibly alleged that any Defendant other than KnowBe4, Inc. or Sjoerd Sjouwerman "made" any challenged statement as required under *Janus*. The Court nevertheless sustained Plaintiffs' Section 10(b) claim against KKR and Elephant Partners without determining whether these Defendants "made" the challenged statements. Reconsideration of this threshold issue of liability under both Exchange Act claims is necessary to correct clear error and prevent manifest injustice.

## BACKGROUND

On June 5, 2025, Plaintiff Water Island Event Driven Fund filed this action, alleging that KnowBe4, Mr. Sjouwerman, Jeremiah Daly, Ms. Wilson, Mr. Shanley, Shrikrishna Venkataraman, Kevin Klausmeyer, Gerhard Watzinger, KKR & Co. Inc., KKR Knowledge Investors, L.P., Elephant Partners, and Vista Equity Partners Management, LLC (collectively, "Defendants") violated the federal securities laws in connection with KnowBe4's 2023 going-private transaction (the "Merger"). ECF No. 1. On August 29, 2025, the Court appointed Water Island Event-Driven Fund, The Arbitrage Fund, AltShares Merger Arbitrage ETF, and the Hilary L. Shane Revocable Trust as Lead Plaintiffs. ECF No. 51.

---

[1] Unless separately defined herein, this motion incorporates defined terms used in the Court's Order (ECF No. 100) (the "Order"). Citations to page numbers refer to the page numbers generated by the Court's CM/ECF docketing system.

Plaintiffs filed the operative ACAC on September 23, 2025. ECF No. 70. Plaintiffs assert three causes of action: (1) violation of Section 14(a) of the Exchange Act and Rule 14a-9 against all Defendants (Count I); (2) violation of Section 10(b) of the Exchange Act and Rule 10b-5 against all Defendants (Count II); and (3) violation of Section 20(a) of the Exchange Act against Vista, KKR, Elephant Partners, and seven "Director Defendants" (Count III). *Id.* ¶¶ 204–35. In Counts I and II, Plaintiffs challenge four categories of public statements, primarily in KnowBe4's December 22, 2022 definitive proxy statement on Schedule 14A (the "Proxy"), about the Merger. *Id.* ¶¶ 204–14. In each case, Plaintiffs contend that Defendants failed to disclose certain "facts" that allegedly rendered the challenged statements materially false or misleading when made. *Id.* ¶¶ 7, 206.

Defendants filed a combined Motion to Dismiss on October 7, 2025, arguing, among other things, that Plaintiffs failed to allege that any Defendant other than KnowBe4 and Mr. Sjouwerman "made" the challenged statements. Motion to Dismiss at 23. In their opposition, Plaintiffs argued that "express attribution" within the challenged statements is sufficient to render all the Defendants "makers" of statements under *Janus*. ECF No. 96 at 23–24. In their reply, Defendants argued that Plaintiffs had mischaracterized the case law under *Janus*. Reply at 14–15.

On December 23, 2025, the Court issued its Order granting the Motion to Dismiss in part. ECF No. 100. As relevant here, the Order dismissed the Section 10(b) claim against KnowBe4, Ms. Wilson, and Mr. Shanley for failure to plead scienter, but sustained the claim against KKR, Vista, Elephant Partners, and Mr. Sjouwerman, based on two categories of alleged omissions. *Id.* at 22, 24. The Order did not address the *Janus* arguments Defendants raised in their Motion to Dismiss briefing.

## LEGAL STANDARD

**Motion for Reconsideration.** Under Federal Rule of Civil Procedure 54(b), this Court has broad discretion "to reconsider, revise, alter or amend" its interlocutory orders. *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000). "A movant will generally meet this burden where he shows '(1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or prevent manifest injustice.'" *Asokan v. Am. Gen. Life Ins. Co.*, 302 F. Supp. 3d 1303, 1310 (M.D. Fla. 2017) (citation omitted). A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has

made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (internal citation omitted); *id.* at *2–3 (granting motion for reconsideration where court "failed to consider [plaintiff's] displacement argument").

