**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-22574-CIV-ALTONAGA/Reid**

In re:

**KNOWBE4, INC.**
**SECURITIES LITIGATION**

_____/

## ORDER

**THIS CAUSE** came before the Court on Defendants'[1] Motion for Clarification, or in the Alternative, Modification of the Scheduling Order [ECF No. 109], filed on January 28, 2026.  Lead Plaintiffs[2] filed a Response [ECF No. 110] the same day.  For the reasons stated below, the Motion is denied.

On January 21, 2026, the parties submitted a Joint Scheduling Report [ECF No. 107].  The parties requested, among other deadlines, that Plaintiffs' class certification motion be filed by January 27, 2026 and that the parties engage in class certification discovery through April 23, 2026.  (*See id.* 2).[3]  After reviewing the parties' proposal, the Court issued a Scheduling Order [ECF No. 108] on January 23, 2026, with a slight modification: it requires Plaintiffs to provide opposing counsel — *but not file* — their motion for class certification by January 27, 2026.  (*See*

---

[1] Defendants are Shrikrishna Venkataraman, Kevin Klausmeyer, Gerhard Watzinger (collectively, "Special Committee Defendants"); Sjoerd Sjouwerman, Jeremiah Daly, Stephen Shanley, Kara Wilson (collectively, "Board Defendants" and together with the Special Committee Defendants, "Individual Defendants"); KKR & Co. Inc., KKR Knowledge Investors L.P. (collectively, "KKR"); Elephant Partners, Elephant Partners I, L.P., Elephant Partners II, L.P., Elephant Partners 2019 SPV-A, L.P., Elephant Partners II-B, L.P. (collectively, "Elephant Partners"); Vista Equity Partners Management, LLC ("Vista"), and KnowBe4.

[2] Lead Plaintiffs ("Plaintiffs") are Water Island Event-Driven Fund, AltShares Event-Driven ETF, The Arbitrage Fund, and Hilary L. Shane Revocable Trust.

[3] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

*id.* 1).  The Order also requires all expert reports on issues of class certification to be exchanged by April 9, 2026, and for the parties to complete class certification discovery by April 23, 2026. (*See id.* 1–2).  Plaintiffs are then to file their motion for class certification by May 1, 2026.  (*See id.* 2).

Defendants now seek clarification or modification of the Court's Scheduling Order.  (*See generally* Mot.).  Defendants ask the Court to require Plaintiffs "to serve any expert opinion they rely on in support of their class certification motion . . . immediately, so that Defendants have a full and fair opportunity to challenge Plaintiffs' class certification theories in discovery."  (Mot. 1 (alteration added)).

The Court sees no reason to disturb the Scheduling Order.  Defendants point to a similar scheduling order the Court entered in *In re Jan. 2021 Short Squeeze Trading Litig.*, No. 21-02989, Scheduling Order [ECF No. 517] filed October 11, 2022 (S.D. Fla. 2026), to support their argument that service of expert reports should be provided "before service of class certification motions in securities cases" (Mot. 2 (emphasis omitted)).  Notably, that scheduling order did not require plaintiffs to file their motion for class action certification *before* the parties engaged in discovery, *like the parties requested here*.  (*See* Joint Scheduling Report 2).  The Order does not require Plaintiffs' class certification motion be in final form when first provided to opposing counsel and affords the parties ample time to engage in discovery and brief the issues.  (*See generally* Scheduling Order).  Defendants will have over a month from the parties' deadline to exchange expert witness summaries or reports to prepare a response to the class certification motion — and Defendants have already previewed what Plaintiffs intend to argue.  (*See id.*; *see also* Mot. 1–2 (confirming Plaintiffs served their motion for class certification)).

CASE NO. 25-22574-CIV-ALTONAGA/Reid

In sum, the Scheduling Order allows to parties to engage in meaningful and substantial discovery on the issue of class certification, and the Court sees no reason to modify the schedule.

Accordingly, it is

**ORDERED** that Defendants' Motion for Clarification, or in the Alternative, Modification, of the Scheduling Order **[ECF No. 109]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 29th day of January, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

3