**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:25-cv-22574-ALTONAGA/REID**

In re:

**KNOWBE4, INC.
SECURITIES LITIGATION**

_____/

**DEFENDANT VISTA EQUITY PARTNERS MANAGEMENT, LLC'S JOINDER IN
DEFENDANT KKR KNOWLEDGE INVESTORS L.P. AND KKR & CO. INC.'S
<u>MOTION FOR PARTIAL RECONSIDERATION OF THE ORDER ON THE MOTION
TO DISMISS</u>**

Pursuant to Rule 54(b) and the inherent authority of the Court, Defendant Vista Equity Partners Management, LLC ("Vista") joins in Defendant KKR Knowledge Investors L.P. and KKR & Co. Inc. (collectively, "KKR")'s Motion for Partial Reconsideration of the Court's December 23, 2025 Order (ECF No. 100 ("Order") and submits this brief joinder in support of the Motion.

## ARGUMENT

Vista respectfully submits this joinder in support of KKR's motion for partial reconsideration of the Court's December 23, 2025 Order to the extent it held that Vista, *the Buyer*, can be held liable for the statements of its counterparty, *the Seller*, regarding either (1) the "fairness" of the Merger or (2) the potential rollover amount of KKR, a KnowBe4 investor. Because Plaintiffs failed to adequately establish that Vista was a "maker" of either statement, Plaintiffs' Section 10(b) claim against Vista must be dismissed.

Plaintiffs admit that Vista was the Buyer.  Dkt. 70 ¶¶ 103, 147-49.  While Vista was also a minority  holder of approximately 10% of KnowBe4 common stock (*id*. ¶ 58), in the context of the alleged misstatements, Vista was KnowBe4's *counterparty*.  Supreme Court and Eleventh Circuit precedent require dismissal at the pleading stage where, as here, a plaintiff fails to "plead sufficient facts to support an inference that the defendant had the *power and authority to control the content* and issuance of the statement."  *Sec. & Exch. Comm'n v. Complete Bus. Sols. Grp., Inc.*, 538 F. Supp. 3d 1309, 1338 (S.D. Fla. 2021) (emphasis added); *cf. U.S. Sec. & Exch. Comm'n v. Spartan Sec. Grp., Ltd.*, No. 22-13129, 2026 WL 125790, at *14 (11th Cir. Jan. 16, 2026) ("[S]peaking without attributing suggests that the statement's speaker is the statement's maker.") (citing *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011) ("One 'makes' a statement by stating it.")).  Because there are no particularized facts that Vista had the power and *ultimate authority* to control its *transacting counterparty's* statements regarding either category of statements that the Court found to be actionable, Vista cannot be held liable as a "maker" under Section 10(b).  *Janus*, 564 U.S. 135 at 142.

It is axiomatic that Vista cannot be held liable for the statements of its transacting counterparty absent evidence that Vista had "ultimate authority" over its counterparty's relevant statements.  *In re Cannavest Corp. Sec. Litig.*, 307 F. Supp. 3d 222, 243 (S.D.N.Y. 2018).  *In re Cannavest* is instructive.  There, the district court held that a defendant who was a *significant stockholder* in a defendant company and who *"provided the financing for the acquisition"* of the

company nonetheless could not be held liable as a "maker" under *Janus* because, "[e]ven assuming *arguendo* that [the investor] had influence or the power to 'suggest what to say,' given that he financed [the] acquisition of CannaVest, owned 7.1% of CannaVest's stock, and was a consultant to CannaVest—[the investor] did not have 'ultimate authority' over the Company's SEC filings and press releases, because he was neither a director nor a corporate officer of CannaVest." 307 F. Supp. 3d at 243 (quoting *Janus,* 564 U.S. at 142) (internal citation omitted). The Court accordingly dismissed the Section 10(b) claim as to the investor under *Janus*. The Court should reach the same result here. Just as in *Cannavest*, Plaintiffs do not (and cannot) plead any facts indicating that Vista had "ultimate authority" over KnowBe4's statements regarding KKR's rollover amount *or* the merger's overall fairness.[1]

Plaintiffs have simply presented no evidence that Vista possessed ultimate authority over KnowBe4's relevant filings. They do not. And the Court soundly rejected Plaintiffs' outlandish theories alleging a "supposed vote manipulation scheme," and "a series of undisclosed conflicts of interest" which purportedly involved Vista. Order at 13, 30. Plaintiffs have presented no evidence that Vista was the "maker" of its transacting counterparty's statements about the merger or KKR's rollover amount—the sole categories of statements that the Court allowed to proceed in its Order.

## CONCLUSION

Vista respectfully requests that the Court reconsider its Order to correct clear error and prevent manifest injustice. Because Plaintiffs fail to plead a plausible theory of "maker" liability under Section 10(b), the Court should dismiss that claim as to Defendant Vista.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Pursuant to Local Rule 7.1.(a)(3), I hereby certify that counsel for the movant has conferred with counsel for Plaintiffs on January 29, 2026, and counsel for Plaintiffs opposes the requested relief herein.

Date: January 30, 2026

/s/ Samuel G. Williamson

---

[1] For the same reasons, Vista cannot be held liable for Plaintiffs' Section 14(a) claims as the **counterparty** to the transaction that—as a potential buyer—necessarily had no insight into either Morgan Stanley's fairness opinions nor KKR's potential rollover amount. Vista's status as a **minority shareholder** does not alter that conclusion.

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Samuel G. Williamson
Florida Bar No. 1033817
David A. Nabors
Florida Bar No. 1024722
2601 S Bayshore Drive
Suite 1550
Miami, Florida 33133-5417
(305) 402-4880
samwilliamson@quinnemanuel.com
davidnabors@quinnemanuel.com

Andrew J. Rossman (*pro hac vice*)
Courtney C. Whang (*pro hac vice*)
Marielle Paloma Greenblatt (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
295 Fifth Avenue
New York, NY 10016
(212) 446-4800
andrewrossman@quinnemanuel.com
courtneywhang@quinnemanuel.com
mariellegreenblatt@quinnemanuel.com

*Counsel for Defendants Vista Equity Partners Management, LLC*