**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:25-cv-22574-ALTONAGA/REID**

In re:

**KNOWBE4, INC.**
**SECURITIES LITIGATION**

_____/

### ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF PROXY AND ANTI-FRAUD PROVISIONS OF <u>THE FEDERAL SECURITIES LAWS</u>

Defendants Kevin Klausmeyer, Shrikrishna Venkataraman, and Gerhard Watzinger (the "Special Committee Defendants") by and through the undersigned attorneys, hereby answer the Consolidated Amended Class Action Complaint for Violations of Proxy and Anti-Fraud Provisions of the Federal Securities Laws (the "Complaint," ECF No. 70).

### <u>GENERAL DENIAL</u>

Except as otherwise expressly admitted in the paragraphs below, the Special Committee Defendants deny each and every allegation in the Complaint, and specifically deny any and all wrongdoing and/or liability to Plaintiffs and members of the purported class of persons on whose behalf this action is said to be brought. To the extent the Complaint contains allegations dismissed by the Court's December 23, 2025 Order Granting in Part Defendants' Motion to Dismiss ("Order," ECF No. 100), this Answer is not required to address those allegations and does not. To the extent the Complaint asserts legal contentions, such legal contentions require no response in this Answer, and this Answer contains no response to legal contentions. To the extent any response is required to the headings or unnumbered paragraphs in the Complaint, Defendants deny all allegations of wrongdoing and/or liability to Plaintiffs contained in those headings or unnumbered paragraphs.

## SPECIFICAL RESPONSES

1.      The Special Committee Defendants admit that Vista[1] acquired KnowBe4 on or around February 2023 (the "Merger").  To the extent paragraph 1 characterizes the content of the Merger proxy statement ("Proxy") and "other public filings," the Special Committee Defendants state that those documents speak for themselves, refer the Court to KnowBe4's SEC filings for their content, and deny the allegations in paragraph 1 to the extent they are inconsistent with the content of KnowBe4's SEC filings.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 1.

2.      The Special Committee Defendants admit that under the terms of the Merger agreement, each issued and outstanding share of KnowBe4's Class A and Class B common stock, subject to certain exceptions, was to be converted into the right to receive cash in an amount equal to $24.90 per share.  The Special Committee Defendants admit that certain stockholders were allowed to roll over a portion of their equity.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 2.

3.      The Special Committee Defendants admit that in the summer of 2022, Sjouwerman, Daly and Shanley indicated that, if Vista were interested in acquiring KnowBe4 and there was an opportunity for them to rollover equity in such transactions, such individuals or the entities that they represented might be interested in "rolling" all or a part of their equity interests in KnowBe4 in such a transaction.  The Special Committee Defendants admit that KnowBe4's Board of Directors formed a special committee (the "Special Committee").  The Special Committee Defendants admit that the Board determined each member of the Special Committee was independent and disinterested for purposes of a possible transaction with Vista.  To the extent paragraph 3 characterizes the content of an online article hosted by the Harvard Law School Forum on Corporate Governance, the Special Committee Defendants state that the article speaks for itself, refer the Court to the article for its content, and deny the allegations in paragraph 3 to the extent they are inconsistent with the content of the article.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 3.

4.      The Special Committee Defendants are not required to respond to any allegations in paragraph 4 concerning statements about "independence" because they have been dismissed

---

[1] For purposes of this Answer, "Vista" refers to Vista Equity Partners Management, LLC and related entities.

pursuant to the Order.  To the extent a response is required, the Special Committee Defendants admit that KnowBe4 filed the Proxy with the SEC on or around December 22, 2022.  To the extent paragraph 4 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 4 to the extent they are inconsistent with the content of the Proxy.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 4.

5. To the extent paragraph 5 characterizes the content of KnowBe4's SEC filings or "internal Morgan Stanley materials," the Special Committee Defendants state that the documents speak for themselves, refer the Court to those documents for their content, and deny the allegations in paragraph 5 to the extent they are inconsistent with the content of those filings and "materials." To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 5.

6. The Special Committee Defendants admit that under the terms of the merger agreement, each issued and outstanding share of KnowBe4's Class A and Class B common stock, subject to certain exceptions, was to be converted into the right to receive cash in an amount equal to $24.90 per share.  The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 about KKR's decision-making, and, on that basis, deny them.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 6.

7. The Special Committee Defendants are not required to respond to the allegations in paragraph 7 concerning the independence of the Special Committee or Morgan Stanley because they have been dismissed pursuant to the Court's Order.  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 7.

8. The Special Committee Defendants deny the allegations in paragraph 8.

9. Paragraph 9 is a characterization of the Complaint to which no response is required. To the extent a response is required, the Special Committee Defendants deny the allegations.

10. The Special Committee Defendants admit that Plaintiffs purport to assert claims under Sections 10(b), 14(a), and 20(a) of the Exchange Act and SEC Rules 10b-5 and 14a-9.  The remaining allegations in paragraph 10 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

11.     The allegations in paragraph 11 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

12.     The allegations in paragraph 12 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

13.     The allegations in paragraph 13 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

14.     The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and, on that basis, deny them.

15.     The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and, on that basis, deny them.

16.     The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and, on that basis, deny them.

17.     The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and, on that basis, deny them.

18.     The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 concerning Plaintiffs' purchases of KnowBe4 common stock, and, on that basis, deny them.  The remaining allegations in paragraph 18 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

19.     The Special Committee Defendants admit that KnowBe4 is a Delaware corporation headquartered in Clearwater, Florida, and that it provides security awareness training to organizations globally.  The Special Committee Defendants admit that KnowBe4 was founded in 2010, that it went public through an IPO in April 2021, and that its shares were traded on the NASDAQ prior to the Merger.  The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation describing KnowBe4 as the "world's largest security awareness training and simulated phishing platform," and, on that basis, deny the allegation.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 19.

20.     Paragraph 20 contains Plaintiffs' characterization of the claims against KnowBe4 to which no response is required.  To the extent a response is required, the Special Committee Defendants admit that KnowBe4 is named in Count 1 under Section 14(a) and in Count II under Section 10(b).  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 20.

