**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-22574-ALTONAGA/Reid**

In re:

**KNOWBE4, INC.
SECURITIES LITIGATION**

_____/

**ELEPHANT PARTNERS AND JEREMIAH DALY'S ANSWER AND AFFIRMATIVE
DEFENSES TO CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Defendants Elephant Partners, Elephant Partners I, L.P., Elephant Partners II, L.P., Elephant Partners 2019 SPV-A, L.P., and Elephant Partners II-B, L.P. (collectively, "Elephant Partners") and Jeremiah Daly ("Mr. Daly"), by and through their undersigned counsel, hereby file this Answer and Affirmative Defenses to the Consolidated Amended Class Action Complaint (ECF No. 70) (the "Complaint") filed by Lead Plaintiffs Water Island Event-Driven Fund, The Arbitrage Fund, AltShares Merger Arbitrage ETF, and the Hilary L. Shane Revocable Trust (collectively, "Lead Plaintiffs" or "Plaintiffs").

Elephant Partners and Mr. Daly respond only on behalf of themselves and not as to any other defendants or allegations specific to any other defendants.

**ANSWER**

Unless expressly admitted, Elephant Partners and Mr. Daly deny all allegations in the Complaint, including any allegations in section headings and footnotes.  Except when otherwise noted, capitalized terms shall have the meanings ascribed to them in the Complaint, and those terms and the headers in the Complaint are repeated herein for ease of reference, and their repetition is not an acknowledgment or admission of any characterization Lead Plaintiffs seek to associate with any such defined term.  Elephant Partners and Mr. Daly reserve the right to amend and/or supplement their Answer.

I.      **INTRODUCTION**

1.      Elephant Partners and Mr. Daly admit that Plaintiffs purport to bring a securities class action involving statements made by KnowBe4, Elephant Partners and Mr. Daly admit that

a $4.6 billion acquisition of KnowBe4 by private equity firm Vista closed in February 2023. Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 1, including Plaintiffs' characterization of the events at issue and any legal conclusions.

2.      Elephant Partners and Mr. Daly admit that Elephant Partners I, L.P., Elephant Partners 2019 SPV-A, L.P., Elephant Partners II, L.P., and Elephant Partners II-B, L.P. held shares of KnowBe4 stock and agreed to roll over a portion of existing equity in KnowBe4 into an ownership interest in the surviving company.  Elephant Partners and Mr. Daly further admit that, under the terms of the Merger Agreement, shares of KnowBe4 common stock held by Public Stockholders would be converted into the right to receive $24.90 per share in cash.  Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 2, including Plaintiffs' characterization of the events at issue and any legal conclusions.

3.      Elephant Partners and Mr. Daly admit that Elephant Partners indicated that it may be interested in rolling over its equity in a potential transaction on June 22, 2022.  Claims regarding the independence of the special committee were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, except as expressly admitted, Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 3 and footnote 3, including Plaintiffs' characterization of the events at issue and any legal conclusions.

4.      Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A with the SEC on December 22, 2022 and respectfully refer the Court to this filing for its complete and accurate contents.  Claims regarding the independence of the special committee were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, except as expressly admitted, Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 4, including Plaintiffs' characterization of the events at issue and any legal conclusions.

5.      Elephant Partners and Mr. Daly admit that, under the terms of the Merger Agreement, shares of KnowBe4 common stock held by Public Stockholders would be converted into the right to receive $24.90 per share in cash.  Claims based on allegations in Paragraph 5 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, Elephant Partners and Mr. Daly deny the remaining

allegations in Paragraph 5, including Plaintiffs' characterization of the events at issue and any legal conclusions.

6.      Elephant Partners and Mr. Daly admit that, under the terms of the Merger Agreement, shares of KnowBe4 common stock held by Public Stockholders would be converted into the right to receive $24.90 per share in cash.  Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, on that basis, deny them, including any legal conclusions.

7.      Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A with the SEC on December 22, 2022 and respectfully refer the Court to this filing for its complete and accurate contents.  Claims based on allegations in Paragraph 7 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required. Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 7, including Plaintiffs' characterization of the events at issue and any legal conclusions.

8.      Elephant Partners and Mr. Daly admit that the Merger was overwhelmingly approved in a stockholder vote.  Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 8, including Plaintiffs' characterization of the events at issue and any legal conclusions.

9.      Elephant Partners and Mr. Daly deny the allegations in Paragraph 9, including Plaintiffs' characterization of the events at issue and any legal conclusions.

## II.      JURISDICTION AND VENUE

10.      Elephant Partners and Mr. Daly admit that Plaintiffs purport to bring claims based on Sections 10(b), 14(a) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78n(a), 78t(a), and Rules 10b-5 and 14a-9 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5 and 17 C.F.R. § 240.14a-9.  Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 10, including Plaintiffs' characterization of the events at issue and any legal conclusions.

11.      Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, on that basis, deny them.

12.      Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, on that basis, deny them.

13.      Elephant Partners and Mr. Daly deny the allegations in Paragraph 13, including Plaintiffs' characterization of the events at issue and any legal conclusions.

III.     **PARTIES**

A.      **Lead Plaintiffs**

14.     Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, deny them.

15.     Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, on that basis, deny them.

16.     Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, on that basis, deny them.

17.     Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, on that basis, deny them.

18.     Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 regarding each Lead Plaintiff's ownership or status at the time of the Merger, and, on that basis, deny them.  Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 18, including Plaintiffs' characterization of the events at issue and any legal conclusions.

B.      **Defendant KnowBe4**

19.     Elephant Partners and Mr. Daly admit the allegations in Paragraph 19.

20.     Count II was dismissed as to KnowBe4 pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, Elephant Partners and Mr. Daly deny the allegations in Paragraph 20 and that Plaintiffs are entitled to any relief in this action.

C.      **The Special Committee Defendants**

21.     Claims based on Special Committee's independence were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, Elephant Partners and Mr. Daly admit that Mr. Venkataraman served as a director of KnowBe4, was appointed to the Special Committee, and served as KnowBe4's Co-President and CFO for a period of time.  Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 21, including Plaintiffs' characterization of the events at issue and any legal conclusions.

22. Elephant Partners and Mr. Daly deny the allegations in Paragraph 22 and that Plaintiffs are entitled to any relief in this action.

23. Claims based on Special Committee's independence were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, Elephant Partners and Mr. Daly admit that Mr. Klausmeyer served as a director of KnowBe4 and was appointed to the Special Committee.  Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 23, including Plaintiffs' characterization of the events at issue and any legal conclusions.

24. Elephant Partners and Mr. Daly deny the allegations in Paragraph 24 and that Plaintiffs are entitled to any relief in this action.

25. Claims based on Special Committee's independence were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, Elephant Partners and Mr. Daly admit that Mr. Watzinger served as a director of KnowBe4 and was appointed to the Special Committee.  Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 25, including Plaintiffs' characterization of the events at issue and any legal conclusions.

26. Elephant Partners and Mr. Daly deny the allegations in Paragraph 26 and that Plaintiffs are entitled to any relief in this action.

27. Elephant Partners and Mr. Daly deny the allegations in Paragraph 27 and that Plaintiffs are entitled to any relief in this action.

**D.     The Director Defendants**

28. Elephant Partners and Mr. Daly admit that Mr. Sjouwerman founded KnowBe4 and has served as its CEO and a director since the Company's inception in 2010.  Elephant Partners and Mr. Daly further admit that Mr. Sjouwerman held KnowBe4 stock and agreed to roll over a portion of his existing equity in KnowBe4 into an ownership interest in the surviving company. Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and, on that basis, deny them, including any legal conclusions.

29. Elephant Partners and Mr. Daly deny the allegations in Paragraph 29 that Plaintiffs are entitled to any relief in this action.

