**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-22574-CIV-ALTONAGA/Reid**

In re:

**KNOWBE4, INC.**
**SECURITIES LITIGATION**

_____/

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

**THIS CAUSE** came before the Court upon the parties' Joint Motion for Entry of Stipulated Protective Order [ECF No. X]. Being fully advised, it is

**ORDERED AND ADJUDGED** that the motion is **GRANTED** as follows:

**Proceedings and Information Governed.**

1.      This Protective Order is made under Fed. R. Civ. P. 26(c). It shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information or material produced, given, or disclosed by any party or non-party ("Producing Party") to any other party ("Receiving Party") in connection with discovery in this litigation (such information or material hereinafter referred to as "Discovery Material") that are designated by a party as "Confidential" or "Highly Confidential" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing Discovery Material. For purposes of this Protective Order, the defined term "Producing Party" refers to and includes any Designating Party, as defined below in paragraph 7.

2.      The Parties to this litigation agree that the production of any Discovery Material by any non-party to this litigation shall be subject to and governed by the terms of this Protective Order.  The Party seeking the production of Discovery Material from the non-party shall include in the discovery request a copy of this Protective Order.

**Designation and Maintenance of Information.**

3.      This Protective Order does not confer blanket protections on all disclosures or responses to discovery in this Action, and the protection it affords extends only to the limited

information and documents that are entitled to confidential treatment under applicable legal principles.

4.     For purposes of this Protective Order, the "Confidential" designation means that the document contains information that is proprietary, commercially sensitive, or composed of trade secrets or commercial information that is not publicly known, or other information required by law or agreement to be kept confidential.  The Confidential designation does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

5.     The "Highly Confidential – Attorneys' Eyes Only" designation means that the document contains highly proprietary business, strategic, medical, financial commercially sensitive business information, trade secrets, or other similar information that is substantially likely to cause injury to the commercial, financial, strategic, or business interests of the producing party or its employees, customers, or clients if disclosed.

6.     Any Producing Party may designate any Discovery Material as Confidential under the terms of this Protective Order if such party in good faith reasonably believes that such Discovery Material falls within the scope of paragraph 4 above ("Confidential Discovery Material") or as Highly Confidential if such party in good faith reasonably believes that the Discovery Material falls within the scope of paragraph 5 above ("Highly Confidential Discovery Material").  The designation of Discovery Material as Confidential or Highly Confidential shall constitute a representation that such Discovery Material has been reviewed by an attorney engaged as part of the representation of the Designating Party, and that there is a good faith basis for such designation.

7.     For purposes of clarity, any party may designate Discovery Material as Confidential or Highly Confidential subject to the terms of this Protective Order, even if the designating party itself did not produce the Discovery Material at issue (the "Designating Party").

8.     Discovery Material within the scope of paragraph 4 above may be designated by the Producing Party as containing Confidential Discovery Material by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, substantially as follows: **CONFIDENTIAL**.

9.      Discovery Material within the scope of paragraph 5 above may be designated by the Producing Party as containing Highly Confidential Discovery Material by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, substantially as follows: **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.**

10.      A party may designate information disclosed at a deposition as Confidential or Highly Confidential Discovery Material by requesting the court reporter to so designate the transcript or any portion of the transcript at the time of the deposition.  If no such designation is made at the time of the deposition, any party will have fifteen (15) calendar days after receipt of the final deposition transcript to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential or Highly Confidential Discovery Material.  If no such designation is made at the deposition or within this fifteen (15) calendar day period (during which period, the transcript must be treated as Highly Confidential Discovery Material, unless the Producing Party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Discovery Material, though exhibits, if any, shall be treated in accordance with their designation under paragraphs 4 or 5.  Each Party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order.  It is the responsibility of counsel for each party to maintain materials containing Confidential or Highly Confidential Discovery Material in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Disclosure of Protected Information/Inadvertent Failure to Designate.**

