## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No. 25-cv-22574-ALTONAGA/Reid

In re:

**KNOWBE4, INC.**
**SECURITIES LITIGATION**

_____

**DEFENDANTS KKR KNOWLEDGE INVESTORS, L.P., KKR & CO. INC., ELEPHANT PARTNERS, ELEPHANT PARTNERS I, L.P., ELEPHANT PARTNERS II, L.P., ELEPHANT PARTNERS 2019 SPV-A, L.P., AND ELEPHANT PARTNERS II-B, L.P.'S REPLY BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE <u>ORDER ON THE MOTION TO DISMISS</u>**

**INTRODUCTION**[1]

Plaintiffs' Opposition to the Motion for Reconsideration (ECF No. 123, "Opp.") fails to identify any legal basis for holding KKR and Elephant Partners liable as "makers" of any statements that remain at issue in this case. *See Janus Cap. Grp., Inc. v. First Deriv. Traders*, 564 U.S. 135, 142–43 (2011). Unable to allege that KKR and Elephant Partners had "ultimate authority" over how KnowBe4 portrayed and presented information in KnowBe4's Proxy, Plaintiffs instead attempt an end-run around *Janus*. They argue that by jointly filing a mandatory Schedule 13E-3, KKR and Elephant Partners transformed into "speakers" with "ultimate authority" over KnowBe4's Proxy merely because that document was incorporated by reference into the Schedule 13E-3. Under Plaintiffs' theory, the filer of a document automatically becomes the "speaker" of every statement incorporated into the filing itself—regardless of whether the filer had ultimate authority over the incorporated statement. That defies common sense and settled law. Reconsideration is warranted because, contrary to Plaintiffs' conclusory argument, the Court *did not* address Defendants' *Janus* arguments in its Order.

**ARGUMENT**

**A. KKR and Elephant Partners' Motion for Reconsideration is Proper.**

A motion to reconsider is "appropriate where, for example, the Court . . . has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (internal citation omitted); *id.* at *2–3 (granting motion for reconsideration where court "failed to consider [plaintiff's] displacement argument"). Here, the Order did not address the threshold question of whether KKR and Elephant Partners were "makers" of the alleged statements under *Janus*, and Plaintiffs' Opposition nowhere identifies any statement in the Order that directly or indirectly addresses Defendants' *Janus* argument.[2] Reconsideration on the *Janus* issue is therefore proper.

**B. KKR and Elephant Partners Did Not Have "Ultimate Authority" Over the Proxy.**

Plaintiffs' Opposition fails to establish that KKR and Elephant Partners had "ultimate authority" over the content or issuance of KnowBe4's Proxy, as required to hold them liable as

---

[1] This brief incorporates defined terms used in the Court's Order (ECF No. 100) (the "Order"). Citations to page numbers refer to the page numbers generated by the Court's CM/ECF docketing system.

[2] Plaintiffs argue that the motion to reconsider "should also be rejected as untimely," but concede that the federal rules do not impose time limits for such motions. Opp. at 10.

"makers" under *Janus*. *Janus*, 564 U.S. at 142. The Proxy was issued in the name of KnowBe4, signed by its CEO, Mr. Sjouwerman, and filed by KnowBe4. *See* ECF No. 80-1 at 3–7. Neither KKR nor Elephant Partners signed or certified the Proxy. *Id*. The only persons or entities with "ultimate authority" over the Proxy thus were KnowBe4 and Mr. Sjouwerman, and Plaintiffs identify no well-pleaded factual allegations to the contrary. *N. Port Firefighters' Pension–Loc. Option Plan v. Temple-Inland, Inc.*, 936 F. Supp. 2d 722, 741 (N.D. Tex. 2013) (quoting *Janus*, 564 U.S. at 147) ("In the context of a public SEC filing, the entity that 'bears the statutory obligation to file' and that the SEC has recorded as filing the document ordinarily 'makes' the statements."). The fact that KnowBe4's Proxy paraphrases the "position of the Purchaser Filer Parties" on the fairness of the Merger does not mean that KKR or Elephant Partners had ultimate authority over how that statement was portrayed and presented in the Proxy. ECF No. 80-1 at 20; *see In re Fisker Auto. Holdings, Inc. S'holder Litig.*, 2015 WL 6039690, at *17 (D. Del. Oct. 15, 2015) (party not a "maker" where allegedly misleading statements appeared in a news article written and controlled by a third-party author, who determined which portions of the interview to include and how to present the information); *Meitav Dash Provident Funds & Pension Ltd. v. Spirit AeroSystems Holdings, Inc.*, 2022 WL 377415, at *11 (N.D. Okla. Jan. 7, 2022), *aff'd*, 79 F.4th 1209 (10th Cir. 2023) (party not a "maker" where third party recounted defendant's statement in a news article because plaintiffs failed to allege that defendant was involved in reviewing or approving the news article or otherwise had ultimate authority over the content).

