**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:25-cv-22574-ALTONAGA/REID**

In re:

**KNOWBE4, INC.**
**SECURITIES LITIGATION**

_____/

**DEFENDANT VISTA EQUITY PARTNERS MANAGEMENT, LLC'S REPLY IN SUPPORT OF DEFENDANT KKR KNOWLEDGE INVESTORS L.P. AND KKR & CO. INC.'S MOTION FOR PARTIAL RECONSIDERATION OF THE ORDER ON THE <u>MOTION TO DISMISS</u>**

Defendant Vista Equity Partners Management, LLC ("Vista") respectfully submits this reply in further support of its Joinder (ECF No. 114) in Defendant KKR Knowledge Investors L.P. and KKR & Co. Inc. (collectively, "KKR")'s Motion for Partial Reconsideration.

**ARGUMENT**

Vista respectfully submits this reply in further support of KKR's motion for partial reconsideration of the Court's December 23, 2025 Order to the extent it held that Vista, *the Buyer*, can be held liable for the statements of its counterparty, *the Seller*, regarding either (1) the "fairness" of the Merger or (2) the potential rollover amount of KKR, a KnowBe4 investor. Because Plaintiffs failed to adequately establish that Vista was a "maker" of either statement, Plaintiffs' Section 10(b) claim against Vista must be dismissed.

Plaintiffs' omnibus opposition to Defendants' motions for partial reconsideration (ECF No. 123) ("Opp.") treats all Defendants as equally situated, and, in so doing, fails to rebut Vista's core argument: that Vista, as the *buyer* and arm's-length counterparty to KnowBe4, necessarily lacked "ultimate authority" over KnowBe4's statements regarding *either* (1) the fairness of the Merger or (2) KKR's rollover amount. *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011). That Vista co-filed a Schedule 13E-3—a filing that principally incorporated KnowBe4's own Proxy—does not transform Vista into the maker of statements that its transacting counterparty generated and controlled.

Plaintiffs argue that Vista's co-filing of the Schedule 13E-3—an SEC-imposed requirement for any purchasing party—renders it a "maker" of all statements incorporated therein. Opp. at 8–9. Plaintiffs are wrong. Incorporation by reference does not, as Plaintiffs suggest, confer "ultimate authority" over statements that Vista played no role in generating and over which Vista exercised no control. *Janus*, 564 U.S. at 142. Indeed, the Schedule 13E-3 was a regulatory filing obligation imposed on Vista *as a buyer* pursuant to 17 C.F.R. § 240.13e-3. While Vista was required to join in the filing as a purchasing party, this obligation did not give it any insight into or power to dictate the contents of KnowBe4's disclosures, let alone KKR's decision-making regarding a potential rollover amount. These were statements wholly within KnowBe4 and KKR's respective knowledge and control. Further, Plaintiffs cannot (and do not) allege that Vista—as a *counterparty to the transaction*—had any actual or constructive awareness of Morgan Stanley's fairness opinion or its preliminary analysis regarding a potential transaction. Thus, Vista

2

necessarily cannot be held liable for the contents stemming from either the unredacted *or the redacted version* of its counterparty's financial advisor's fairness opinion regarding the merger.

Plaintiffs' cited authorities are inapposite.  For example, in *Flynn v. Exelon Corp.*, 2021 WL 1561712 (N.D. Ill. Apr. 21, 2021), the defendant was a corporate officer who directed investors to the company's own code of conduct—a document prepared within her sphere of authority.  She was held liable for signing the company's SEC filings that "direct[ed] investors to the Code of Conduct" because doing so rendered the SEC filings misleading in light of an undisclosed, ongoing bribery scheme that the Code of Conduct expressly disavowed.  *Id.* at *6. The court did not hold that the defendant officer was the "maker" of statements in the Code of Conduct, much less find the Code of Conduct independently actionable under Section 10(b).  *Id.* No such relationship is alleged here.  Vista is not KnowBe4's officer, director, or agent—it was its counterparty at the negotiating table.  And the other cases Plaintiffs cite uniformly involve a defendant with some relationship to—or control over—the *third party* entity that provided information contained in the challenged statements.  *See, e.g., In re Nevsun Res. Ltd.*, 2013 WL 6017402, at *11 (S.D.N.Y. Sept. 27, 2013) (defendant company liable as a "maker" where its filings contained statements from the company's retained engineering firm and where company subsequently repeated those same statements to investors); *SEC v. Spartan Sec. Grp. Ltd.*, 2020 WL 7695698, at *9–10 (M.D. Fla. Dec. 28, 2020) (defendant company liable as a "maker" where its filings contained statements from fraudulent shell company intermediaries that defendant published in filings with the SEC).

