**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-22574-CIV-ALTONAGA/Reid**

In re:

**KNOWBE4, Inc.
SECURITIES LITIGATION**

_____ /

**<u>ORDER</u>**

**THIS CAUSE** came before the Court on Defendants'[1] Motion for Partial Reconsideration of the Court's December 23, 2025 Order on the Motion to Dismiss [ECF No. 111]. Plaintiffs[2] filed a Response [ECF No. 123]; to which Defendants filed a Reply [ECF No. 130]. The Court has reviewed the parties' written submissions, the record, and applicable law. For the following reasons, the Motion is denied.

"The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion." *Pena v. U.S. Coast Guard Seventh Dist.*, No. 18-23188-Civ, 2019 WL 6210959, at *1 (S.D. Fla. Nov. 21, 2019) (citation omitted). There are three major grounds that justify reconsideration: (1) an intervening change in controlling law; (2) newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. *See State Auto Prop. & Cas. Ins. Co. v. Jacobs*, 791 F. App'x 28, 33 (11th Cir. 2019) (citation omitted); *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citations omitted).

---

[1] The moving Defendants are Elephant Partners, Elephant Partners I, L.P., Elephant Partners II, L.P., Elephant Partners 2019 SPV-A, L.P., Elephant Partners II-B, L.P., KKR & Co. Inc., KKR Knowledge Investors L.P., Vista Equity Partners Management, LLC, Shrikrishna Venkataraman, Kevin Klausmeyer, Gerhard Watzinger, and Sjoerd Sjouwerman. (*See generally* Mot.).

[2] The Lead Plaintiffs ("Plaintiffs") are the Water Island Event-Driven Fund, AltShares Event-Driven ETF, The Arbitrage Fund, and the Hilary L. Shane Revocable Trust.

Ultimately, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp.*, 181 F. Supp. at 1370 (citation omitted).

Defendants do not point to an intervening change in controlling law; nor do they present newly discovered evidence.  (*See generally* Mot.).  That leaves "the need to correct clear error or prevent manifest injustice." *Burger King Corp.*, 181 F. Supp. at 1369 (citations omitted).  "In order to demonstrate clear error, the party must do more than simply restate his previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *O'Neill v. Home Depot U.S.A., Inc.*, 243 F.R.D. 469, 483 (S.D. Fla. 2006) (citation omitted).  "Disagreement with the Court's ruling is an insufficient basis for reconsideration of a prior order." *PNCEF, LLC v. Highlander Enters., LLC*, No. 09-80974-Civ, 2010 WL 11504756, at *1 (S.D. Fla. Sep. 27, 2010) (citations omitted).

According to Defendants, the Court erred by "deferr[ing] analysis of loss causation on the Section 10(b) claim as beyond the scope of Rule 12(b)(6)." (Mot. 2 (alteration added)).  In support, Defendants cite *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346–47 (2005); *MacPhee v. MiMedx Group, Inc.*, 73 F.4th 1220, 1241–1249 (11th Cir. 2023); *Meyer v. Greene*, 710 F.3d 1189, 1200–1202 (11th Cir. 2013); and *Jastram v. NextEra Energy, Inc.*, 161 F.4th 693, 708 (11th Cir. 2025), for the proposition that binding precedent requires the Court to dismiss Section 10(b) claims where a plaintiff does not sufficiently allege economic loss.  (*See* Mot. 2–5).  Defendants misread the Court's Order.

The Court did not state that loss causation is categorically "beyond the scope of a motion to dismiss." (Dec. 23, 2025 Order 33 (quotation marks and citation omitted)).  The caselaw cited clarifies as much.  (*See id.* (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 n.35 (5th Cir. 2009) ("[S]everal circuit courts and district courts point out that it is *often inappropriate* to use a

Rule 12(b)(6) motion as a vehicle to *resolve disputes* over 'loss causation.'" (alteration added; emphasis added; collecting cases)); *Craig v. Target Corp.*, No. 23-cv-599, 2024 WL 4979234, at *14 (M.D. Fla. Dec. 4, 2024) ("[L]oss causation is a fact-based inquiry that *should not typically be resolved* on a Rule 12(b)(6) motion[.]" (alterations added; emphasis added; quotation marks and citations omitted))).  The Court does not disagree that dismissal may be appropriate in instances where a plaintiff's allegations "do not provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms.*, 544 U.S. at 346 (finding the plaintiffs' single statement that plaintiffs paid artificially inflated prices and suffered damages insufficient).