*Janus.*   Under the Supreme Court's decision in *Janus*, "the maker of a statement is the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it." *Janus*, 564 U.S. at 142.  "Without such authority, it is not 'necessary or inevitable' that any falsehood will be contained in the statement," as someone higher up can prevent the statement from being made.  *Id*. at 144.  In contrast, one who "prepares or publishes a statement on behalf of another is not its maker." *In re Galectin Therapeutics, Inc. Secs. Litig.*, 843 F.3d 1257, 1272 (11th Cir. 2016) (quoting *Janus*, 564 U.S. at 142).  This is because, "[w]ithout control, a person or entity can merely suggest what to say, not 'make' a statement in its own right." *Janus*, 564 U.S. at 142.

## ARGUMENT

*Janus* imposes a clear and demanding requirement:  only the person or entity with "ultimate authority" over a statement's content and its dissemination can be held liable as its "maker." *Janus*, 564 U.S. at 142–44.

As Defendants argued in their Motion to Dismiss briefing, the ACAC flunks this threshold requirement.  Motion to Dismiss at 23; Reply at 14–15.  Plaintiffs do not allege that KKR or Elephant Partners authored the Proxy or KnowBe4's October 12, 2022 Merger Press Release—the documents containing the alleged misstatements that the Court held survived dismissal in the Order.  *See* ACAC ¶¶ 114, 121–22, 125, 136.  They further fail to allege that KKR or Elephant Partners controlled the language of those disclosures, decided whether or how they would be communicated, or otherwise exercised any authority over them.  *Id.*

Instead, Plaintiffs allege only that KKR and Elephant Partners were "Purchaser Filing Part[ies]" in the Proxy, allowed their names to be used in solicitation materials, and jointly filed the mandatory Schedule 13E-3 with other transaction parties.  ACAC ¶¶ 41, 46, 220–22.  Those allegations do not establish "ultimate authority" over the disclosures under *Janus* because even one who "prepares or publishes a statement on behalf of another is not its maker."  Motion to Dismiss at 23; Reply at 14–15; *Galectin*, 843 F.3d at 1272 (quoting *Janus*, 564 U.S. at 142); *see A&M Mgmt. Inc. v. Deme*, 2019 WL 7344795, at *3 (S.D. Fla. Mar. 14, 2019) (rejecting argument that defendants are liable as makers because they "endorsed" misleading statements as

"meritless").   Here, the persons or entities with ultimate authority over the Proxy are the "Registrant" of the filing and its signatory:  KnowBe4 and its CEO, Mr. Sjouwerman.  *See* ECF No. 80-1 at 3–7; *N. Port Firefighters' Pension–Loc. Option Plan v. Temple-Inland, Inc.*, 936 F. Supp. 2d 722, 741 (N.D. Tex. 2013) (quoting *Janus*, 564 U.S. at 147) ("In the context of a public SEC filing, the entity that 'bears the statutory obligation to file' and that the SEC has recorded as filing the document ordinarily 'makes' the statements."); *In re Smith Barney Transfer Agent Litig.*, 884 F. Supp. 2d 152, 164 (S.D.N.Y. 2012) (holding that a "corporate officer who signs disclosure documents 'makes' the statements in those documents").

The Schedule 13E-3—the only document actually filed by KKR and Elephant Partners— states that "the information concerning [KnowBe4] contained in, or incorporated by reference into, this Schedule 13E-3 and the Proxy Statement was supplied by [KnowBe4]," while "all information concerning each other Filing Person … was supplied by such Filing Person."  ECF No. 80-3 at 5; Motion to Dismiss at 18–19.  KKR and Elephant Partners did not transform into speakers under *Janus* by participating in a mandatory joint Schedule 13E-3 filing that incorporated the Proxy by reference.   Incorporation by reference cannot retroactively confer authorship or "ultimate authority" over statements in the Proxy that neither KKR nor Elephant Partners is alleged to have controlled.  *Cf. Janus*, 564 U.S. at 142–43 ("[A]ttribution within a statement or implicit from surrounding circumstances is strong evidence that a statement was made by—*and only by*—the party to whom it is attributed.") (emphasis added).  To nonetheless find that KKR or Elephant Partners "made" the statements authored by KnowBe4 in the Proxy constitutes clear error under *Janus*.