21.     The Special Committee Defendants admit that Shrikrishna Venkataraman served as a director and, previously, as an officer of KnowBe4.  The Special Committee Defendants admit that Venkataraman was appointed to the Special Committee.  To the extent paragraph 21 characterizes the 2022 proxy statement, the Special Committee Defendants state that the document speaks for itself, refer the Court to KnowBe4's 2022 proxy statement for its content, and deny the allegations in paragraph 21 to the extent they are inconsistent with the content of that document. Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 21.

22.     Paragraph 22 contains Plaintiffs' characterization of the claims against Venkataraman to which no response is required.  To the extent a response is required, the Special Committee Defendants admit that Venkataraman is named in Count 1 under Section 14(a), in Count II under Section 10(b), and in Count III under Section 20(a).  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 22.

23.     The Special Committee Defendants admit that Kevin Klausmeyer served as a director of KnowBe4.  The Special Committee Defendants admit that Klausmeyer was appointed to the Special Committee, and that he served as a director at Jamf and Ivalua.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 23.

24.     Paragraph 24 contains Plaintiffs' characterization of the claims against Klausmeyer to which no response is required.  To the extent a response is required, the Special Committee Defendants admit that Klausmeyer is named in Count I under Section 14(a), in Count II under Section 10(b), and in Count III under Section 20(a).  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 24.

25.     The Special Committee Defendants admit that Gerhard Watzinger served as a director of KnowBe4 and was appointed to the Special Committee.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 25.

26.     Paragraph 26 contains Plaintiffs' characterization of the claims against Watzinger to which no response is required.  To the extent the allegations are deemed to be factual allegations, the Special Committee Defendants admit that Watzinger is named in Count I under Section 14(a), in Count II under Section 10(b), and in Count III under Section 20(a).  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 26.

27.     Paragraph 27 contains Plaintiffs' characterization of Klausmeyer, Venkataraman, and Watzinger to which no response is required.  To the extent the allegations are deemed to be factual allegations, Special Committee Defendants admit that the Complaint refers to Klausmeyer, Venkataraman, and Watzinger as the "Special Committee" or "Special Committee Defendants." To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 27.

28.     The Special Committee Defendants admit that Sjoerd Sjouwerman served as CEO and director of KnowBe4 and held stock in KnowBe4.  The Special Committee Defendants admit that Sjouweman agreed to "roll over" a portion of his equity in KnowBe4 in connection with the Merger.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 28.

29.     Paragraph 29 contains Plaintiffs' characterization of the claims against Sjouwerman to which no response is required.  To the extent a response is required, the Special Committee Defendants admit that Sjouwerman is named in Count I under Section 14(a), in Count II under Section 10(b), and in Count III under Section 20(a).  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 29.

30.     The Special Committee Defendants admit that Jeremiah Daly served as a director of KnowBe4.  The Special Committee Defendants admit that Elephant Partners-affiliated funds agreed to "roll over" a portion of their equity in KnowBe4 in connection with the Merger.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 30.

31.     Paragraph 31 contains Plaintiffs' characterization of the claims against Daly to which no response is required.  To the extent a response is required, the Special Committee Defendants admit that Daly is named in Count I under Section 14(a), in Count II under Section 10(b), and in Count III under Section 20(a).  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 31.

6

32. The Special Committee Defendants admit that Stephen Shanley served as a director of KnowBe4.  The Special Committee Defendants admit that KKR Knowledge Investors L.P. had the ability to "roll over" a portion of its existing equity in KnowBe4 in connection with the Merger. Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 32.

33. Paragraph 33 contains Plaintiffs' characterization of the claims against Shanley to which no response is required.  To the extent a response is required, the Special Committee Defendants admit that Shanley is named in Count I under Section 14(a), in Count II under Section 10(b), and in Count III under Section 20(a).  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 33.

34. The Special Committee Defendants admit that Kara Wilson served as a director of KnowBe4.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 34.

35. Paragraph 35 contains Plaintiffs' characterization of the claims against Wilson to which no response is required.  To the extent a response is required, the Special Committee Defendants admit that Wilson is named in Count I under Section 14(a), in Count II under Section 10(b), and in Count III under Section 20(a).  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 35.

36. Paragraph 36 contains Plaintiffs' characterization of Sjouwerman, Daly, Shanley, and Wilson, together with the Special Committee Defendants, to which no response is required. To the extent a response is required, the Special Committee Defendants admit that the Complaint refers to Sjouwerman, Daly, Shanley, and Wilson, together with the Special Committee Defendants, as the "Board of Directors," or "Director Defendants."  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 36.

37. The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and, on that basis, deny them.

38. To the extent paragraph 38 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 38 to the extent they are inconsistent with the content of the Proxy.  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 38.

39.     Paragraph 39 contains Plaintiffs' characterization of KKR & Co. Inc. and KKR Knowledge Investors L.P. to which no response is required.  To the extent a response is required, the Special Committee Defendants admit that the Complaint refers to Defendants KKR & Co. Inc. and KKR Knowledge Investors L.P. as "KKR."

40.     The Special Committee Defendants admit that KKR Knowledge Investors L.P. held stock in KnowBe4.  The Special Committee Defendants admit that KKR Knowledge Investors L.P. had the ability to "roll over" a portion of its existing equity in KnowBe4.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 40.

41.     To the extent paragraph 41 characterizes the content of the Proxy and the Schedule 13E-3 filed with the SEC, the Special Committee Defendants state that the filings speak for themselves, refer the Court to the filings for their content, and deny the allegations in paragraph 41 to the extent they are inconsistent with the content of those filings.  The remaining sentences of Paragraph 41 contain Plaintiffs' characterization of the claims against KKR to which no response is required.  To the extent a response is required, the Special Committee Defendants admit that KKR is named in Count I under Section 14(a), in Count II under Section 10(b), and in Count III under Section 20(a).  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 41.

42.     The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and, on that basis, deny them.

43.     The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and, on that basis, deny them.

44.     Paragraph 44 contains Plaintiffs' characterization of Elephant Partners, Elephant Partners I, L.P., Elephant Partners II, L.P., Elephant Partners 2019 SPV-A, L.P., and Elephant Partners II-B, L.P. to which no response is required.  To the extent a response is required, Special Committee Defendants admit that the Complaint refers to Elephant Partners, Elephant Partners I, L.P., Elephant Partners II, L.P., Elephant Partners 2019 SPV-A, L.P., and Elephant Partners II-B, L.P. as "Elephant Partners."  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 44.