30.     Elephant Partners and Mr. Daly admit that Mr. Daly served as a director of KnowBe4 from January 2016 through the closing of the merger and that he is a co-founder and General Partner of Elephant, a venture capital firm.  Elephant Partners and Mr. Daly further admit that Elephant Partners I, L.P., Elephant Partners 2019 SPV-A, L.P., Elephant Partners II, L.P., and Elephant Partners II-B, L.P. held shares of KnowBe4 stock and agreed to roll over a portion of existing equity in KnowBe4 into an ownership interest in the surviving company.  Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 30, including Plaintiffs' characterization of the events at issue and any legal conclusions.

31.     Count II was dismissed as to Mr. Daly pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 31 and that Plaintiffs are entitled to any relief in this action.

32.     Elephant Partners and Mr. Daly admit that Mr. Shanley served as a director of KnowBe4 from March 2019 through the closing of the Merger.  Elephant Partners and Mr. Daly further admit that KKR Knowledge Investors L.P. held shares of KnowBe4 stock.  Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and, on that basis, deny them, including any legal conclusions.

33.     Count II was dismissed as to Mr. Shanley pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 33 and that Plaintiffs are entitled to any relief in this action.

34.     Elephant Partners and Mr. Daly admit that Ms. Wilson served as a director of KnowBe4 from January 2020 through the closing of the Merger.  Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and, on that basis, deny them, including any legal conclusions.

35.     Count II was dismissed as to Ms. Wilson pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 35 and that Plaintiffs are entitled to any relief in this action.

36.     Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 36 and that Plaintiffs are entitled to any relief in this action.

### E.      Defendant KKR

37.      Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, on that basis, deny them.

38.      Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A with the SEC on December 22, 2022 and respectfully refer the Court to this filing for its complete and accurate contents.  Except where expressly admitted, Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 and, on that basis, deny them.

39.      Elephant Partners and Mr. Daly deny the allegations in Paragraph 39 that Plaintiffs are entitled to any relief in this action.

40.      Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, on that basis, deny them.

41.      Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A and a Schedule 13E-3 with the SEC on December 22, 2022 and respectfully refer the Court to these filings for their complete and accurate contents.  Elephant Partners and Mr. Daly deny the allegations in Paragraph 41 that Plaintiffs are entitled to any relief in this action.

### F.      Defendant Elephant Partners

42.      Elephant Partners and Mr. Daly admit JAHD Management Company, LLC d/b/a Elephant is a venture capital management firm with operations in Boston, Massachusetts.  Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 42, including Plaintiffs' characterization of the events at issue and any legal conclusions.

43.      Elephant Partners and Mr. Daly admit that Elephant Partners I, L.P. and Elephant Partners 2019 SPV-A, L.P. are limited partnerships of Elephant Partners GP I, LLC and that Elephant Partners II, L.P. and Elephant Partners II-B, L.P. are limited partnerships of Elephant Partners GP II, LLC.  Elephant Partners and Mr. Daly further admit that Elephant Partners I, L.P., Elephant Partners 2019 SPV-A, L.P., Elephant Partners II, L.P., and Elephant Partners II-B, L.P. held shares of KnowBe4 stock.  Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 43, including Plaintiffs' characterization of the events at issue and any legal conclusions.

44. Elephant Partners and Mr. Daly deny the allegations in Paragraph 44 and that Plaintiffs are entitled to any relief in this action.

45. Elephant Partners and Mr. Daly admit that Elephant Partners I, L.P. and Elephant Partners 2019 SPV-A, L.P. are limited partnerships of Elephant Partners GP I, LLC and that Elephant Partners II, L.P. and Elephant Partners II-B, L.P. are limited partnerships of Elephant Partners GP II, LLC.  Elephant Partners and Mr. Daly further admit that Elephant Partners I, L.P., Elephant Partners 2019 SPV-A, L.P., Elephant Partners II, L.P., and Elephant Partners II-B, L.P. held shares of KnowBe4 stock entitling them to 37.5% of the total company voting power. Elephant Partners and Mr. Daly further admit that Elephant Partners I, L.P., Elephant Partners 2019 SPV-A, L.P., Elephant Partners II, L.P., and Elephant Partners II-B, L.P. held shares of KnowBe4 stock and agreed to roll over a portion of existing equity in KnowBe4 into an ownership interest in the surviving company.  Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 45, including Plaintiffs' characterization of the events at issue and any legal conclusions.

46. Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement and Schedule 13E-3 with the SEC on December 22, 2022 and respectfully refer the Court to these filings for their complete and accurate contents.  Elephant Partners and Mr. Daly further admit that Elephant Partners I, L.P., Elephant Partners 2019 SPV-A, L.P., Elephant Partners II, L.P., and Elephant Partners II-B, L.P. are defined as Purchaser Filing Parties in the Proxy.  Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 46 and that Plaintiffs are entitled to any relief in this action.

### G.    Defendant Vista

47. Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, on that basis, deny them, including any legal conclusions.

48. Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A and a Schedule 13E-3 with the SEC on December 22, 2022 and respectfully refer the Court to this filing for its complete and accurate contents.  Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 48 and that Plaintiffs are entitled to any relief in this action.

**H.      Non-Party Morgan Stanley**

49.      Elephant Partners and Mr. Daly admit that Morgan Stanley served as the Special Committee's financial advisor and that the Proxy disclosed that Morgan Stanley had relationships with and received fees from providing services to KnowBe4, Vista, and KKR.  Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 49, including Plaintiffs' characterization of the events at issue and any legal conclusions.

## IV.      FACTUAL BACKGROUND

**A.      Background of KnowBe4, and Elephant Partners' and KKR's Substantial Investments in the Company**

50.      Elephant Partners and Mr. Daly admit that KnowBe4 was founded by Mr. Sjouwerman in 2010 and that KnowBe4 filed a Form 10-K with the SEC on March 10, 2022, which is publicly available and contains the quoted, excerpted language.  Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 50, including Plaintiffs' characterization of the events at issue and any legal conclusions.

51.      Elephant Partners and Mr. Daly admit that Elephant Partners I, L.P., Elephant Partners 2019 SPV-A, L.P., Elephant Partners II, L.P., and Elephant Partners II-B, L.P. invested in KnowBe4, including a June 2019 investment.  Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 and, on that basis, deny them, including any legal conclusions.

52.      Elephant Partners and Mr. Daly admit that KnowBe4 completed its IPO on April 22, 2021 and KnowBe4 utilized a dual class stock structure.  Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 and, on that basis, deny them, including any legal conclusions.

53.      Elephant Partners and Mr. Daly admit that KnowBe4's Charter contains the quoted, excerpted language in Paragraph 53.  Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 and, on that basis, deny them, including any legal conclusions.

54.      Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and footnote 4 and, on that basis, deny them, including any legal conclusions.

9

55.     Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and footnotes 5, 6, and 7 and, on that basis, deny them, including any legal conclusions.

56.     Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and footnote 8 and, on that basis, deny them, including any legal conclusions.

57.     Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 and, on that basis, deny them, including any legal conclusions.

58.     Elephant Partners and Mr. Daly admit that certain KnowBe4 stockholders, including Elephant Partners I, L.P., Elephant Partners 2019 SPV-A, L.P., Elephant Partners II, L.P., and Elephant Partners II-B, L.P. sold shares of KnowBe4 stock to Vista in 2021.  Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58 and, on that basis, deny them, including any legal conclusions.

**B.     KnowBe4 Goes Public and Accelerates Its Growth but the Public Markets Did Not Credit Its Success**

59.     Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, on that basis, deny them, including any legal conclusions.

60.     Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, on that basis, deny them, including any legal conclusions.

61.     Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, on that basis, deny them, including any legal conclusions.

62.     Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, on that basis, deny them, including any legal conclusions.

63.     Elephant Partners and Mr. Daly admit that KnowBe4 announced its second quarter of 2022 financial results, which are publicly available and contain the quoted, excerpted language

in Paragraph 63. Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and, on that basis, deny them, including any legal conclusions.

64.     Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and, on that basis, deny them, including any legal conclusions.