11.      If information subject to a claim of attorney-client privilege, attorney work-product, common interest privilege, or any other ground ("Protected Information") on which production of such information should not be made to any party, is nevertheless inadvertently or otherwise produced, such production shall not constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the Producing Party would otherwise be entitled. This provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  The provisions of Rule 502(b) do not apply.  A Producing Party must, within seven (7) days of learning that Protected Information was

unintentionally disclosed, notify the party receiving the Protected Information, in writing, that it has disclosed Protected Information without intending a waiver by the disclosure. The Parties' agreement to the terms set forth in this Order does not constitute a concession by any Party that any documents are subject to protection of privilege, nor is it intended to waive or limit in any way either Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced.  If a claim of inadvertent production is made with respect to information then in the custody of another party, the Receiving Party shall not use such information for any purpose and shall promptly sequester, destroy, or return the information to the Producing Party. Following written notice to the Producing Party, and conferral, the Receiving Party may challenge the designation and seek an Order compelling production of the material, consistent with the Court's local rules and any applicable standing orders.  The Receiving Party may not use the fact of inadvertent production to argue that any applicable privilege has been waived.  Nothing in this Order is intended to alter, and this Order shall be interpreted consistent with, Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5).

12. Inadvertent failure to designate Discovery Material as Confidential or Highly Confidential shall not constitute a waiver of such a claim and may be corrected by supplemental written notice.  Any party receiving such notice shall thereafter mark and treat materials as Confidential or Highly Confidential and such materials shall be fully subject to this Protective Order as if they had been initially so designated.  A person who disclosed Discovery Material that is subsequently designated as Confidential or Highly Confidential shall in good faith assist the Designating Party in its efforts to retrieve such Discovery Material from all recipients not entitled to receive such Discovery Material under the terms of this Protective Order and shall prevent further disclosures except as authorized under the terms of this Protective Order.  Within ten (10) business days after receipt of the re-designated documents or materials, the Receiving Party shall certify in writing that it made its best efforts to ensure that all copies lacking the designation have been returned or destroyed, and in the case of documents bearing notes or other interlineations reflecting the work product of counsel representing such Receiving Party, destroyed.

**Challenge to Designations.**

13. Nothing in this Protective Order shall be deemed to be an acknowledgement by any party that any designation of Discovery Material as Confidential or Highly Confidential is in fact entitled to such treatment.  No party shall be obligated to challenge the propriety of any other

4

party's designation of Discovery Material as Confidential or Highly Confidential at the time of the designation, and any decision not to challenge such a designation shall not preclude a subsequent challenge to such a designation or be used in support or opposition of a motion to seal or unseal any documents designated Confidential or Highly Confidential.

14.　　Any party may challenge a Designating Party's designation at any time.  Any party disagreeing with a designation may request in writing that the Designating Party change the designation.　The Designating Party will then have five (5) business days after receipt of a challenge notice to advise the Receiving Party whether or not it will change the designation. Reasonable extensions shall be provided if the number of challenged documents makes it impracticable to respond within the five (5) business days.  If the parties are unable to reach agreement through conferral, either in person or by phone or video, after the expiration of this five (5) business day time-frame then, the objecting party shall be free to seek Court intervention consistent with the Court's local rules and any applicable standing orders.  The burden of establishing confidentiality shall fall on the Designating Party.  Until any dispute under this paragraph is ruled upon by the Court, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

15.　　Prior to the filing of documents under seal marked "Confidential Discovery Material" or "Highly Confidential Discovery Material," the parties will meet-and-confer to discuss whether any or all of the documents require being submitted under seal in accordance with the law governing the sealing of documents.  If any party believes sealing is warranted, it shall brief the issue in accordance with the Court's local rules. The burden of establishing that the documents should be sealed shall remain with the Designating Party. If the Designating Party agrees, or if the Court determines, that information was improperly redacted, the Party who filed a redacted document will re-file it as a public filing within five (5) business days of the agreement or determination.

**Disclosure and Use of Confidential Information.**

16.　　Discovery Material designated as Confidential or Highly Confidential may only be used for purposes of preparation, trial, and appeal of this action.  Confidential or Highly Confidential Discovery Material may not be used under any circumstances for any other purpose, including but not limited to any competitive or commercial activity.