Because Plaintiffs fail to plead any facts to support an inference that KKR or Elephant Partners had the "power and authority to control the content and issuance of [any] statement" in the Proxy, Plaintiffs fail to state a claim over any statements in the Proxy under Section 10(b) as to KKR and Elephant Partners. *Sec. & Exch. Comm'n v. Complete Bus. Sols. Grp., Inc.*, 538 F. Supp. 3d 1309, 1338 (S.D. Fla. 2021).

## C. Referencing Another Party's Document Does Not Confer "Maker" Status.

Unable to plead that KKR or Elephant Partners were the "makers" of any of the surviving statements in the Proxy,[3] Plaintiffs argue that KKR and Elephant Partners should be held liable under Section 10(b) for statements purportedly "made" in the Schedule 13E-3, which incorporated

---

[3] Plaintiffs do not dispute that KKR and Elephant Partners were not the "makers" of the statements in the October 12, 2022 Merger Press Release. This argument therefore is waived. *Morgan v. Selective Ins. Co. of the Se.*, No. 21-CV-23108, 2022 WL 18023395, at *3 n.4 (S.D. Fla. Sept. 27, 2022) ("[A] nonmoving party waives an argument where it fails to present that argument in opposition to a motion") (internal citations omitted).

KnowBe4's Proxy by reference.  Opp. at 13–14.[4]  Under Plaintiffs' logic, KKR and Elephant Partners were "makers" of every statement in KnowBe4's 372-page Proxy simply because the Schedule 13E-3 incorporated the Proxy by reference.  This strained theory flies in the face of *Janus* and has been routinely rejected.  *See Xu v. Gridsum Holding Inc.*, 624 F. Supp. 3d 352, 363 (S.D.N.Y. 2022) (corporate officer did not "make" statements in press release merely because he "signed the Form 6-K to which the press release was attached"); *In re Cognizant Tech. Sols. Corp. Sec. Litig.*, 2020 WL 3026564, at *15–16 (D.N.J. June 5, 2020) (plaintiffs failed to plead that executive had "ultimate authority" over alleged misstatements in press releases attached to Form 8-Ks the executive signed); *Levy v. Gutierrez*, 2017 WL 2191592, at *12 (D.N.H. May 4, 2017) (defendant who signed Form 8-Ks incorporating press releases was not "maker" of statements therein because the "press releases contain[ed] statements by other [] officers, not [defendant] himself").

Plaintiffs' authorities are inapposite.  *See* Opp. at 14.  In *Flynn v. Exelon Corp.*, 2021 WL 1561712, at *6 (N.D. Ill. Apr. 21, 2021), the defendant (Pramaggiore) was held liable for signing the company's SEC filings that "direct[ed] investors to the Code of Conduct" because doing so rendered the SEC filings misleading in light of an undisclosed, ongoing bribery scheme that the Code of Conduct expressly disavowed.  The court did not hold that Pramaggiore was the "maker" of statements in the Code of Conduct, much less find the Code of Conduct independently actionable under Section 10(b).  In *In re Nevsun Resources Ltd.*, 2013 WL 6017402, at *11 (S.D.N.Y. Sept. 27, 2013), and *SEC v. Spartan Sec. Grp. Ltd.*, 2020 WL 7695698, at *9–*10 (M.D. Fla. Dec. 28, 2020), the defendants were deemed "makers" of statements they affirmatively made that merely *reflected information* provided by third parties.  Here, by contrast, the Schedule 13E-3 incorporated by reference KnowBe4's Proxy, which contained *statements* by KnowBe4.