And Plaintiffs' efforts to distinguish *In re Cannavest Corp. Sec. Litig.*, 307 F. Supp. 3d 222, 243 (S.D.N.Y. 2018) fall flat.  There,  the court dismissed the plaintiff's Section 10(b) claim against a significant shareholder who financed an acquisition because he lacked ultimate authority over the company's statements despite wielding significant influence over the acquisition process as a whole.  Just as in *Cannavest*,  Plaintiffs do not (and cannot) plead any facts indicating that Vista had "ultimate authority" over KnowBe4's statements regarding KKR's rollover amount *or* the merger's overall fairness.

Plaintiffs next attempt to invoke *Lorenzo v. SEC*, 587 U.S. 71 (2019), to argue—for the first time—that Vista faces independent liability for "disseminating" the Proxy by attaching it to the Schedule 13E-3. Opp. at 10. This argument was not raised by Plaintiffs at any point during the motion to dismiss briefing, was not the basis for the Court's MTD Order, and provides no

3

independent footing here.  As KKR's Motion and Reply explain, a Section 10(b) "scheme liability" theory under Rules 10b-5(a) and (c) cannot be used to circumvent *Janus* where, as here, the predicate conduct is indistinguishable from the alleged misstatement itself.  *See* ECF No. 130 at 4–5.

Moreover, Vista's joinder articulates a distinct legal theory—one specific to its status as a ***transacting counterparty***—that distinguishes it from KnowBe4 or any other defendant here. Allowing a Section 10(b) claim to proceed against a buyer based solely on its regulatory obligation to co-file a Schedule 13E-3 incorporating the seller's representations would upend established precedent and expose virtually every acquiror to primary securities liability for the disclosures of the company it seeks to acquire.  Nor can a transacting counterparty be held liable for the statements of its counterparty regarding the fairness of an arms-length transaction where the transacting counterparty has every legitimate business motive—and fiduciary duty to its own investors—to acquire the target at the best price.  That perverse result is precisely the manifest injustice that reconsideration is designed to prevent.

## CONCLUSION AND REQUEST FOR ORAL ARGUMENT

Vista respectfully requests that the Court reconsider its Order to correct clear error and prevent manifest injustice. Because Plaintiffs fail to plead a plausible theory of "maker" liability under Section 10(b), the Court should dismiss that claim as to Defendant Vista.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Prior to filing this Motion, counsel for Defendant Vista Equity Partners Management, LLC conferred with Plaintiffs' counsel and are authorized to represent to the Court that Plaintiffs oppose the requested relief.

Date: February 20, 2026

Respectfully submitted,

/s/ Sam G. Williamson

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Samuel G. Williamson
Florida Bar No. 1033817
David A. Nabors
Florida Bar No. 1024722
2601 S Bayshore Drive
Suite 1550

Miami, Florida 33133-5417
(305) 402-4880
samwilliamson@quinnemanuel.com
davidnabors@quinnemanuel.com

Andrew J. Rossman (*pro hac vice*)
Courtney C. Whang (*pro hac vice*)
Marielle Paloma Greenblatt (*pro hac vice*)
**QUINN EMANUEL URQUHART &
SULLIVAN LLP**
295 Fifth Avenue
New York, NY 10016
(212) 446-4800
andrewrossman@quinnemanuel.com
courtneywhang@quinnemanuel.com
mariellegreenblatt@quinnemanuel.com

*Counsel for Defendants Vista Equity Partners
Management, LLC*