But that is not the situation here.  The Court listed the three ways Plaintiffs alleged Defendants' misstatements and omissions harmed public stockholders: "(1) the tender of shares into the Merger for less than fair value; (2) the loss of their ability to exercise their state law appraisal rights on an informed basis; and (3) for the Section 10(b) class, the sale of shares during the Class Period at an artificially deflated value."  (Dec. 23, 2025 Order 32 (citations omitted)).

The Court noted Defendants' overarching argument that Plaintiffs' allegations were speculative, including several facts raised in Defendants' filings that undermined Plaintiffs' loss causation theories.  (*See id.* 33–34).  These facts "relate to whether [Plaintiffs] actually suffered a loss and how such a loss can be demonstrated," which are issues "beyond the scope of a motion to dismiss."  *Skypoint Advisors, LLC v. 3 Amigos Prods. LLC*, No. 18-cv-356-FtM-29MRM, 2019 WL 4600409, at *9 (M.D. Fla. Sep. 23, 2019) (alteration added; citing *Eastwood Enters., LLC v. Farha*, No. 07-cv-1940-T-33EAJ, 2009 WL 3157668, at *5 (M.D. Fla. Sep. 28, 2009); *Lormand*, 565 F.3d at 267 n.35).  Certainly, Defendants' ability to articulate specific facts that undermine

3

Plaintiffs' loss causation theories shows that Defendants have "fair notice of what [Plaintiffs'] claim is and the grounds upon which it rests." *Dura Pharms.*, 544 U.S. at 346 (alteration added).

Defendants challenge the Court's reliance on *Vargas v. Citrix Systems, Inc.*, 716 F. Supp. 3d 1295, 1235–36 (S.D. Fla. 2024), insisting that the *Vargas* court's decision to defer resolving the parties' factual disputes concerning loss causation is inapposite because this case presents no factual disputes. (*See* Mot. 4).[3] Not so. As background, in *Vargas*, the defendants argued that the plaintiffs' loss causation allegations were insufficient because there were no competing offers, and "the market valued the stock at less than the merger consideration before speculation about a potential merger became public." 716 F. Supp. 3d at 1311. The plaintiffs in *Vargas* disagreed, stating a benchmark transaction provided factual support for how the deal price was undervalued and caused losses for shareholders. *See id.*

A factual dispute also exists here. Defendants assert "the unaffiliated stockholders overwhelmingly approved the merger; received a 44% premium on their shares; and faced no competing bidders." (Dec. 23, 2025 Order 32–33 (citation omitted)). In contrast, Plaintiffs allege the Special Committee internally regarded values below $25 as "[n]ot the right zone," and values between $25 and $27 as at the "[l]ow end of guidance[,]" requiring "some work." (ACAC ¶ 126 (alterations adopted; other alteration added); *see also id.* ¶ 95). Defendants do not persuade that the Court erred by deferring resolution of a factual dispute.

Defendants' other cited cases also fail to persuade that reconsideration is warranted because those courts evaluated plaintiffs' allegations under a different loss causation theory based on corrective disclosures. (*See* Mot. 4–5 (citing *MacPhee*, 73 F.4th at 1241–1249; *Meyer*, 710

---

[3] Defendants also point out that in *Vargas*, the court was analyzing loss causation in a Section 14(a) claim not a Section 10(b) claim (*see* Mot. 4); but as Plaintiffs correctly note, "all the in-circuit authorities relied upon by the *Vargas* court exclusively addressed Section 10(b) claims" (Resp. 7 (emphasis omitted)).