The Order does not cite or mention the "maker" requirement or *Janus*.  Although the Order notes that *Defendants* (*i.e.*, as a group) "triggered a duty to disclose" additional facts "by choosing to speak" in the Proxy about rollover discussions, Order at 23–24, nothing in the Order or the ACAC suggests that KKR or Elephant Partners specifically "chose" to speak or that they had "ultimate authority" over any statements in KnowBe4's Proxy or Merger press release.  Because the Order did not decide whether Plaintiffs adequately alleged that KKR or Elephant Partners were makers of the challenged statements under Section 10(b), reconsideration is warranted.  *See Kapila*, 2017 WL 3638199, at \*2-3 (granting motion for reconsideration where court "failed to consider [plaintiff's] displacement argument"); *Asokan*, 302 F. Supp. 3d at 1312 (granting motion for reconsideration of order on motion to dismiss "upon reexamination" of allegations).

## CONCLUSION AND REQUEST FOR ORAL ARGUMENT

For the foregoing reasons, KKR and Elephant Partners respectfully ask the Court to reconsider the Order to determine that Plaintiffs' ACAC does not state a claim under Section 10(b) (Count II) as to KKR and Elephant Partners.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Prior to filing this Motion, counsel for Defendants KKR Knowledge Investors L.P., KKR & Co. Inc., Elephant Partners, Defendants Elephant Partners I, L.P., Elephant Partners II, L.P., Elephant Partners 2019 SPV-A, L.P. and Elephant Partners II-B, L.P. conferred with Plaintiffs' counsel and are authorized to represent to the Court that Plaintiffs oppose the requested relief.

January 30, 2026

Respectfully submitted,

/s/ Michael Holecek

Michael Holecek
Florida Bar No. 1035950
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7018
MHolecek@gibsondunn.com

Brian M. Lutz (*pro hac vice*)
Colin Davis (*pro hac vice*)
Jeff Lombard (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center
Suite 2600
San Francisco, California 94111
(415) 393-8200

*Counsel for Defendants KKR & Co. Inc., KKR Knowledge Investors L.P., Stephen Shanley, and Kara Wilson*

Martin B. Goldberg
Florida Bar No. 0827029
Benjamin R. Shiekman
Florida Bar No. 113114

5

**LASHGOLDBERG**
100 S.E. 2nd Street, Suite 1200
Miami, FL 33131
(305) 347-4040
mgoldberg@lashgoldberg.com
bshiekman@lashgoldberg.com

Colleen Smith (*pro hac vice*)
**LATHAM & WATKINS LLP**
12670 High Bluff Drive
San Diego, California 92130
(858) 523-5400
colleen.smith@lw.com

Jordan Cook (*pro hac vice forthcoming*)
**LATHAM & WATKINS LLP**
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626
(714) 755-8238
jordan.cook@lw.com

Stephen Nasko (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(202) 654-7130
stephen.nasko@lw.com

*Counsel for Defendants Jeremiah Daly, Elephant Partners, Elephant Partners I, L.P., Elephant Partners II, L.P., Elephant Partners 2019 SPV-A, L.P., and Elephant Partners II-B, L.P.*

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this January 30, a true and correct copy of the foregoing

document was electronically transmitted to all counsel of record via the CM/ECF system.


By: */s/ Michael Holecek*
Michael Holecek
Florida Bar No. 1035950
MHolecek@gibsondunn.com

7