45.     The Special Committee Defendants admit that the Elephant Partners, through affiliated funds, had an interest in KnowBe4 prior to the Merger and were permitted to "roll over"

a portion of their existing equity in KnowBe4 in connection with the Merger.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 45.

46.     To the extent paragraph 46 characterizes the content of the Proxy and the Schedule 13E-3 filed with the SEC, the Special Committee Defendants state that the filings speak for themselves, refer the Court to the filings for their content, and deny the allegations in paragraph 46 to the extent they are inconsistent with the content of those filings.  The remaining sentences of Paragraph 46 contain Plaintiffs' characterization of the claims against Elephant Partners to which no response is required.  To the extent a response is required, the Special Committee Defendants admit that Elephant Partners is named in Count I under Section 14(a), in Count II under Section 10(b), and in Count III under Section 20(a).  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 46.

47.     The Special Committee Defendants admit that Vista, through affiliated funds, had an ownership interest in KnowBe4 prior to the Merger.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 47.

48.     To the extent paragraph 48 characterizes the content of the Proxy and the Schedule 13E-3 filed with the SEC, the Special Committee Defendants state that the filings speak for themselves, refer the Court to the filings for their content, and deny the allegations in paragraph 48 to the extent they are inconsistent with the content of those filings.  The remaining sentences of Paragraph 48 contain Plaintiffs' characterization of the claims against Vista to which no response is required.  To the extent a response is required, the Special Committee Defendants admit that Vista is named in Count I under Section 14(a), in Count II under Section 10(b), and in Count III under Section 20(a).  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 48.

49.     The Special Committee Defendants admit that Morgan Stanley served as the Special Committee's independent financial advisor.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 49.

50.     The Special Committee Defendants admit that KnowBe4 was founded by Sjouwerman and that it offers a cybersecurity awareness training platform.  To the extent paragraph 50 characterizes the content of the March 10, 2022 Form 10-K, the Special Committee Defendants state that the document speaks for itself, refer the Court to the document for its content, and deny the allegations in paragraph 50 to the extent they are inconsistent with the content of that

document. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 50.

51. The Special Committee Defendants admit that KKR and Elephant Partners, through affiliated funds, made investments into KnowBe4 prior to the IPO. Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 51.

52. The Special Committee Defendants admit that KnowBe4 completed its IPO on or around April 22, 2021 and that it had a dual class stock structure following the IPO that entitled Class A common stockholders to one vote per share and Class B common stockholders to ten votes per share, which were convertible into Class A shares at the holders' option. Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 52.

53. To the extent paragraph 53 characterizes the content of the Amended and Restated Certificate of Incorporation, the Special Committee Defendants state that the document speaks for itself, refer the Court to the document for its content, and deny the allegations in paragraph 53 to the extent they are inconsistent with the content of that document. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 53.

54. The Special Committee Defendants admit that Vista invested in KnowBe4 through affiliated funds. The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54, and on that basis, deny them. Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 54.

55. To the extent paragraph 55 characterizes the content of a *Wall Street Journal* article, the Special Committee Defendants state that the article speaks for itself, refer the Court to the article for its content, and deny the allegations in paragraph 55 to the extent they are inconsistent with the content of the article. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 55.

56. To the extent paragraph 56 characterizes the content of a *Wall Street Journal* article, the Special Committee Defendants state that the article speaks for itself, refer the Court to the article for its content, and deny the allegations in paragraph 56 to the extent they are inconsistent with the content of the article. The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 about what "KKR,

Elephant Partners, and Sjouwerman sought," and, on that basis, deny them. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 56.

57. To the extent paragraph 57 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 57 to the extent they are inconsistent with the content of the Proxy. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 57.

58. The Special Committee Defendants admit that on or around March 5, 2021, certain KnowBe4 stockholders sold shares of KnowBe4's preferred stock to certain investors, including funds affiliated with Vista. Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 58.

59. To the extent paragraph 59 characterizes the content of the IPO prospectus and an article with SC Media, the Special Committee Defendants state that the documents speak for themselves, refer the Court to the documents for their content, and deny the allegations in paragraph 59 to the extent they are inconsistent with the content of those documents. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 59.

60. The Special Committee Defendants admit that KnowBe4 issued a press release on or around November 2021 relating to SecurityAdvisor and hosted a conference call on or around November 3, 2021. To the extent paragraph 60 characterizes the content of a press release and the conference call transcript, the Special Committee Defendants state that the documents speak for themselves, refer the Court to the documents for their content, and deny the allegations in paragraph 60 to the extent they are inconsistent with the content of those documents. Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 60.

61. The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 about "a downturn in the technology sector" and "a global economic downturn," and, on that basis, deny them. To the extent paragraph 61 characterizes the content of Schedule 14A filed with the SEC, the Special Committee Defendants state that the document speaks for itself, refer the Court to the document for its content, and deny the allegations in paragraph 61 to the extent they are inconsistent with the content of the

document. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 61.

62. To the extent paragraph 62 characterizes the content of KnowBe4's May 2022 earnings release and subsequent analyst reports, the Special Committee Defendants state that those documents speak for themselves, refer the Court to the documents for their content, and deny the allegations in paragraph 62 to the extent they are inconsistent with the content of those documents. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 62.

63. To the extent paragraph 63 characterizes the content of KnowBe4's August 2022 earnings release, earning call transcript, or subsequent analyst reports, the Special Committee Defendants state that those documents speak for themselves, refer the Court to the documents for their content, and deny the allegations in paragraph 63 to the extent they are inconsistent with the content of those documents. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 63.

64. The Special Committee Defendants deny the allegations in paragraph 64.

65. To the extent paragraph 65 characterizes the content of KnowBe4's August 2022 earnings call transcript and the October 12, 2022 Merger Press Release, the Special Committee Defendants state that those documents speak for themselves, refer the Court to the documents for their content, and deny the allegations in paragraph 65 to the extent they are inconsistent with the content of those documents. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 65.