**C.      On October 12, 2022, KnowBe4 Announces a Take-Private Merger with Vista in Which Insiders Are Given Special Treatment, While Falsely Assuring Investors That the Deal Was Overseen by an "Independent" Special Committee and Financial Advisor**

65.     Elephant Partners and Mr. Daly admit that KnowBe4 announced its second quarter of 2022 financial results, which are publicly available and contain the quoted, excerpted language in Paragraph 65. Elephant Partners and Mr. Daly admit that KnowBe4 filed a press release on October 12, 2022 announcing the Merger. Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65 and, on that basis, deny them, including any legal conclusions.

66.     Elephant Partners and Mr. Daly admit that KnowBe4 filed a press release on October 12, 2022 announcing the Merger which contains the per share price and approximate valuation of the company and the quoted, excerpted language in Paragraph 66. Elephant Partners and Mr. Daly further admit that, under the terms of the Merger Agreement, shares of KnowBe4 common stock held by Public Stockholders would be converted into the right to receive $24.90 per share in cash. Except as expressly admitted, Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 66, including Plaintiffs' characterization of the events at issue and any legal conclusions.

67.     Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, on that basis, deny them, including any legal conclusions.

68.     Elephant Partners and Mr. Daly admit that KnowBe4 filed a press release on October 12, 2022 announcing the Merger which contains the quoted, excerpted language in Paragraph 68. Except as expressly admitted, Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, on that basis, deny them, including any legal conclusions.

11

69.     Claims based on allegations in Paragraph 69 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and footnote 9 and, on that basis, deny them, including any legal conclusions.

70.     Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, on that basis, deny them, including any legal conclusions.

**D.      The Merger Proxy Includes a Series of False and Misleading Statements and Omissions of Material Facts to Induce Public Stockholders to Vote For The Merger**

71.     Elephant Partners and Mr. Daly admit the allegations in Paragraph 71.

72.     Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A with the SEC on December 22, 2022 and respectfully refer the Court to this filing for its complete and accurate contents.  Except as expressly admitted, Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 72, including Plaintiffs' characterization of the events at issue and any legal conclusions.

73.     Elephant Partners and Mr. Daly admit the allegations in Paragraph 73 as to Elephant Partners' support agreement.  Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 and, on that basis, deny them, including any legal conclusions.

74.     Elephant Partners and Mr. Daly deny the allegations in Paragraph 74, including Plaintiffs' characterization of the events at issue and any legal conclusions.

**1.      The Purported Independence of the Special Committee**

75.     Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A with the SEC on December 22, 2022 and respectfully refer the Court to this filing for its complete and accurate contents.  Except as expressly admitted, Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 75, including Plaintiffs' characterization of the events at issue and any legal conclusions.

76.     Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A with the SEC on December 22, 2022 and respectfully refer the Court to this filing

for its complete and accurate contents. Except as expressly admitted, Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 76, including Plaintiffs' characterization of the events at issue and any legal conclusions.

77. Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A with the SEC on December 22, 2022 and respectfully refer the Court to this filing for its complete and accurate contents. Except as expressly admitted, Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 77, including Plaintiffs' characterization of the events at issue and any legal conclusions.

78. Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A with the SEC on December 22, 2022 and a press release regarding the Merger on October 12, 2022 and respectfully refer the Court to these filings for their complete and accurate contents. Except as expressly admitted, Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 78, including Plaintiffs' characterization of the events at issue and any legal conclusions.

79. Claims based on allegations in Paragraph 79 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required. To the extent a response is required, Elephant Partners and Mr. Daly deny the allegations in Paragraph 79, including Plaintiffs' characterization of the events at issue and any legal conclusions.

80. Claims based on allegations in Paragraph 80 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required. To the extent a response is required, Elephant Partners and Mr. Daly deny the allegations in Paragraph 80, including Plaintiffs' characterization of the events at issue and any legal conclusions.

81. Claims based on allegations in Paragraph 81 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required. To the extent a response is required, Elephant Partners and Mr. Daly deny the allegations in Paragraph 81 and footnote 10, including Plaintiffs' characterization of the events at issue and any legal conclusions.

82. Claims based on allegations in Paragraph 82 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required. To the extent a response is required, Elephant Partners and Mr. Daly deny the allegations in Paragraph 82, including Plaintiffs' characterization of the events at issue and any legal conclusions.

83.      Claims based on allegations in Paragraph 83 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, Elephant Partners and Mr. Daly deny the allegations in Paragraph 83, including Plaintiffs' characterization of the events at issue and any legal conclusions.

84.      Claims based on allegations in Paragraph 84 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, Elephant Partners and Mr. Daly deny the allegations in Paragraph 84, including Plaintiffs' characterization of the events at issue and any legal conclusions.

85.      Claims based on allegations in Paragraph 85 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, Elephant Partners and Mr. Daly deny the allegations in Paragraph 85, including Plaintiffs' characterization of the events at issue and any legal conclusions.

### 2.      The Purported Independence of the Special Committee's Financial Advisor Morgan Stanley

86.      Claims based on allegations in Paragraph 86 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A with the SEC on December 22, 2022 and respectfully refer the Court to this filing for its complete and accurate contents.  Except where expressly admitted, Elephant Partners and Mr. Daly deny the allegations in Paragraph 86, including Plaintiffs' characterization of the events at issue and any legal conclusions.

87.      Claims based on allegations in Paragraph 87 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, Elephant Partners and Mr. Daly deny the allegations in Paragraph 87 and footnote 11, including Plaintiffs' characterization of the events at issue and any legal conclusions.

88.      Claims based on allegations in Paragraph 88 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, Elephant Partners and Mr. Daly deny the allegations in Paragraph 88, including Plaintiffs' characterization of the events at issue and any legal conclusions.

89.      Claims based on allegations in Paragraph 89 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is

required, Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A with the SEC on December 22, 2022 and respectfully refer the Court to this filing for its complete and accurate contents.  Except as expressly admitted, Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 89, including Plaintiffs' characterization of the events at issue and any legal conclusions.

90.     Claims based on allegations in Paragraph 90 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A with the SEC on December 22, 2022 and respectfully refer the Court to this filing for its complete and accurate contents.  Except as expressly admitted, Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 90, including Plaintiffs' characterization of the events at issue and any legal conclusions.

91.     Claims based on allegations in Paragraph 91 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 91, including Plaintiffs' characterization of the events at issue and any legal conclusions.

### 3.     The Purported Fairness of the Merger Price

92.     Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A with the SEC on December 22, 2022 and respectfully refer the Court to this filing for its complete and accurate contents.  Elephant Partners and Mr. Daly further admit that, under the terms of the Merger Agreement, shares of KnowBe4 common stock held by Public Stockholders would be converted into the right to receive $24.90 per share in cash.  Except as expressly admitted, Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 92, including Plaintiffs' characterization of the events at issue and any legal conclusions.

93.     Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A with the SEC on December 22, 2022 and respectfully refer the Court to this filing for its complete and accurate contents.  Except as expressly admitted, Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 93, including Plaintiffs' characterization of the events at issue and any legal conclusions.

94.     Elephant Partners and Mr. Daly admit that Morgan Stanley made a presentation to the Special Committee on September 15, 2022.  Elephant Partners and Mr. Daly further admit that,

under the terms of the Merger Agreement, shares of KnowBe4 common stock held by Public Stockholders would be converted into the right to receive $24.90 per share in cash.  Except as expressly admitted, Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 94, including Plaintiffs' characterization of the events at issue and any legal conclusions.

95.     Elephant Partners and Mr. Daly admit that Morgan Stanley made a presentation to the Special Committee on September 15, 2022.  Except as expressly admitted, Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 95, including Plaintiffs' characterization of the events at issue and any legal conclusions.

96.     Elephant Partners and Mr. Daly deny the allegations in Paragraph 96.

### 4.     Omission That KKR Increased its Rollover Upon Learning of the Deal Price

97.     Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A with the SEC on December 22, 2022 and respectfully refer the Court to this filing for its complete and accurate contents.  Elephant Partners and Mr. Daly further admit that, under the terms of the Merger Agreement, shares of KnowBe4 common stock held by Public Stockholders would be converted into the right to receive $24.90 per share in cash.  Elephant Partners and Mr. Daly otherwise lack knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 97 and, on that basis, deny them.