17.     Subject to paragraphs 19 and 22 below, Confidential Discovery Material may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) the Parties and their current employees, officers, directors, and managers; (b) outside counsel for any party to this litigation; (c) supporting personnel employed by (a) and (b), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (d) third-party experts or consultants; (e) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; (f) witnesses or deponents and their counsel, during the course of depositions or testimony in this litigation and, to the extent necessary, in preparation for depositions or testimony in this litigation; (g) insurers of any party to this litigation and insurers' counsel; (h) mediators or arbitrators that the parties engage or that the Court appoints in this litigation, and their employees; (i) the Court and its employees; (j) court reporters employed in connection with this litigation; and (k) any other person only upon order of the Court.

18.     All witnesses or deponents who appear at deposition or trial, and their counsel, will be provided with this Protective Order prior to such deposition or proceeding by the party deposing or calling the witness.  Notwithstanding that, all witnesses or deponents, and their counsel, will be bound by all of the provisions of the Protective Order.  Confidential and Highly Confidential Discovery Material may be introduced as an exhibit at a deposition without the witness executing an undertaking.  No witnesses or deponents or their counsel (except to the extent the counsel represents a party) shall be permitted to retain another party's Confidential or Highly Confidential Discovery Material after the conclusion of the testimony for which the witness or deponent used the Designated Material to prepare, unless that witness is separately authorized to do so, *e.g.*, pursuant to Section 19(a) below.

19.     Further, Confidential Discovery Material may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a) the information was previously received, sent or authored by the person or was authored, sent or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

(b) the person is the Designating Party or a current or former director, officer, employee, consultant or agent of the Designating Party; or

(c) counsel for the Designating Party agrees in writing that the material may be disclosed to the person.

20.     Further, all third-party experts and consultants who reasonably may be expected to receive Discovery Material designated Confidential or Highly Confidential shall be required, before receiving such information, to sign an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Protective Order, consenting to the jurisdiction of the United States District Court for the Southern District of Florida, for purposes of the enforcement of this Protective Order, and agreeing not to disclose or use any Confidential or Highly Confidential Discovery Material in a manner or for purposes other than those permitted hereunder.  All signed undertakings will be maintained by counsel for the party designating or hiring any expert or consultant.

21.     Highly Confidential Discovery Material may be disclosed by the Receiving Party only to: (a) the Receiving Party, the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation; (b) experts of the Receiving Party to whom the disclosure is reasonably necessary for this litigation and who have signed the undertaking in the form attached as Exhibit A hereto; (c) the Court, Magistrate Judge, and their personnel, Special Masters or discovery referees who may be appointed by the Court, and any appellate court or other court and their personnel before whom the parties appear in this action; (d) court reporters, videographers, and their staff, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary and who have signed the undertaking in the form attached as Exhibit A hereto; (e) during their depositions or trial testimony, witnesses in the action to whom disclosure is reasonably necessary; (f) mediation or settlement officers, and their supporting personnel, subject to the mutual agreement of the parties engaged in the settlement discussions, who have signed the undertaking in the form attached as Exhibit A hereto; (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

22.     Counsel shall confirm that any third-party vendors engaged by Counsel agree to the terms and conditions of this Protective Order.  Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

7

23.     In the event any Confidential or Highly Confidential Discovery Material, or the information therein, is disclosed to any person or other entity not authorized under the terms of this Protective Order to have access to that information, the party responsible for having made, and any party having knowledge of, that disclosure shall inform counsel for the Producing Party within a reasonable time, not to exceed five (5) business days of the date the party obtained knowledge of the unauthorized disclosure, concerning that disclosure and certify that it has made its best efforts to ensure that the person or other entity not authorized to have the information has returned or destroyed such material and all copies thereof (including summaries and excerpts). The responsible party also shall promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure of such information or materials is made by anyone, and each party shall cooperate in good faith in that effort.  Nothing in this paragraph shall limit any party's right to seek sanctions or other relief from the Court for violation of this Protective Order.