**D.  Plaintiffs' Dissemination Theory Is Not Supported by the Pleadings.**

In a last ditch effort, Plaintiffs argue that KKR and Elephant Partners are liable under Section 10(b) because they "'disseminated' the Proxy," and thus Plaintiffs supposedly do not need to prove that they were "makers" under *Janus*.  Opp. at 15 (citing *Lorenzo v. SEC*, 587 U.S. 71, 73 (2019)).  Plaintiffs did not adequately plead this flawed theory in the Complaint, *see* ACAC ¶¶

---

[4] Plaintiffs' reference to a slide attached to the Proxy from a Morgan Stanley presentation is irrelevant to the *Janus* question.  As Plaintiffs argue, that slide allegedly rendered *other* statements misleading—providing the grounds for falsity—but did not contain any alleged misrepresentations.  *See* Opp. at 14.

215–226, or meaningfully raise it in their Opposition to the Motion to Dismiss; indeed, Plaintiffs do not even cite *Lorenzo* in their Opposition (*see* ECF No. 96).  Accordingly, the argument has been waived.  *Byrd v. Fla. Int'l Univ. Bd. of Trs.*, 2025 WL 1938344, at *4 (S.D. Fla. July 15, 2025) ("[P]laintiffs cannot amend their complaint through a response to a motion to dismiss.") (citation omitted); *Morgan*, 2022 WL 18023395, at *3 n.4.

Even if this argument had not been waived, Plaintiffs' allegations do not establish "dissemination" liability under *Lorenzo*.  In that case, the disseminator directly emailed prospective investors from his own email account—signing with his own name and identifying himself as a vice president—and made representations that he knew to be false from direct, personal knowledge.  *Lorenzo*, 587 U.S. at 75–76.  Here, Plaintiffs plead no facts—much less the detailed, particularized facts required by the PSLRA—establishing that KKR and Elephant Partners incorporated the Proxy by reference into the mandatory Schedule 13E-3 with an intent to defraud investors.  *See In re CarLotz, Inc. Sec. Litig.*, 2024 WL 3924708, at *5 (S.D.N.Y. Aug. 23, 2024) (no "strong inference" of scienter where there were no non-conclusory allegations showing the defendant intended to defraud as to the specific SEC filing, noting there was an "opposing inference that [defendant] filed the transcripts with the SEC simply because he was required to and not because he had any intent to defraud investors").

## CONCLUSION

For the foregoing reasons, KKR and Elephant Partners respectfully ask the Court to grant the Motion for Reconsideration and find that Plaintiffs' ACAC does not state a claim under Section 10(b) (Count II) as to KKR and Elephant Partners.

February 20, 2026

Respectfully submitted,

*/s/ Michael Holecek*

Michael Holecek
Florida Bar No. 1035950
**GIBSON, DUNN & CRUTCHER LLP**
161 NW 6th Street, Suite 1010
Miami, FL 33136
(213) 229-7018
MHolecek@gibsondunn.com

4

Brian M. Lutz (*pro hac vice*)
Colin Davis (*pro hac vice)*
Jeff Lombard (*pro hac vice)*
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center
Suite 2600
San Francisco, California 94111
(415) 393-8200

*Counsel for Defendants KKR & Co. Inc., KKR
Knowledge Investors L.P., Stephen Shanley, and
Kara Wilson*

Martin B. Goldberg
Florida Bar No. 0827029
Benjamin R. Shiekman
Florida Bar No. 113114
**LASHGOLDBERG**
100 S.E. 2nd Street, Suite 1200
Miami, FL 33131
(305) 347-4040
mgoldberg@lashgoldberg.com
bshiekman@lashgoldberg.com

Colleen Smith (*pro hac vice*)
**LATHAM & WATKINS LLP**
12670 High Bluff Drive
San Diego, California 92130
(858) 523-5400
colleen.smith@lw.com

Jordan Cook (*pro hac vice*)
**LATHAM & WATKINS LLP**
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626
(714) 755-8238
jordan.cook@lw.com

J. Christian Word (*pro hac vice*)
Stephen Nasko (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(202) 654-7130
christian.word@lw.com

5

stephen.nasko@lw.com

*Counsel for Defendants Jeremiah Daly, Elephant Partners, Elephant Partners I, L.P., Elephant Partners II, L.P., Elephant Partners 2019 SPV-A, L.P., and Elephant Partners II-B, L.P.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th of February 2026, a true and correct copy of the foregoing document was electronically transmitted to all counsel of record via the CM/ECF system.

By: */s/ Michael Holecek*
Michael Holecek
Florida Bar No. 1035950
MHolecek@gibsondunn.com

7