F.3d at 1200–1202; *Jastram*, 161 F.4th at 708)). Plaintiffs are not proceeding under a traditional loss causation theory. (*See* Reply 2 ("In a typical Section 10(b) claim, a plaintiff alleges that fraud artificially inflated the price of a security, the "truth" later emerged, and the stock price dropped as a result." (citations omitted))). Indeed, all parties cite cases acknowledging that corrective disclosures and stock drops are not the only way to demonstrate loss causation. (*See* Mot. 4 (citing *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co. Ltd.*, 663 F. Supp. 3d 334, 374 (S.D.N.Y 2023); *see* Resp. 12–13 (citing *Vargas*, 716 F. Supp. 3d at 1235–36; *Lane v. Page*, 727 F. Supp. 2d 1214, 1235–36 (D.N.M. 2010);[4] *Siegmund v. Xuelian Bian*, No. 16-62506, 2018 WL 1611847, at *11 (S.D. Fla. Apr. 2, 2018); *Page v. Derrickson*, No. 96-842-Civ-T-17C, 1997 WL 148558, at *6 (M.D. Fla. Mar. 25, 1997))). Because Defendants do not point to caselaw affirmatively stating that a corrective disclosure theory is the only acceptable way to allege loss causation, reconsideration is not warranted to correct clear error or prevent manifest injustice.[5]

In sum, Defendants have failed to demonstrate that they are entitled to the "extraordinary remedy" of reconsideration. *Burger King Corp.*, 181 F. Supp. at 1370. The parties' briefing confirms factual disputes regarding Plaintiffs' theory of loss causation that are inappropriate for the Court to resolve at the motion-to-dismiss stage. S*ee Vargas*, 716 F. Supp. 3d at 1235–36;

---

[4] Defendants dispute the applicability of *Lane*, 727 F. Supp. 2d at 1235–36, asserting that unlike in *Lane*, which "pointed to two internal appraisals that valued the stock at between $474.00 and $1[,]013.00 per share" compared to a $315.00 merger price, Plaintiffs "offer no comparable facts" and "merely declar[e] that class members were induced to accept an insufficient price for their shares." (Reply 5 (alterations added)). But Plaintiffs do allege that the Special Committee internally regarded values below $25 as "[n]ot the right zone," and values between $25 and $27 as at the "[l]ow end of guidance[,]" requiring "some work." (ACAC ¶ 126 (alterations adopted; other alterations added); *see also id.* ¶ 95). While not as drastic as the difference between the internal valuation and ultimate merger price in *Lane*, the facts alleged concern a discrepancy between an internal valuation and the ultimate $24.90 per-share value. (*See id.* ¶¶ 115, 124).

[5] The Supreme Court in *Dura Pharmaceuticals* concluded that the Ninth Circuit's price inflation standard was incorrect but explicitly did not consider "other proximate cause or loss-related questions." 544 U.S. at 346.

CASE NO. 25-22574-CIV-ALTONAGA/Reid

*Lormand*, 565 F.3d at 267 n.35.   Defendants' remaining arguments improperly ask the Court to reassess its conclusions on issues Defendants raised in their initial Motion to Dismiss.   (*See* Mot. 5–6); *see, e.g.*, *Bent v. Wilson*, No. 21-cv-75, 2022 WL 16552665, at *2 (M.D. Fla. Oct. 31, 2022); *Jane Doe No. 8 v. Royal Caribbean Cruises, Ltd.*, 860 F. Supp. 2d 1337, 1342 (S.D. Fla. 2012).

Accordingly, it is

**ORDERED AND ADJUDGED** that Elephant Partners, Elephant Partners I, L.P., Elephant Partners II, L.P., Elephant Partners 2019 SPV-A, L.P., Elephant Partners II-B, L.P., KKR & Co. Inc., KKR Knowledge Investors L.P., Vista Equity Partners Management, LLC, Shrikrishna Venkataraman, Kevin Klausmeyer, Gerhard Watzinger, and Sjoerd Sjouwerman's Motion for Reconsideration . . . **[ECF No. 111]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 19th day of March, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

6