66. To the extent paragraph 66 characterizes the content of the October 12, 2022 Merger Press Release, the Special Committee Defendants state that the press release speaks for itself, refer the Court to the press release for its content, and deny the allegations in paragraph 66 to the extent they are inconsistent with the content of that press release. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 66.

67. The Special Committee Defendants deny the allegations in paragraph 67.

68. To the extent paragraph 68 characterizes the content of the October 12, 2022 Merger Press Release, the Special Committee Defendants state that the press release speaks for itself, refer the Court to the press release for its content, and deny the allegations in paragraph 68

to the extent they are inconsistent with the content of the press release. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 68.

69. To the extent paragraph 69 characterizes the content of online articles, the Special Committee Defendants state that the articles speak for themselves, refer the Court to the articles for their content, and deny the allegations in paragraph 69 to the extent they are inconsistent with the content of the articles. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 69.

70. The Special Committee Defendants deny the allegations in paragraph 70.

71. The Special Committee Defendants admit that KnowBe4 issued a definitive proxy statement and filed it with the SEC on Schedule 14A. To the extent that paragraph 71 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 71 to the extent the are inconsistent with the content of the Proxy. Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 71.

72. To the extent paragraph 72 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 72 to the extent they are inconsistent with the content of the Proxy. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 72.

73. To the extent paragraph 73 characterizes the content of certain Support Agreements, the Special Committee Defendants state that those documents speak for themselves, refer the Court to the Support Agreements for their content, and deny the allegations in paragraph 73 to the extent they are inconsistent with the content of the Support Agreements. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 73.

74. The Special Committee Defendants deny the allegations in paragraph 74.

75. To the extent paragraph 75 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 75 to the extent they are inconsistent with the content of the Proxy. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 75.

76. To the extent paragraph 76 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 76 to the extent they are inconsistent with the content of the Proxy. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 76.

77. To the extent paragraph 77 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 77 to the extent they are inconsistent with the content of the Proxy. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 77.

78. The Special Committee Defendants deny the allegations in paragraph 78.

79. The Special Committee Defendants admit that Venkataraman served as KnowBe4's CFO and was later promoted to Co-President. The Special Committee Defendants admit that Venkataraman was later appointed to the Board. The Special Committee Defendants admit that in connection with Venkataraman's resignation from his position as Co-President and CFO, KnowBe4 granted Venkataraman restricted stock units having a value equal to $3 million, subject to vesting. Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 79.

80. The Special Committee Defendants admit that Venkataraman and his spouse had investments in funds affiliated with KKR and Elephant, but deny Plaintiffs' characterization of those investments as "undisclosed," "material," or "significant." To the extent paragraph 80 characterizes the content of unspecified industry publications, the Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80, and, on that basis, deny them. Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 80.

81. The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 about what "public records" show, and, on that basis, deny them. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 81.

82. The Special Committee Defendants admit that Venkataraman disclosed certain investments to the Special Committee. To the extent paragraph 82 characterizes the content of the

14

Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 82 to the extent they are inconsistent with the content of the Proxy.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 82.

83.     The Special Committee Defendants admit that Venkataraman's wife worked for Morgan Stanley.  To the extent paragraph 83 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 83 to the extent they are inconsistent with the content of the Proxy.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 83.

84.     The Special Committee Defendants admit that Watzinger had an investment in a KKR-affiliated fund that was disclosed to the Special Committee.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 84.

85.     The Special Committee Defendants admit that Klausmeyer has served as a director of Jamf Holding Corp. and Ivalua Inc.  To the extent paragraph 85 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 85 to the extent they are inconsistent with the content of the Proxy.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 85.

86.     To the extent paragraph 86 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 86 to the extent they are inconsistent with the content of the Proxy.  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 86.

87.     The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 about what was "material to shareholders" and what Delaware courts have "stressed the importance of," and, on that basis, deny them.  To the extent a further response is required, the Special Committee defendants deny the allegations in paragraph 87.

88.     The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 about what Plaintiffs think was

"especially important" and what other people were "focused" on or "concern[ed]" about and, on that basis, deny them.  To the extent a further response is required, the Special Committee defendants deny the allegations in paragraph 88.

89.     To the extent paragraph 89 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 89 to the extent they are inconsistent with the content of the Proxy.  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 89.

90.     To the extent paragraph 90 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 90 to the extent they are inconsistent with the content of the Proxy.  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 90.

91.     The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91, and, on that basis, deny them.

92.     To the extent paragraph 92 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 92 to the extent they are inconsistent with the content of the Proxy.  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 92.

93.     To the extent paragraph 93 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 93 to the extent they are inconsistent with the content of the Proxy.  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 93.

94.     To the extent paragraph 94 characterizes a slide deck prepared by Morgan Stanley, the Special Committee Defendants state that the slide deck speaks for itself, refer the Court to the full slide deck for its content, and deny the allegations in paragraph 94 to the extent they are inconsistent with the content of the full slide deck.  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 94.

16

95. To the extent paragraph 95 characterizes a slide deck prepared by Morgan Stanley, the Special Committee Defendants state that the slide deck speaks for itself, refer the Court to the full slide deck for its content, and deny the allegations in paragraph 95 to the extent they are inconsistent with the content of the full slide deck. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 95.

96. The Special Committee Defendants deny the allegations in paragraph 96.

97. To the extent paragraph 97 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 97 to the extent they are inconsistent with the content of the Proxy. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 97.

98. The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 about KKR's decision-making, and, on that basis, deny them. To the extent paragraph 98 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 98 to the extent they are inconsistent with the content of the Proxy. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 98.

99. To the extent paragraph 99 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 99 to the extent they are inconsistent with the content of the Proxy. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 99.

100. To the extent paragraph 100 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 100 to the extent they are inconsistent with the content of the Proxy. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 100.

101. The allegations in paragraph 101 are legal conclusions to which no response is required. To the extent a response is required, the Special Committee Defendants deny the allegations.

102.    The Special Committee Defendants deny the allegations in paragraph 102.

103.    To the extent paragraph 103 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 103 to the extent they are inconsistent with the content of the Proxy.  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 103.

104.    To the extent paragraph 104 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 104 to the extent they are inconsistent with the content of the Proxy.  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 104.