98.     Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A with the SEC on December 22, 2022 and respectfully refer the Court to this filing for its complete and accurate contents.  Elephant Partners and Mr. Daly further admit that, under the terms of the Merger Agreement, shares of KnowBe4 common stock held by Public Stockholders would be converted into the right to receive $24.90 per share in cash.  Elephant Partners and Mr. Daly otherwise lack knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 98 and, on that basis, deny them.

99.     Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A with the SEC on December 22, 2022 and respectfully refer the Court to this filing for its complete and accurate contents.  Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 99 and, on that basis, deny them.

100.     Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A with the SEC on December 22, 2022 and respectfully refer the Court to this filing for its complete and accurate contents.  Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 100, including Plaintiffs' characterization of the events at issue and any legal conclusions.

**E.     The Misleading Proxy Statement Was Critical to Obtaining Shareholder Approval of the Merger Especially in Light of the Unfair Pro-Vista Sales Process**

101.     Elephant Partners and Mr. Daly deny the allegations in Paragraph 101.

102.     Elephant Partners and Mr. Daly deny the allegations in Paragraph 102, including Plaintiffs' characterization of the events at issue and any legal conclusions.

103.     Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A with the SEC on December 22, 2022 and respectfully refer the Court to this filing for its complete and accurate contents.  Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence, and on that basis, deny them.  Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 103, including Plaintiffs' characterization of the events at issue and any legal conclusions.

104.     Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A with the SEC on December 22, 2022 and respectfully refer the Court to this filing for its complete and accurate contents.  Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 104 and, on that basis, deny them.

105.     Elephant Partners and Mr. Daly deny the allegations in Paragraph 105 and footnote 12, including Plaintiffs' characterization of the events at issue and any legal conclusions.

106.     Claims based on allegations in Paragraph 106 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, Elephant Partners and Mr. Daly deny the allegations in Paragraph 106, including any legal conclusions.

**F.     The Merger Closes And Public Stockholders Are Harmed**

107.     Elephant Partners and Mr. Daly admit the allegations in Paragraph 107.

108.    Elephant Partners and Mr. Daly admit that KnowBe4 announced financial results for the third quarter of 2022 on November 14, 2022 and preliminary financial results for the fourth quarter of 2022 on January 24, 2023, both of which are publicly available.  Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 108 and, on that basis, deny them, including any legal conclusions.

## V.    DEFENDANTS' VIOLATIONS OF THE EXCHANGE ACT

109.    Claims based on allegations in Paragraph 109 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 109, including Plaintiffs' characterization of the events at issue and any legal conclusions.

110.    Elephant Partners and Mr. Daly deny the allegations in Paragraph 110, including Plaintiffs' characterization of the events at issue and any legal conclusions.

### A.    October 12, 2022 Merger Press Release

111.    Claims based on allegations in Paragraph 111 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, Elephant Partners and Mr. Daly deny the allegations in Paragraph 111, including Plaintiffs' characterization of the events at issue and any legal conclusions.

112.    Claims based on allegations in Paragraph 112 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, Elephant Partners and Mr. Daly admit that KnowBe4 filed a Merger Press Release with the SEC on Form 8-K on October 12, 2022, which included the quoted language. Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 112, including Plaintiffs' characterization of the events at issue and any legal conclusions.

113.    Claims based on allegations in Paragraph 113 were dismissed pursuant to the Court's Order, *see*  Dkt. No. 100, and on that basis, no response is required.  Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 113, including Plaintiffs' characterization of the events at issue and any legal conclusions.

114.    Elephant Partners and Mr. Daly admit that KnowBe4 filed a Merger Press Release with the SEC on Form 8-K on October 12, 2022, which included the quoted language.  Elephant

Partners and Mr. Daly deny the remaining allegations in Paragraph 114, including Plaintiffs' characterization of the events at issue and any legal conclusions.

115. Claims based on allegations in Paragraph 115 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required. Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 115, including Plaintiffs' characterization of the events at issue and any legal conclusions.

**B.     October 13, 2022 Form 8-K and Merger Agreement**

116. Elephant Partners and Mr. Daly admit that KnowBe4 filed a Form 8-K with the SEC on October 13, 2022. Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 116, including Plaintiffs' characterization of the events at issue and any legal conclusions.

117. Claims based on allegations in Paragraph 117 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required. To the extent a response is required, Elephant Partners and Mr. Daly admit that KnowBe4 filed a Form 8-K with the SEC on October 13, 2022, which included the quoted language.

118. Claims based on allegations in Paragraph 118 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required. Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 118, including Plaintiffs' characterization of the events at issue and any legal conclusions.

**C.     December 22, 2022 Definitive Proxy Statement**

119. Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A with the SEC on December 22, 2022 and respectfully refer the Court to this filing for its complete and accurate contents. Except as expressly admitted, Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 119, including Plaintiffs' characterization of the events at issue and any legal conclusions.

120. Elephant Partners and Mr. Daly deny the allegations in Paragraph 120.

**1.     That The Merger was Fair and in the Best Interest of the Public Stockholders**

121. Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A with the SEC on December 22, 2022 and respectfully refer the Court to this filing

for its complete and accurate contents.  Except as expressly admitted, Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 121, including Plaintiffs' characterization of the events at issue and any legal conclusions.

122.    Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A with the SEC on December 22, 2022 and respectfully refer the Court to this filing for its complete and accurate contents.  Except as expressly admitted, Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 122, including Plaintiffs' characterization of the events at issue and any legal conclusions.

123.    Elephant Partners and Mr. Daly deny the allegations in Paragraph 123, including Plaintiffs' characterization of the events at issue and any legal conclusions.

124.    Elephant Partners and Mr. Daly deny the allegations in Paragraph 124, including Plaintiffs' characterization of the events at issue and any legal conclusions.

125.    Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A with the SEC on December 22, 2022 and respectfully refer the Court to this filing for its complete and accurate contents.  Except as expressly admitted, Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 125, including Plaintiffs' characterization of the events at issue and any legal conclusions.

126.    Elephant Partners and Mr. Daly deny the allegations in Paragraph 126, including Plaintiffs' characterization of the events at issue and any legal conclusions.

### 2.    The Special Committee Members' Conflicts of Interest and the Evaluation of Those Conflicts

127.    Claims based on allegations in Paragraph 127 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, Elephant Partners and Mr. Daly deny the allegations in Paragraph 127, including Plaintiffs' characterization of the events at issue and any legal conclusions.

128.    Claims based on allegations in Paragraph 128 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, Elephant Partners and Mr. Daly deny the allegations in Paragraph 128, including Plaintiffs' characterization of the events at issue and any legal conclusions.

129.    Claims based on allegations in Paragraph 129 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a

response is required, Elephant Partners and Mr. Daly deny the allegations in Paragraph 129, including Plaintiffs' characterization of the events at issue and any legal conclusions.

130. Claims based on allegations in Paragraph 130 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required. Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 130, including Plaintiffs' characterization of the events at issue and any legal conclusions.

### 3. Morgan Stanley's Conflicts of Interest and the Evaluation of Those Conflicts

131. Claims based on allegations in Paragraph 131 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required. To the extent a response is required, Elephant Partners and Mr. Daly deny the allegations in Paragraph 131, including Plaintiffs' characterization of the events at issue and any legal conclusions.

132. Claims based on allegations in Paragraph 132 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required. To the extent a response is required, Elephant Partners and Mr. Daly deny the allegations in Paragraph 132, including Plaintiffs' characterization of the events at issue and any legal conclusions.

133. Claims based on allegations in Paragraph 133 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required. To the extent a response is required, Elephant Partners and Mr. Daly deny the allegations in Paragraph 133, including Plaintiffs' characterization of the events at issue and any legal conclusions.

134. Claims based on allegations in Paragraph 134 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required. To the extent a response is required, Elephant Partners and Mr. Daly deny the allegations in Paragraph 134, including Plaintiffs' characterization of the events at issue and any legal conclusions.