24.     In the event additional parties join or are joined in this litigation, they shall not have access to Confidential Discovery Material until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Protective Order.

### Filing Documents with the Court.

25.     If any party submits Confidential or Highly Confidential Discovery Material to the Court, the submission must be filed only under seal on CM/ECF if filed electronically as permitted by the Court.

26.     In the event that any Confidential or Highly Discovery Material is used in any court proceeding in this litigation or any appeal therefrom, said Confidential or Highly Confidential Discovery Material shall not lose its status as Confidential or Highly Confidential through such use.  Nothing in this Protective Order prevents any party from introducing Confidential and Highly Confidential Discovery Material at trial.  Counsel shall confer in good faith regarding the procedures for use of Confidential or Highly Confidential Discovery Material in the course of any court proceedings, including trial.

### No Prejudice.

27.     Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Confidential or Highly Confidential Discovery Material contains or reflects trade secrets or any other type of sensitive, confidential, or proprietary information; (b) prejudice the rights of a party

to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

28.     Nothing contained in this Protective Order shall preclude any party from using or disclosing its own Confidential or Highly Confidential Discovery Material information in any manner, without prior consent of any party or Court.

### Conclusion of Litigation.

29.     Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal with prejudice pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall use commercially reasonable efforts to destroy or return to the Producing Party all materials and documents containing Confidential or Highly Confidential Discovery Material, and upon request of the Producing Party, certify to the Producing Party that this destruction or return has been done.  However, outside counsel for any party and their experts are entitled to retain all court papers, hearing and trial transcripts, trial exhibits, deposition transcripts, deposition exhibits, legal memoranda, correspondence including emails, expert reports, attorney work product, and consultant and expert work product containing Confidential or Highly Confidential Discovery Material.  Outside counsel are not required to search their email and disaster recovery systems to comply with this Order.  Any retained materials must be maintained and protected in accordance with the terms of this Protective Order.

### Other Proceedings.

30.     By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Subject to paragraph 23, any person or party subject to this Protective Order who may be subject to a subpoena, a motion to disclose, or other notice compelling the production of any information designated Confidential or Highly Confidential Discovery Material pursuant to this Protective Order must promptly notify in writing the Designating Party of such subpoena, motion, or other notice as soon as possible, not to exceed

9

five (5) business days, so that the Designating Party may have an opportunity to appear and be heard on whether that information should be disclosed.

### Remedies.

31.     This Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt.  All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

32.     Any party may petition the Court for good cause shown if the party desires relief from a term or condition of this Protective Order.

33.     The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or an alternative thereto that is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.

**DONE AND ORDERED** in Miami, Florida, this ___ day of _____, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record

**Exhibit A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-22574-CIV-ALTONAGA/Reid**

In re:

**KNOWBE4, INC.**
**SECURITIES LITIGATION**
_____/

**CONFIDENTIALITY AGREEMENT FOR**
**THIRD-PARTY EXPERT OR CONSULTANT OF ANY PARTY**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Discovery Material" or "Highly Confidential Discovery Material," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of the United States District Court for the Southern District of Florida for enforcement of the Protective Order.

I agree not to use any Confidential or Highly Confidential Discovery Material disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the Court.

I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential or Highly Confidential Discovery Material in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof,

2

and any writings prepared by me containing any Confidential or Highly Confidential Discovery Material are to be returned to counsel who provided me with such documents and materials.

_____

Signed

_____

Printed Name

_____

Date

2

**Exhibit B**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-22574-CIV-ALTONAGA/Reid**

In re:

**KNOWBE4, INC.**
**SECURITIES LITIGATION**

_____/

**<u>CONFIDENTIALITY AGREEMENT FOR NON-PARTY WITNESSES</u>**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Discovery Material" or "Highly Confidential Discovery Material," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of the United States District Court for the Southern District of Florida for enforcement of the Protective Order.

I agree not to use any Confidential or Highly Confidential Discovery Material disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the Court.

_____
Signed

_____
Printed Name

_____
Date