105.    The Special Committee Defendants deny the allegations in paragraph 105.

106.    The Special Committee Defendants deny the allegations in paragraph 106.

107.    Admitted.

108.    To the extent paragraph 108 characterizes the content of earnings releases issued on or around November 14, 2022 and January 24, 2023, the Special Committee Defendants state that the releases speak for themselves, refer the Court to the releases for their content, and deny the allegations in paragraph 108 to the extent they are inconsistent with the content of the releases. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 108.

109.    The allegations in paragraph 109 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

110.    The allegations in paragraph 110 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

111.    The Special Committee Defendants are not required to respond to allegations in paragraph 111 concerning statements about "independence" because they have been dismissed pursuant to the Order.  To the extent a response is required, the Special Committee Defendants admit that KnowBe4 filed a Form 8-K with the SEC announcing the merger on or around October 12, 2022.  To the extent paragraph 111 characterizes the content of the October 12, 2022 Merger

Press Release, the Special Committee Defendants state that the release speaks for itself, refer the Court to the release for its content, and deny the allegations in paragraph 111 to the extent they are inconsistent with the content of the release.  The Special Committee Defendants deny that this action can be maintained as a class action under Federal Rules of Civil Procedure 23.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 111.

112.    The Special Committee Defendants are not required to respond to allegations in paragraph 112 concerning statements about "independence" because they have been dismissed pursuant to the Order.  To the extent a response is required, the Special Committee Defendants admit that KnowBe4 issued a press release on or around October 12, 2022.  To the extent paragraph 112 characterizes the content of the October 12, 2022 Merger Press Release, the Special Committee Defendants state that the release speaks for itself, refer the Court to the release for its content, and deny the allegations in paragraph 112 to the extent they are inconsistent with the content of the release.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 112.

113.    The Special Committee Defendants are not required to respond to allegations in paragraph 113 concerning statements about "independence" because they have been dismissed pursuant to the Order.  To the extent a response is required, the Special Committee Defendants deny the allegations in paragraph 113.

114.    To the extent paragraph 114 characterizes the content of the October 12, 2022 Merger Press Release, the Special Committee Defendants state that the release speaks for itself, refer the Court to the release for its content, and deny the allegations in paragraph 114 to the extent they are inconsistent with the content of the release.  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 114.

115.    The Special Committee Defendants deny the allegations in paragraph 115.

116.    The Special Committee Defendants admit that KnowBe4 filed a Form 8-K with the SEC on or around October 13, 2022. To the extent paragraph 116 characterizes the content of the October 13, 2022 Form 8-K, the Special Committee Defendants state that the release speaks for itself, refer the Court to the document for its content, and deny the allegations in paragraph 116 to the extent they are inconsistent with the content of the release.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 116.

117.     The Special Committee Defendants are not required to respond to allegations in paragraph 117 concerning statements about "independence" because they have been dismissed pursuant to the Order.  To the extent a response is required, the Special Committee Defendants admit that KnowBe4 filed a Form 8-K with the SEC on or around October 13, 2022.  To the extent paragraph 117 characterizes the content of the October 13, 2022 Form 8-K, the Special Committee Defendants state that the release speaks for itself, refer the Court to the document for its content, and deny the allegations in paragraph 117 to the extent they are inconsistent with the content of the release.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 117.

118.     The Special Committee Defendants are not required to respond to allegations in paragraph 118 concerning statements about "independence" because they have been dismissed pursuant to the Order.  To the extent a response is required, the Special Committee Defendants deny the allegations in paragraph 118.

119.     The Special Committee Defendants admit that KnowBe4 filed a Proxy with the SEC on or around December 22, 2022.  To the extent paragraph 119 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 119 to the extent they are inconsistent with the content of the Proxy.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 119.

120.     The allegations in paragraph 120 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

121.     To the extent paragraph 121 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 121 to the extent they are inconsistent with the content of the Proxy.  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 121.

122.     To the extent paragraph 122 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 122 to the extent they are inconsistent with the

content of the Proxy.  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 122.

123.    The Special Committee Defendants deny the allegations in paragraph 123.

124.    The Special Committee Defendants deny the allegations in paragraph 124.

125.    To the extent paragraph 125 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 125 to the extent they are inconsistent with the content of the Proxy.  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 125.

126.    The Special Committee Defendants deny the allegations in paragraph 126.

127.    The Special Committee Defendants are not required to respond to allegations in paragraph 127 concerning statements about "independence" because they have been dismissed pursuant to the Order.  To the extent a response is required, the Special Committee Defendants admit that KnowBe4 filed the Proxy with the SEC.  To the extent paragraph 127 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 127 to the extent they are inconsistent with the content of the Proxy.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 127.

128.    The Special Committee Defendants are not required to respond to allegations in paragraph 128 concerning statements about "independence" because they have been dismissed pursuant to the Order.  To the extent a response is required, the Special Committee Defendants admit that KnowBe4 filed the Proxy with the SEC.  To the extent paragraph 128 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 128 to the extent they are inconsistent with the content of the Proxy.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 128.

129.    The Special Committee Defendants are not required to respond to allegations in paragraph 129 concerning statements about "independence" because they have been dismissed pursuant to the Order.  To the extent a response is required, the Special Committee Defendants admit that KnowBe4 filed the Proxy with the SEC.  To the extent paragraph 129 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer

the Court to the Proxy for its content, and deny the allegations in paragraph 129 to the extent they are inconsistent with the content of the Proxy.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 129.

130.    The Special Committee Defendants are not required to respond to allegations in paragraph 130 concerning statements about "independence" because they have been dismissed pursuant to the Order.  To the extent a response is required, the Special Committee Defendants deny the allegations in paragraph 130.

131.    The Special Committee Defendants are not required to respond to allegations in paragraph 131 concerning statements about "independence" because they have been dismissed pursuant to the Order.  To the extent a response is required, the Special Committee Defendants admit that KnowBe4 filed the Proxy with the SEC.  To the extent paragraph 131 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 131 to the extent they are inconsistent with the content of the Proxy.  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 131.

132.    The Special Committee Defendants are not required to respond to allegations in paragraph 132 concerning statements about "independence" because they have been dismissed pursuant to the Order.  To the extent a response is required, the Special Committee Defendants admit that KnowBe4 filed the Proxy with the SEC.  To the extent paragraph 132 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 132 to the extent they are inconsistent with the content of the Proxy.  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 132.