### 4. KKR's Decision to Significantly Increase its Rollover Contribution After the Low Merger Price was Established

135. Elephant Partners and Mr. Daly deny the allegations in Paragraph 135, including Plaintiffs' characterization of the events at issue and any legal conclusions.

136. Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A with the SEC on December 22, 2022 and respectfully refer the Court to this filing for its complete and accurate contents. Except as expressly admitted, Elephant Partners and Mr.

Daly deny the remaining allegations in Paragraph 136, including Plaintiffs' characterization of the events at issue and any legal conclusions.

137.    Elephant Partners and Mr. Daly admit that KnowBe4 filed a proxy statement on Schedule 14A with the SEC on December 22, 2022 and respectfully refer the Court to this filing for its complete and accurate contents.  Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 137 and, on that basis, deny them, including any legal conclusions.

138.    Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and, on that basis, deny them, including any legal conclusions.

139.    Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding KKR's rollover and, on that basis, deny them. Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 139, including Plaintiffs' characterization of the events at issue and any legal conclusions.

**D.      December 22, 2022 Schedule 13E-3 by KnowBe4, Vista, KKR, and Elephant Partners**

140.    Elephant Partners and Mr. Daly admit that KnowBe4 filed a Schedule 13E-3 with the SEC on December 22, 2022 and respectfully refer the Court to these filings for their complete and accurate contents.  Except as expressly admitted, Elephant Partners and Mr. Daly deny the remaining allegations in Paragraph 140.

141.    Elephant Partners and Mr. Daly deny the allegations in Paragraph 141, including Plaintiffs' characterization of the events and issue and any legal conclusions, and incorporate their answers in Section V.C., *supra*.

**VI.    <u>ADDITIONAL ALLEGATIONS OF SCIENTER</u>**

142.    Claims based on allegations in Paragraph 142 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  Elephant Partners and Mr. Daly deny the allegations in Paragraph 142, including Plaintiffs' characterization of the events at issue and any legal conclusions.

A.    **Defendant Vista Was a Long-Time Investor in KnowBe4 and Motivated To Buy Out the Company for as Cheaply as Possibly [sic]**

143    Claims based on allegations in Paragraph 143 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a further response is required, Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and, on that basis, deny them, including any legal conclusions.

144.    Claims based on allegations in Paragraph 144 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a further response is required, Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and, on that basis, deny them, including any legal conclusions.

145.    Claims based on allegations in Paragraph 145 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a further response is required, Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and, on that basis, deny them, including any legal conclusions.

146.    Claims based on allegations in Paragraph 146 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a further response is required, Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and footnotes 13, 14, and 15 and, on that basis, deny them, including any legal conclusions.

147.    Claims based on allegations in Paragraph 147 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a further response is required, Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 and, on that basis, deny them, including any legal conclusions.

148.    Claims based on allegations in Paragraph 148 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a further response is required, Elephant Partners and Mr. Daly lack knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 148 and, on that basis, deny them, including any legal conclusions.

149. Claims based on allegations in Paragraph 149 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required. To the extent a further response is required, Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and, on that basis, deny them, including any legal conclusions.

**B. Defendants KKR, Elephant Partners, and Sjouwerman Rolled Over Approximately Half Their Equity and Thus Were Not Motivated to Ensure the Merger Process was Fair and in the Best Interest of the Public Stockholders**

150. Elephant Partners and Mr. Daly admit that Elephant Partners I, L.P., Elephant Partners 2019 SPV-A, L.P., Elephant Partners II, L.P., and Elephant Partners II-B, L.P. held shares of KnowBe4 stock and agreed to roll over a portion of existing equity in KnowBe4 into an ownership interest in the surviving company. Except where otherwise expressly admitted, Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 150 and, on that basis, deny them, including any legal conclusions.

151. Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and, on that basis, deny them, including any legal conclusions.

152. Elephant Partners and Mr. Daly admit that Elephant Partners and Mr. Daly further admit that Elephant Partners I, L.P., Elephant Partners 2019 SPV-A, L.P., Elephant Partners II, L.P., and Elephant Partners II-B, L.P. held 37,069,823 shares of KnowBe4 prior to the Merger, sold 20,000,000 of those shares for the Merger consideration of $24.90, and rolled over the remaining 17,069,823 of its shares into the surviving company. Except where otherwise expressly admitted, Elephant Partners and Mr. Daly deny the allegations in Paragraph 152, including Plaintiffs' characterization of the events at issue and any legal conclusions.

153. Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and, on that basis, deny them, including any legal conclusions.

154.    Elephant Partners and Mr. Daly deny the allegations in Paragraph 154, including Plaintiffs' characterization of the events at issue and any legal conclusions.

155.    Claims based on allegations in Paragraph 155 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a further response is required, Elephant Partners and Mr. Daly deny the allegations in Paragraph 155, including Plaintiffs' characterization of the events at issue and any legal conclusions.

### C.    KKR Increased its Rollover After Learning of the Deal Prices Because It Believed the Deal Price was Low

156.    Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and, on that basis, deny them, including any legal conclusions.

157.    Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and, on that basis, deny them, including any legal conclusions.

158.    Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and, on that basis, deny them, including any legal conclusions.

### D.    The Director Defendants Were Conflicted

159.    Claims based on allegations in Paragraph 159 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 as to the other directors, and, on that basis, deny them, including any legal conclusions.  Elephant Partners and Mr. Daly deny the allegations in Paragraph 159 as to themselves, including Plaintiffs' characterization of the events at issue and any legal conclusions.

160.    Claims based on allegations in Paragraph 160 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 as to the other directors, and, on that basis, deny them, including any legal conclusions.  Elephant Partners and Mr. Daly deny the

allegations in Paragraph 160 as to themselves, including Plaintiffs' characterization of the events at issue and any legal conclusions.

161.    Claims based on allegations in Paragraph 161 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 as to the other directors, and, on that basis, deny them, including any legal conclusions.  Elephant Partners and Mr. Daly deny the allegations in Paragraph 161 as to themselves, including Plaintiffs' characterization of the events at issue and any legal conclusions.

162.    Claims based on allegations in Paragraph 162 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 as to the other directors, and, on that basis, deny them, including any legal conclusions.  Elephant Partners and Mr. Daly deny the allegations in Paragraph 162 as to themselves, including Plaintiffs' characterization of the events at issue and any legal conclusions.

163.    Claims based on allegations in Paragraph 163 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 as to the other directors, and, on that basis, deny them, including any legal conclusions.  Elephant Partners and Mr. Daly deny the allegations in Paragraph 163 as to themselves, including Plaintiffs' characterization of the events at issue and any legal conclusions.

164.    Claims based on allegations in Paragraph 164 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required.  To the extent a response is required, Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 as to the other directors, and, on that basis, deny them, including any legal conclusions.  Elephant Partners and Mr. Daly deny the allegations in Paragraph 164 as to themselves, including Plaintiffs' characterization of the events at issue and any legal conclusions.

165. Claims based on allegations in Paragraph 165 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required. To the extent a response is required, Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 as to the other directors, and, on that basis, deny them, including any legal conclusions. Elephant Partners and Mr. Daly deny the allegations in Paragraph 165 as to themselves, including Plaintiffs' characterization of the events at issue and any legal conclusions.

166. Claims based on allegations in Paragraph 166 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required. To the extent a response is required, Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 as to the other directors, and, on that basis, deny them, including any legal conclusions. Elephant Partners and Mr. Daly deny the allegations in Paragraph 166 as to themselves, including Plaintiffs' characterization of the events at issue and any legal conclusions.

167. Claims based on allegations in Paragraph 167 were dismissed pursuant to the Court's Order, *see* Dkt. No. 100, and on that basis, no response is required. To the extent a response is required, Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 as to the other directors, and, on that basis, deny them, including any legal conclusions. Elephant Partners and Mr. Daly deny the allegations in Paragraph 167 as to themselves, including Plaintiffs' characterization of the events at issue and any legal conclusions.

**E.      The Special Committee Defendants Knew the Merger Process Favored Vista**

168. Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 and, on that basis, deny them, including any legal conclusions.

169. Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and, on that basis, deny them, including any legal conclusions.

### F. The Special Committee Knew the Merger Consideration Was Too Low

170. Elephant Partners and Mr. Daly admit that Morgan Stanley gave a presentation to the Special Committee that contains the quoted, excerpted language in Paragraph 170. Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and, on that basis, deny them, including any legal conclusions.

171. Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 and, on that basis, deny them, including any legal conclusions.

172. Elephant Partners and Mr. Daly admit that the Special Committee recommended that stockholders vote in favor of the Merger. Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 172 and, on that basis, deny them, including any legal conclusions.

### G. Defendants Vista, KKR, Elephant Partners, and Sjouwerman Down-Converted Their Shares to Manipulate the Vote

173. Elephant Partners and Mr. Daly admit the allegations in Paragraph 173.

174. Elephant Partners and Mr. Daly admit the allegations in Paragraph 174.

175. Elephant Partners and Mr. Daly admit that Elephant Partners I, L.P., Elephant Partners 2019 SPV-A, L.P., Elephant Partners II, L.P., and Elephant Partners II-B, L.P. owned Class B shares of KnowBe4 stock. Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 175 as to the other defendants and, on that basis, deny them.

176. Elephant Partners and Mr. Daly admit that Elephant Partners I, L.P., Elephant Partners 2019 SPV-A, L.P., Elephant Partners II, L.P., and Elephant Partners II-B, L.P. held shares of KnowBe4 stock and agreed to down-convert its KnowBe4 Class B shares into Class A shares. Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 176 and, on that basis, deny them.

177. Elephant Partners and Mr. Daly deny the allegations in Paragraph 177, including Plaintiffs' characterization of the events at issue and any legal conclusions.

## VII.   LOSS CAUSATION

178.   Elephant Partners and Mr. Daly deny the allegations in Paragraph 178, including Plaintiffs' characterization of the events at issue and any legal conclusions.

179.   Elephant Partners and Mr. Daly deny the allegations in Paragraph 179, including Plaintiffs' characterization of the events at issue and any legal conclusions.

180.   Elephant Partners and Mr. Daly admit that, under the terms of the Merger Agreement, shares of KnowBe4 common stock held by Public Stockholders would be converted into the right to receive $24.90 per share in cash.  Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 180 and, on that basis, deny them, including any legal conclusions.

181.   Elephant Partners and Mr. Daly deny the allegations in Paragraph 181, including Plaintiffs' characterization of the events at issue and any legal conclusions.

182.   Elephant Partners and Mr. Daly deny the allegations in Paragraph 182, including Plaintiffs' characterization of the events at issue and any legal conclusions.

183.   Elephant Partners and Mr. Daly deny the allegations in Paragraph 183, including Plaintiffs' characterization of the events at issue and any legal conclusions.

184.   Elephant Partners and Mr. Daly deny the allegations in Paragraph 184, including Plaintiffs' characterization of the events at issue and any legal conclusions.

185.   Elephant Partners and Mr. Daly deny the allegations in Paragraph 185, including Plaintiffs' characterization of the events at issue and any legal conclusions.

186.   Elephant Partners and Mr. Daly deny the allegations in Paragraph 186, including Plaintiffs' characterization of the events at issue and any legal conclusions.

## VIII.   INAPPLICABILITY OF STATUTORY SAFE HARBOR

187.   Elephant Partners and Mr. Daly deny the allegations in Paragraph 187, including Plaintiffs' characterization of the events at issue and any legal conclusions.

## IX.   CLASS ACTION ALLEGATIONS

188.   With regard to the first sentence, Elephant Partners and Mr. Daly admit that Plaintiffs purport to bring a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons who purchased KnowBe4 common stock from October 12, 2022 through February 1, 2023.  Elephant Partners and Mr. Daly further admit that any putative class

29

would exclude Defendants and any person, firm, trust, corporation or other entity related to, or affiliated with, any of the Defendants.  Except as expressly admitted, Elephant Partners and Mr. Daly deny that the prerequisites to a class action have been met or that the Complaint is maintainable as a class action and deny the remaining allegations in Paragraph 188, including Plaintiffs' characterization of the events at issue and any legal conclusions.

189.   Elephant Partners and Mr. Daly deny the allegations in Paragraph 189, including Plaintiffs' characterization of the events at issue and any legal conclusions.

190.   Elephant Partners and Mr. Daly deny the allegations in Paragraph 190, including Plaintiffs' characterization of the events at issue and any legal conclusions.

191.   Elephant Partners and Mr. Daly deny the allegations in Paragraph 191, including Plaintiffs' characterization of the events at issue and any legal conclusions.

192.   Elephant Partners and Mr. Daly deny the allegations in Paragraph 192, including Plaintiffs' characterization of the events at issue and any legal conclusions.

193.   Elephant Partners and Mr. Daly deny the allegations in Paragraph 193, including Plaintiffs' characterization of the events at issue and any legal conclusions.

194.   Elephant Partners and Mr. Daly deny the allegations in Paragraph 194, including Plaintiffs' characterization of the events at issue and any legal conclusions.

195.   Elephant Partners and Mr. Daly deny the allegations in Paragraph 195, including Plaintiffs' characterization of the events at issue and any legal conclusions.

## X.      PRESUMPTION OF RELIANCE

196.   Elephant Partners and Mr. Daly deny the allegations in Paragraph 196, including Plaintiffs' characterization of the events at issue and any legal conclusions.

197.   Elephant Partners and Mr. Daly deny the allegations in Paragraph 197, including Plaintiffs' characterization of the events at issue and any legal conclusions.

198.   Elephant Partners and Mr. Daly deny the allegations in Paragraph 198, including Plaintiffs' characterization of the events at issue and any legal conclusions.

199.   Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 and, on that basis, deny them, including any legal conclusions.

200.     Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 and, on that basis, deny them, including any legal conclusions.

201.     Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 and, on that basis, deny them, including any legal conclusions.

202.     Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 and, on that basis, deny them, including any legal conclusions.

203.     Elephant Partners and Mr. Daly lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 and, on that basis, deny them, including any legal conclusions.

## COUNT I
### Against Defendants KnowBe4, Elephant Partners, KKR, Vista and Each of the Director Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder

204.     Elephant Partners and Mr. Daly restate and incorporate their answers to Paragraphs 1-141 and 178-203 of the Complaint and deny the allegations in Paragraph 204, including Plaintiffs' characterization of the events at issue and any legal conclusions.

205.     Elephant Partners and Mr. Daly deny the allegations in Paragraph 205, including Plaintiffs' characterization of the events at issue and any legal conclusions.

206.     Elephant Partners and Mr. Daly deny the allegations in Paragraph 206, including Plaintiffs' characterization of the events at issue and any legal conclusions.

207.     Elephant Partners and Mr. Daly deny the allegations in Paragraph 207, including Plaintiffs' characterization of the events at issue and any legal conclusions.

208.     Elephant Partners and Mr. Daly deny the allegations in Paragraph 208, including Plaintiffs' characterization of the events at issue and any legal conclusions.

209.     Elephant Partners and Mr. Daly deny the allegations in Paragraph 209, including Plaintiffs' characterization of the events at issue and any legal conclusions.

210.     Elephant Partners and Mr. Daly deny the allegations in Paragraph 210, including Plaintiffs' characterization of the events at issue and any legal conclusions.

211.   Elephant Partners and Mr. Daly deny the allegations in Paragraph 211, including Plaintiffs' characterization of the events at issue and any legal conclusions.

212.   Elephant Partners and Mr. Daly deny the allegations in Paragraph 212, including Plaintiffs' characterization of the events at issue and any legal conclusions.

213.   Elephant Partners and Mr. Daly deny the allegations in Paragraph 213, including Plaintiffs' characterization of the events at issue and any legal conclusions.

214.   Elephant Partners and Mr. Daly deny the allegations in Paragraph 214, including Plaintiffs' characterization of the events at issue and any legal conclusions.