133.    The Special Committee Defendants are not required to respond to allegations in paragraph 133 concerning statements about "independence" because they have been dismissed pursuant to the Order.  To the extent a response is required, the Special Committee Defendants admit that KnowBe4 filed the Proxy with the SEC.  To the extent paragraph 133 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 133 to the extent they are inconsistent with the content of the Proxy.  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 133.

22

134. The Special Committee Defendants are not required to respond to allegations in paragraph 134 concerning statements about "independence" because they have been dismissed pursuant to the Order. To the extent a response is required, the Special Committee Defendants deny the allegations in paragraph 134.

135. The Special Committee Defendants deny the allegations in paragraph 135.

136. To the extent paragraph 136 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 136 to the extent they are inconsistent with the content of the Proxy. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 136.

137. The Special Committee Defendants deny the allegations in paragraph 137.

138. The Special Committee Defendants deny the allegations in paragraph 138.

139. The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 about KKR's decision-making, and, on that basis, deny them. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 139.

140. The Special Committee Defendants admit that KnowBe4, Vista, KKR, and Elephant Partners jointly filed a Schedule 13E-3 with the SEC on or around December 22, 2022. To the extent paragraph 140 characterizes the content of the Section 13E-3, the Special Committee Defendants state that the document speaks for itself, refer the Court to the document for its content, and deny the allegations in paragraph 140 to the extent they are inconsistent with the content of the document. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 140.

141. The Special Committee Defendants deny the allegations in paragraph 141.

142. The allegations in paragraph 142 are legal conclusions to which no response is required. To the extent a response is required, the Special Committee Defendants deny the allegations.

143. The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143 about Vista's "interest in acquiring" KnowBe4, and, on that basis, deny them. To the extent paragraph 143 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the

Court to the Proxy for its content, and deny the allegations in paragraph 143 to the extent they are inconsistent with the content of the Proxy.  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 143.

144.    The Special Committee Defendants admit that on or around March 5, 2021, certain KnowBe4 stockholders, including KKR Knowledge Investors L.P. and Elephant Partners, sold stock to funds affiliated with Vista for an aggregate price of approximately $300 million.  The Special Committee Defendants admit that a Vista-affiliated fund also purchased shares in the IPO at an aggregate price of $30 million.  To the extent paragraph 144 characterizes the content of KnowBe4's 2022 annual proxy statement, the Special Committee Defendants state that the document speaks for itself, refer the Court to the document for its content, and deny the allegations in paragraph 144 to the extent they are inconsistent with the content of the document.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 144.

145.    The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 about Vista's access to information, and, on that basis, deny them.  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 145.

146.    The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 about what Vista is "well known" for or what presents problems for target companies and minority stockholders, and, on that basis, deny them.  To the extent paragraph 146 characterizes the content of a Delaware court opinion, the Special Committee Defendants state that the document speaks for itself, refer the Court to the document for its content, and deny the allegations in paragraph 146 to the extent they are inconsistent with the content of the opinion.  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 146.

147.    The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 concerning Vista's motivations, and, on that basis, deny them.  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 147.

148.    The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 about Vista's actions, and, on that

basis, deny them.  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 148.

149.    The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149 about Vista's motivations and interests, and, on that basis, deny them.  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 149.

150.    The Special Committee Defendants admit that Sjouwerman, Elephant Partners, and KKR Knowledge Investors L.P. were allowed to roll over a portion of their equity.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 150.

151.    The Special Committee Defendants admit that KKR Knowledge Investors L.P. was allowed to roll over a portion of its equity.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 151.

152.    The Special Committee Defendants admit that Elephant Partners' affiliates were allowed to roll over a portion of their equity.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 152.

153.    The Special Committee Defendants admit that Sjouwerman was allowed to roll over a portion of his equity.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 153.

154.    The Special Committee Defendants deny the allegations in paragraph 154.

155.    The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155, and, on that basis, deny them.

156.    The Special Committee Defendants deny the allegations in paragraph 156.

157.    The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157, and, on that basis, deny them.

158.    The Special Committee Defendants admit that Shanley and Wilson sat on KnowBe4's Board of Directors.  The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158 about the actions or understanding of KKR, and, on that basis, deny them.  To the extent paragraph 158 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph

158 to the extent they are inconsistent with the content of the Proxy. Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 158.

159. The Special Committee Defendants deny the allegations in paragraph 159.

160. The Special Committee Defendants deny the allegations in paragraph 160.

161. The Special Committee Defendants deny the allegations in paragraph 161.

162. The Special Committee Defendants admit that Venkataraman, Klausmeyer and Watzinger were appointed to the independent Special Committee. Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 162.

163. The Special Committee Defendants admit that Venkataraman received compensation while working as an officer of KnowBe4 and that Venkataraman and his spouse had investments in funds affiliated with KKR and Elephant. Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 163.

164. The Special Committee Defendants admit that Klausmeyer received compensation while serving as a KnowBe4 director and served as a director at Jamf Holding Corp. and Ivalua Inc. Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 164.

165. The Special Committee Defendants admit that Watzinger received compensation while serving as a KnowBe4 director. Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 165.

166. The Special Committee Defendants admit that they received RSUs in connection with their Board service and that unvested RSUs were subject to accelerated vesting upon a "change in control." Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 166.

167. The Special Committee Defendants deny the allegations in paragraph 167.

168. The Special Committee Defendants deny the allegations in paragraph 168.

169. The Special Committee Defendants deny the allegations in paragraph 169.

170. The Special Committee Defendants deny the allegations in paragraph 170.

171. The Special Committee Defendants deny the allegations in paragraph 171.

172. The Special Committee Defendants admit that the Special Committee recommended shareholders vote in favor of the Merger. Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 172.

173.    The Special Committee Defendants admit that KnowBe4 adopted a dual-class structure with Class A stock, with one vote per share, and Class B stock, with 10 votes per share. The Special Committee Defendants admit that Class B shares were never publicly traded but that each share of Class B stock was convertible into one share of Class A stock at the option of the holder.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 173.