## COUNT II
### Against Defendants KnowBe4, Elephant Partners, KKR, Vista and Each of the Director Defendants for Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder

215.   Claims based on allegations in Paragraph 215 were dismissed as to Mr. Daly pursuant to the Court's order, *see* Dkt. No. 100 at 13 (ordering that "Count II is dismissed as to KnowBe4, Daly, Shanley, and Wilson"). Elephant Partners and Mr. Daly restate and incorporate their answers to Paragraphs 1-203 of the Complaint and deny the allegations in Paragraph 215, including Plaintiffs' characterization of the events at issue and any legal conclusions.

216.   Claims based on allegations in Paragraph 216 were dismissed as to Mr. Daly pursuant to the Court's order, *see* Dkt. No. 100 at 13 (ordering that "Count II is dismissed as to KnowBe4, Daly, Shanley, and Wilson"). Elephant Partners and Mr. Daly deny the allegations in Paragraph 216, including Plaintiffs' characterization of the events at issue and any legal conclusions.

217.   Claims based on allegations in Paragraph 217 were dismissed as to Mr. Daly pursuant to the Court's order, *see* Dkt. No. 100 at 13 (ordering that "Count II is dismissed as to KnowBe4, Daly, Shanley, and Wilson"). Elephant Partners and Mr. Daly deny the allegations in Paragraph 217, including Plaintiffs' characterization of the events at issue and any legal conclusions.

218.   Claims based on allegations in Paragraph 218 were dismissed as to Mr. Daly pursuant to the Court's order, *see* Dkt. No. 100 at 13 (ordering that "Count II is dismissed as to KnowBe4, Daly, Shanley, and Wilson"). Elephant Partners and Mr. Daly deny the allegations in Paragraph 218, including Plaintiffs' characterization of the events at issue and any legal conclusions.

32

219. Claims based on allegations in Paragraph 219 were dismissed as to Mr. Daly pursuant to the Court's order, *see* Dkt. No. 100 at 13 (ordering that "Count II is dismissed as to KnowBe4, Daly, Shanley, and Wilson").  Elephant Partners and Mr. Daly deny the allegations in Paragraph 219, including Plaintiffs' characterization of the events at issue and any legal conclusions.

220. Claims based on allegations in Paragraph 220 were dismissed as to Mr. Daly pursuant to the Court's order, *see* Dkt. No. 100 at 13 (ordering that "Count II is dismissed as to KnowBe4, Daly, Shanley, and Wilson").  Elephant Partners and Mr. Daly deny the allegations in Paragraph 220, including Plaintiffs' characterization of the events at issue and any legal conclusions.

221. Claims based on allegations in Paragraph 221 were dismissed as to Mr. Daly pursuant to the Court's order, *see* Dkt. No. 100 at 13 (ordering that "Count II is dismissed as to KnowBe4, Daly, Shanley, and Wilson").  Elephant Partners and Mr. Daly deny the allegations in Paragraph 221, including Plaintiffs' characterization of the events at issue and any legal conclusions.

222. Claims based on allegations in Paragraph 222 were dismissed as to Mr. Daly pursuant to the Court's order, *see* Dkt. No. 100 at 13 (ordering that "Count II is dismissed as to KnowBe4, Daly, Shanley, and Wilson").  Elephant Partners and Mr. Daly deny the allegations in Paragraph 222, including Plaintiffs' characterization of the events at issue and any legal conclusions.

223. Claims based on allegations in Paragraph 223 were dismissed as to Mr. Daly pursuant to the Court's order, *see* Dkt. No. 100 at 13 (ordering that "Count II is dismissed as to KnowBe4, Daly, Shanley, and Wilson").  Elephant Partners and Mr. Daly deny the allegations in Paragraph 223, including Plaintiffs' characterization of the events at issue and any legal conclusions.

224. Claims based on allegations in Paragraph 224 were dismissed as to Mr. Daly pursuant to the Court's order, *see* Dkt. No. 100 at 13 (ordering that "Count II is dismissed as to KnowBe4, Daly, Shanley, and Wilson").  Elephant Partners and Mr. Daly deny the allegations in Paragraph 224, including Plaintiffs' characterization of the events at issue and any legal conclusions.

225. Claims based on allegations in Paragraph 225 were dismissed as to Mr. Daly pursuant to the Court's order, *see* Dkt. No. 100 at 13 (ordering that "Count II is dismissed as to KnowBe4, Daly, Shanley, and Wilson"). Elephant Partners and Mr. Daly deny the allegations in Paragraph 225, including Plaintiffs' characterization of the events at issue and any legal conclusions.

226. Claims based on allegations in Paragraph 226 were dismissed as to Mr. Daly pursuant to the Court's order, *see* Dkt. No. 100 at 13 (ordering that "Count II is dismissed as to KnowBe4, Daly, Shanley, and Wilson"). Elephant Partners and Mr. Daly deny the allegations in Paragraph 226, including Plaintiffs' characterization of the events at issue and any legal conclusions.

## COUNT III
### Against the Director Defendants, KKR, Elephant Partners, and Vista for Violations of Section 20(a) of the Exchange Act

227. Elephant Partners and Mr. Daly restate and incorporate their answers to Paragraphs 1-203 of the Complaint and deny the allegations in Paragraph 227, including Plaintiffs' characterization of the events at issue and any legal conclusions.

228. Elephant Partners and Mr. Daly deny the allegations in Paragraph 228, including Plaintiffs' characterization of the events at issue and any legal conclusions.

229. Elephant Partners and Mr. Daly deny the allegations in Paragraph 229, including Plaintiffs' characterization of the events at issue and any legal conclusions.

230. Elephant Partners and Mr. Daly deny the allegations in Paragraph 230, including Plaintiffs' characterization of the events at issue and any legal conclusions.

231. Elephant Partners and Mr. Daly deny the allegations in Paragraph 231, including Plaintiffs' characterization of the events at issue and any legal conclusions.

232. Elephant Partners and Mr. Daly deny the allegations in Paragraph 232, including Plaintiffs' characterization of the events at issue and any legal conclusions.

233. Elephant Partners and Mr. Daly deny the allegations in Paragraph 233, including Plaintiffs' characterization of the events at issue and any legal conclusions.

234. Elephant Partners and Mr. Daly deny the allegations in Paragraph 234, including Plaintiffs' characterization of the events at issue and any legal conclusions.

34

235.     Elephant Partners and Mr. Daly deny the allegations in Paragraph 235, including Plaintiffs' characterization of the events at issue and any legal conclusions.

## XI.     PRAYER FOR RELIEF

To the extent a response to the Prayer for Relief is required, Elephant Partners and Mr. Daly deny each and every allegation contained therein.  Elephant Partners and Mr. Daly further deny that the prerequisites to a class action have been met, that the Complaint is maintainable as a class action, or that Lead Plaintiffs are entitled to any relief at all.

### THE ELEPHANT DEFENDANTS' AFFIRMATIVE DEFENSES

Without admitting or acknowledging that Defendants bear any burden of proof as to any of them, Elephant Partners and Mr. Daly assert the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiffs fail to state a claim against Elephant Partners and Mr. Daly upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations or repose.

### THIRD AFFIRMATIVE DEFENSE
### (Good Faith)

Elephant Partners and Mr. Daly at all times acted in good faith, with reasonable care, and did not directly or indirectly induce any acts constituting the alleged violations and causes of action.  *See, e.g.*, 15 U.S.C. § 78t.

### FOURTH AFFIRMATIVE DEFENSE
### (Lack of Scienter)

Elephant Partners and Mr. Daly had no knowledge of, or reasonable grounds to believe in, the existence of the facts alleged, and did not act recklessly or with intent to defraud as to any alleged misstatement or omission on which the liability of Elephant Partners and Mr. Daly is based. *See, e.g.*, 15 U.S.C. § 77o.