174.    The Special Committee Defendants admit that KnowBe4 conditioned approval of the Merger on the affirmative vote of (1) the holders of a majority of the voting power of the outstanding shares of KnowBe4 common stock (voting together as a single class) entitled to vote on the Merger Agreement; (2) the holders of a majority of the voting power of the outstanding shares of KnowBe4 common stock (voting together as a single class) held by unaffiliated stockholders (as defined in the Proxy) and entitled to vote on the Merger Agreement; (3) the holders of at least a majority of the outstanding shares of KnowBe4 Class A common stock entitled to vote; and (4) the holders of at least a majority of the outstanding shares of KnowBe4 Class B common stock entitled to vote.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 174.

175.    The Special Committee Defendants deny the allegations in paragraph 175.

176.    The Special Committee Defendants admit that certain investors converted shares. Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 176.

177.    The allegations in paragraph 177 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

178.    The allegations in paragraph 178 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

179.    The allegations in paragraph 179 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

180.    The Special Committee Defendants deny the allegations in paragraph 180.

181. The allegations in paragraph 181 are legal conclusions to which no response is required. To the extent a response is required, the Special Committee Defendants deny the allegations.

182. The Special Committee Defendants deny the allegations in paragraph 182.

183. The Special Committee Defendants deny the allegations in paragraph 183.

184. The Special Committee Defendants deny the allegations in paragraph 184.

185. The Special Committee Defendants deny the allegations in paragraph 185.

186. The Special Committee Defendants deny the allegations in paragraph 186.

187. The allegations in paragraph 187 are legal conclusions to which no response is required. To the extent a response is required, the Special Committee Defendants deny the allegations.

188. The Special Committee Defendants deny that this action can be maintained as a class action under Federal Rules of Civil Procedure 23. The remainder of paragraph 188 sets forth Plaintiffs' proposed class definition and does not require a response; to the extent that a response is required, the Special Committee Defendants deny the allegations in paragraph 188.

189. The allegations in paragraph 189 are legal conclusions to which no response is required. To the extent a response is required, the Special Committee Defendants deny the allegations.

190. The allegations in paragraph 190 are legal conclusions to which no response is required. To the extent a response is required, the Special Committee Defendants deny the allegations.

191. The allegations in paragraph 191 are legal conclusions to which no response is required. To the extent a response is required, the Special Committee Defendants deny the allegations.

192. The allegations in paragraph 192 are legal conclusions to which no response is required. To the extent a response is required, the Special Committee Defendants deny the allegations.

193. The allegations in paragraph 193 are legal conclusions to which no response is required. To the extent a response is required, the Special Committee Defendants deny the allegations.

194.    The allegations in paragraph 194 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

195.    The allegations in paragraph 195 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

196.    The allegations in paragraph 196 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

197.    The allegations in paragraph 197 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants admit that KnowBe4 Class A common stock was listed and traded on NASDAQ, that KnowBe4 filed periodic public reports with the SEC, and that securities analysts issued reports about the company.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 197.

198.    The allegations in paragraph 198 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

199.    The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 199 about whether a stock price "strongly reacted" or "was influenced" by unspecified "Merger related news," and, on that basis, deny them.  The allegations in paragraph 199 are also legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

200.    The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200, and, on that basis, deny them.

201.    To the extent paragraph 201 characterizes the content of a law review article, the Special Committee Defendants state that the document speaks for itself, refer the Court to the article for its content, and deny the allegations in paragraph 201 to the extent they are inconsistent with the content of the article.  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 201.

29

202. The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 202, and, on that basis, deny them.

203. The Special Committee Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 203, and, on that basis, deny them.

## COUNT I

**Against Defendants KnowBe4, Elephant Partners, KKR, Vista and Each of the Director Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

204. The Special Committee Defendants repeat each and every response set forth above as if stated in full here. To the extent the allegations are deemed to be factual allegations, the Special Committee Defendants deny them.

205. The allegations in paragraph 205 are legal conclusions to which no response is required. To the extent a response is required, the Special Committee Defendants deny the allegations.

206. The allegations in paragraph 206 are legal conclusions to which no response is required. To the extent paragraph 206 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 206 to the extent they are inconsistent with the content of the Proxy. To the extent a further response is required, the Special Committee Defendants deny the allegations.

207. The allegations in paragraph 207 are legal conclusions to which no response is required. To the extent paragraph 207 characterizes the content of the Proxy, the Special Committee Defendants state that the Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 207 to the extent they are inconsistent with the content of the Proxy. To the extent a further response is required, the Special Committee Defendants deny the allegations.

208. The Special Committee Defendants deny the allegations in paragraph 208.

209. To the extent paragraph 209 characterizes the content of the Schedule 13E-3, the Special Committee Defendants state that the document speaks for itself, refer the Court to the document for its content, and deny the allegations in paragraph 209 to the extent they are inconsistent with the content of the document. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 209.

30

210.    The allegations in paragraph 210 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

211.    The allegations in paragraph 211 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

212.    The allegations in paragraph 212 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

213.    The allegations in paragraph 213 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

214.    The allegations in paragraph 214 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

## <u>COUNT II</u>

**Against Defendants KnowBe4, Elephant Partners, KKR, Vista and Each of the Director Defendants for Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder**

215.    The Special Committee Defendants repeat each and every response set forth above as if stated in full here.

216.    The allegations in paragraph 216 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

217.    To the extent paragraph 217 characterizes the content of the October 12, 2022 press release, the Special Committee Defendants state that the release speaks for itself, refer the Court to the release for its content, and deny the allegations in paragraph 217 to the extent they are inconsistent with the content of the release.  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 217.

218.    The Special Committee Defendants admit that a Form 8-K was issued on or around October 13, 2022.  Except as expressly admitted, the Special Committee Defendants deny the allegations in paragraph 218.

219. The allegations in paragraph 219 are legal conclusions to which no response is required. To the extent a response is required, the Special Committee Defendants deny the allegations.

220. The Special Committee Defendants deny the allegations in paragraph 220.

221. To the extent paragraph 221 characterizes the content of the Schedule 13E-3, the Special Committee Defendants state that the release speaks for itself, refer the Court to the release for its content, and deny the allegations in paragraph 221 to the extent they are inconsistent with the content of the release. To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 221.

222. The allegations in paragraph 222 are legal conclusions to which no response is required. To the extent a response is required, the Special Committee Defendants deny the allegations.