## FIFTH AFFIRMATIVE DEFENSE
### (Safe Harbor)

Plaintiffs' claims are not actionable to the extent the alleged untrue statements of material fact, omissions of material fact, misleading statements, and/or other challenged statements made by Elephant Partners and Mr. Daly fall within one or both of the Safe Harbor provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), as codified at 15 U.S.C. § 77z-2(c), and/or the "bespeaks caution" doctrine.

## SIXTH AFFIRMATIVE DEFENSE
### (Prior Knowledge)

At the time of their acquisition of KnowBe4's stock, Plaintiffs and members of the purported Class had actual or constructive knowledge of the allegedly untrue statements, of all or some of the alleged omissions and misstatements, or other wrongful conduct upon which Elephant Partners' and Mr. Daly's purported liability rests.

## SEVENTH AFFIRMATIVE DEFENSE
### (Improper Class Action)

This action is not properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

## EIGHTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

Plaintiffs and the members of the purported Class knew or should have known the risks associated with KnowBe4's business, and in failing to consider these risks, Plaintiffs and each purported Class member assumed the risk that he, she, or it might be damaged by acquiring KnowBe4's stock.

## NINTH AFFIRMATIVE DEFENSE
### (Materiality)

Elephant Partners and Mr. Daly are not liable because the alleged misrepresentations and omissions on which Plaintiffs base their claims were not material.

## TENTH AFFIRMATIVE DEFENSE
### (No Causation)

The claims alleged in the Complaint are barred because the alleged losses of Plaintiffs and members of the purported Class were not directly or proximately caused by Elephant Partners and Mr. Daly, and Plaintiffs are unable to establish that the alleged misstatements and omissions in the

36

Complaint were the cause of the decisions by Plaintiffs or members of the purported Class to purchase or sell KnowBe4's stock or the terms of Plaintiffs' and members of the purported Class's investments, and/or that Plaintiffs or members of the purported Class did not rely upon the alleged misstatements and omissions in acquiring KnowBe4's stock.

### ELEVENTH AFFIRMATIVE DEFENSE
**(No Control)**

Elephant Partners and Mr. Daly are not liable because the alleged damages suffered by Plaintiffs and other members of the purported Class, if any, were caused or contributed, in whole or in part, by the policies, practices, acts, or omissions of independent persons or entities other than Elephant Partners and Mr. Daly over which Elephant Partners and Mr. Daly had no control.

### TWELFTH AFFIRMATIVE DEFENSE
**(Statements of Opinion)**

The claims alleged in the Complaint are not actionable because the alleged untrue statements of material fact, omissions of material fact, misleading statements, and/or other challenged statements made by Elephant Partners and Mr. Daly were statements of opinion.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(Not False or Misleading)**

The claims alleged in the Complaint are not actionable because the alleged untrue statements of material fact, omissions of material fact, misleading statements, and/or other challenged statements made by Elephant Partners and Mr. Daly were not false, misleading, or material, even if made.

### FOURTEENTH AFFIRMATIVE DEFENSE
**(Makers of Statements)**

Elephant Partners and Mr. Daly are not liable because they were not makers of any of the alleged misstatements or omissions, did not employ any device, scheme, or artifice to defraud or engage in any act, practice, or course of business that would operate as a fraud or deceit upon any person.

### FIFTEENTH AFFIRMATIVE DEFENSE
**(No Proxy Solicitation)**

Elephant Partners and Mr. Daly are not liable because they did not solicit or permit their names to be used to solicit proxies in connection with the Proxy or Merger.

<div align="center">

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

</div>

The claims alleged in the Complaint are barred, in whole or in part, because Plaintiffs and members of the purported Class lack standing to assert their claims against Elephant Partners and Mr. Daly.

<div align="center">

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Contribution and Indemnity)**

</div>

Under the principles of contribution and indemnity, persons or entities other than Elephant Partners and Mr. Daly are wholly or partially responsible for the purported damages, if any, that Plaintiffs and members of the purported Class may have sustained.

<div align="center">

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Damages Offset)**

</div>

Under the Private Securities Litigation Reform Act of 1995, *see* 15 U.S.C. § 78u-4(e), the "90-day-bounce-back" damages principle and any other limiting principle, limit any recovery of damages available to Plaintiffs and members of the purported Class.

<div align="center">

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Truth on the Market)**

</div>

The claims alleged in the Complaint are barred, in whole or in part, because the market had already become aware of the allegedly concealed information at the relevant time, such that the facts allegedly omitted were already reflected in the stock's price.

<div align="center">

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

</div>

The claims alleged in the Complaint are barred, in whole or in part, because Plaintiffs and members of the purported Class failed to act reasonably to mitigate their damages, if any.

<div align="center">

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Equitable Doctrines)**

</div>

The claims alleged in the Complaint are barred, in whole or in part, by the doctrines of laches, waiver, equitable estoppel, *in pari delicto*, unclean hands, and/or other related equitable doctrines.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Plaintiffs' and members of the purported Class would be unjustly enriched if they were permitted to obtain any recovery in this action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Duty to Disclose)

The claims alleged in the Complaint are barred, in whole or in part, because Elephant Partners and Mr. Daly had no duty to disclose any facts allegedly not disclosed.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Public and Available Information)

Plaintiffs' claims are not actionable because each and every claim alleged to have been misrepresented or omitted was publicly disclosed or was publicly available to Plaintiffs, members of the purported Class, and the securities markets generally. Additionally, Plaintiffs' claims are not actionable because each and every claim alleged to have been misrepresented or omitted was rebutted by contrary information that was known to, received by, or otherwise publicly available to Plaintiffs, members of the purported Class, and the securities markets generally.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Reliance)

Plaintiffs' claims are limited, in whole or in part, because Plaintiffs are not entitled to a "fraud on the market" presumption of reliance, and because Plaintiffs and members of the purported Class did not rely on the alleged misstatements or omissions in determining whether to take any actions in connection with KnowBe4's stock.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Fairness)

Plaintiffs' claims are barred, in whole or in part, because the Merger was entirely fair.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

Elephant Partners and Mr. Daly reserve the right to assert any additional defenses, cross-claims, and third-party claims not asserted herein of which they become aware through discovery or other investigation.

<u>**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**</u>
**(Incorporate Other Defenses)**

Elephant Partners and Mr. Daly adopt and incorporate by reference any and all other defenses asserted, or that may hereafter be asserted, by any other defendant to the extent such defenses may be applicable to Elephant Partners and Mr. Daly.

<u>**PRAYER**</u>

WHEREFORE, Elephant Partners and Mr. Daly respectfully request that the Court:

A.      Enter judgment in Elephant Partners' and Mr. Daly's favor.

B.      Award Elephant Partners and Mr. Daly their reasonable costs and fees, including attorneys' fees.

C.      Grant Elephant Partners and Mr. Daly such other and further relief as the Court deems just and proper.

<u>**JURY DEMAND**</u>

Elephant Partners and Mr. Daly demand a trial by jury on all issues triable by a jury.

Date:  February 3, 2026

Respectfully submitted,

/s/  *Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 827029
mgoldberg@lashgoldberg.com
Benjamin R. Shiekman
Florida Bar No. 113114
bshiekman@lashgoldberg.com
LASH GOLDBERG FINEBERG LLP
Miami Tower
100 Southeast 2nd Street, Suite 1200
Miami, FL 33131-2158
Telephone: (305) 347-4040
Facsimile: (305) 347-4050

Colleen C. Smith *(pro hac vice)*
colleen.smith@lw.com
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
Telephone:  (858) 523-5400
Facsimile: (858) 523-5450

J. Christian Word *(pro hac vice* forthcoming*)*
christian.word@lw.com
Stephen T. Nasko *(pro hac vice)*
stephen.nasko@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 654-7130
Facsimile: (202) 637-2201

Jordan D. Cook *(pro hac vice* forthcoming*)*
jordan.cook@lw.com
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290

*Counsel for Defendants Jeremiah Daly, Elephant Partners, Elephant Partners I, L.P., Elephant Partners II, L.P., Elephant Partners 2019 SPV-A, L.P., and Elephant Partners II-B, L.P.*