223. The allegations in paragraph 223 are legal conclusions to which no response is required. To the extent a response is required, the Special Committee Defendants deny the allegations.

224. The allegations in paragraph 224 are legal conclusions to which no response is required. To the extent a response is required, the Special Committee Defendants deny the allegations.

225. The allegations in paragraph 225 are legal conclusions to which no response is required. To the extent a response is required, the Special Committee Defendants deny the allegations.

226. The allegations in paragraph 226 are legal conclusions to which no response is required. To the extent a response is required, the Special Committee Defendants deny the allegations.

## COUNT III

**Against the Director Defendants, KKR, Elephant Partners, and Vista for Violations of Section 20(a) of the Exchange Act**

227. The Special Committee Defendants repeat each and every response set forth above as if stated in full here.

228.     The allegations in paragraph 228 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

229.     The allegations in paragraph 229 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

230.     The allegations in paragraph 230 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

231.     The allegations in paragraph 231 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

232.     The allegations in paragraph 232 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

233.     To the extent paragraph 233 characterizes the content of the Proxy, the Special Committee Defendants state that Proxy speaks for itself, refer the Court to the Proxy for its content, and deny the allegations in paragraph 233 to the extent they are inconsistent with the content of the Proxy.  To the extent a further response is required, the Special Committee Defendants deny the allegations in paragraph 233.

234.     The allegations in paragraph 234 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

235.     The allegations in paragraph 235 are legal conclusions to which no response is required.  To the extent a response is required, the Special Committee Defendants deny the allegations.

## PRAYER FOR RELIEF

The paragraph in this section, titled "Prayer for Relief," is Plaintiffs' statement of requested relief, to which no response is required; to the extent a response is required, the Special Committee Defendants deny the allegations, including but not limited to denying that Plaintiffs are entitled to judgment and that Plaintiffs are entitled to any relief whatsoever.

## JURY DEMAND

236.    The paragraph in this section, titled "Jury Demand," is Plaintiffs' demand for a jury trial, to which no response is required.

## FIRST AFFIRMATIVE DEFENSE
### (Available Information)

The Complaint, and each and every claim alleged therein, is barred because the facts alleged to have been misrepresented or omitted were known to, received by, or otherwise publicly available to Plaintiffs, members of the putative class, and the securities markets generally. Additionally, the Complaint, and each and every claim alleged, is barred because the facts alleged to have been misrepresented or omitted were rebutted by contrary information (including both public and non-public information) that was known to, received by, or otherwise publicly available to Plaintiffs and the securities markets generally.

## SECOND AFFIRMATIVE DEFENSE
### (Truth on the Market)

The Complaint, and each and every claim alleged therein, is barred because the market had already become aware of the allegedly concealed information at the relevant time, such that the facts allegedly omitted by the Special Committee Defendants were already reflected in the stock's price.

## THIRD AFFIRMATIVE DEFENSE
### (Assumption of Risk)

The Complaint, and each and every claim alleged therein, is barred because Plaintiffs were expressly advised in statements made to them, including in documents and otherwise, regarding the material facts concerning their investment.  Plaintiffs therefore assumed the risk of any loss and are estopped from recovering any relief.

## FOURTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Plaintiffs and members of the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

## FIFTH AFFIRMATIVE DEFENSE
### (15 U.S.C. § 74u-4(e))

If it should be determined that Plaintiffs have been damaged, then the damages that Plaintiffs seek are limited by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e).

## SIXTH AFFIRMATIVE DEFENSE
### (Good Faith Defense to Controlling Person Liability)

The Complaint, and each and every claim alleged therein, is barred because the Special Committee Defendants acted in good faith and did not directly or indirectly induce the violation that led to the economic injury.

## SEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

The Complaint, and each and every claim alleged therein, is barred as having been filed beyond the applicable statutes of limitations.

## EIGHTH AFFIRMATIVE DEFENSE
### (Laches)

The Complaint, and each and every claim alleged therein, is barred, in whole or in part, by the doctrine of laches because Plaintiffs intentionally and without just cause, permitted an unreasonable delay in pursuing their claims against the Special Committee Defendants.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief may be granted.

## TENTH AFFIRMATIVE DEFENSE
### (Class Claims)

The Complaint, and each and every claim alleged therein, is barred because this action is not maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

35

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The claims of Plaintiffs and the members of the putative class are barred in whole or in part because Plaintiffs and the members of the putative class had a duty to take reasonable action to minimize any damage allegedly sustained as a result of the conduct alleged in the Complaint, and failed to comply with that duty, and, therefore, are barred from recovering any damages that might have been reasonably avoided.

## RESERVATION OF RIGHTS

The Special Committee Defendants expressly reserve the right to amend or supplement their Answer, defenses and all other pleadings, as permitted by law.  The Special Committee Defendants further reserve the right to assert any and all additional defenses under any applicable law, in the event that discovery indicates such defenses would be appropriate, and to assert any crossclaims, counterclaims and/or third-party claims.

## PRAYER FOR RELIEF

WHEREFORE, the Special Committee Defendants pray that this Court enter judgment as follows:

1. That Plaintiffs take nothing by the Complaint;

2. For costs, attorneys' fees and expert witness fees;

3. For judgment in favor of Special Committee Defendants; and

4. For such other and further relief as this Court deems just and proper.

## JURY DEMAND

The Special Committee Defendants demand a trial by jury.

Dated: February 3, 2026

Respectfully submitted,

/s/ Adam M. Schachter
ADAM M. SCHACHTER
Florida Bar No. 647101
aschachter@gsgpa.com
JOAN M. SILVERSTEIN
Florida Bar No. 0997330
jsilverstein@gsgpa.com
CRISTINA PALMER
Florida Bar No. 1010813
cpalmer@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com

PETER M. ADAMS *
padams@cooley.com
KOJI F. FUKUMURA *
kfukumura@cooley.com
HEATHER M. SPEERS *
hspeers@cooley.com
COOLEY LLP
10265 Science Center Drive
San Diego, California 92121
Telephone (858) 550-6000

*Admitted *pro hac vice*

*Counsel for Defendants Kevin Klausmeyer,
Shrikrishna Venkataraman, and Gerhard
Watzinger*

37