**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-22574-CIV-ALTONAGA/Reid**

In re:

**KNOWBE4, INC.**
**SECURITIES LITIGATION**

_____ /

**LEAD PLAINTIFFS' MOTION TO**
**AMEND CONSOLIDATED COMPLAINT BY INTERLINEATION**

Lead Plaintiffs Water Island Event-Driven Fund, The Arbitrage Fund, AltShares Merger Arbitrage ETF, and the Hilary L. Shane Revocable Trust ("Lead Plaintiffs") move for leave to amend their complaint by interlineation and state as follows:

1.     On September 2, 2025, the Court issued an Order appointing Water Island Event-Driven Fund, The Arbitrage Fund, AltShares Merger Arbitrage ETF, and the Hilary L. Shane Revocable Trust as Lead Plaintiffs [ECF No. 51].

2.     On September 23, 2025, Lead Plaintiffs filed the Consolidated Amended Class Action Complaint for Violations of Proxy and Anti-Fraud Provisions of the Federal Securities Laws [ECF No. 70] (the "Consolidated Complaint").

3.     The first page of the Consolidated Complaint correctly named Water Island Event-Driven Fund, The Arbitrage Fund, AltShares Merger Arbitrage ETF, and the Hilary L. Shane Revocable Trust as Lead Plaintiffs.  _See_ Consolidated Complaint at 1.  The Certifications and schedules of transactions attached to the Consolidated Complaint also stated that they were submitted on behalf of Water Island Event-Driven Fund, The Arbitrage Fund, AltShares Merger Arbitrage ETF, and the Hilary L. Shane Revocable Trust.  [ECF Nos. 70-1, 70-2].

4.     However, paragraph 15 of the Consolidated Complaint inadvertently references an

1

affiliate of AltShares Merger Arbitrage ETF, as follows:

> Lead Plaintiff AltShares Event-Driven ETF is an exchange-traded investment fund organized under Delaware law.

5. Lead Plaintiffs seek leave of the Court to amend paragraph 15 of the Consolidated Complaint by interlineation to correct the entity name, from AltShares Event-Driven ETF to AltShares Merger Arbitrage ETF. Thus paragraph 15 will read as follows:

> Lead Plaintiff AltShares Merger Arbitrage ETF is an exchange-traded investment fund organized under Delaware law.

6. Federal Rule of Civil Procedure 15(a) provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

## MEMORANDUM OF LAW

7. Rule 15(a) provides that leave to amend "be freely given when justice so requires," and granting such relief "is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330 (1971). The factors considered by the court in determining whether to allow amendment of a pleading are undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party or futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

8. Where the basis for the amendment is of a trivial or formal nature which is apparent from the pleading or documents attached thereto, an amendment by interlineation is proper. *See Woodburn v. Fla. Dep't of Child. Fam. Servs*., 854 F. Supp. 2d 1184, 1210 (S.D. Fla. 2011) ("Subject to the discretion of the court, and in the absence of a statute or rule of court providing otherwise, amendment by interlineation is considered permissible, particularly in the case of an amendment of a trivial or formal nature . . . . It would go against the interests of the parties and this

Court to require [Plaintiff] to replead the entire Complaint on the basis of such an error." (cleaned up)).

9.      Indeed, courts in this district have routinely permitted parties to amend by interlineation to make similar corrections. *See*, *e.g.*, *HDI Global Ins. Co. v. Amerijet Int'l Inc.*, No. 22-22235 (S.D. Fla. Feb. 8, 2023), ECF No. 57 (Altonaga, C.J.) (granting a motion to amend by interlineation to correct a party's name); *Torrao v. Virgin Cruises Intermediate Ltd., Inc.*, 2023 WL 4252550, at *1 (S.D. Fla. June 29, 2023) (Bloom, J.) (allowing the plaintiff to amend by interlineation to remove reference to an improperly named defendant); *Weaver v. Urban Solar LLC*, 2025 WL 4235811, at *3 (S.D. Fla. Mar. 14, 2025) (Singhal, J.) (ordering a plaintiff to amend by interlineation to correct a party's name).

10.      Interlineation simply to correct a name in one location of the Consolidated Complaint will not impact the case schedule nor will it mandate the reopening of pleadings or assertion of new defenses. In *Krinsk v. Suntrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011), the Eleventh Circuit recognized that "the filing of an amended complaint does not automatically revive all defenses or objections that the defendant may have waived in response to the initial complaint," and that the defendant is "allowed to plead anew in response to an amended complaint" *only when* the amended complaint "changes the theory or scope of the case." *Krinsk*, 654 F.3d at 1202 (cleaned up). Neither is present here.

11.      In this case, the Consolidated Complaint contains the correct reference to AltShares Merger Arbitrage ETF in the introduction and attached certification and schedule of transactions, and the parties' briefing on the Defendants' Motion to Dismiss also referenced the correct entity. The only error in the Consolidated Complaint is contained in Paragraph 15, which incorrectly references AltShares Event-Driven ETF. Accordingly, the amendment by interlineation to make

this correction will not impact the claims or defenses nor will it have any impact on the case schedule.

12.     Additionally, Lead Plaintiffs' Motion for Class Certification served on Defendants on January 27, 2026 proposes the correct entity, AltShares Merger Arbitrage ETF, to serve as one of the four class representatives.  Since the service of that motion, Defendants have directed certain document requests and interrogatories to the incorrect entity, AltShares Event-Driven ETF.  While the incorrect entity name was used in those discovery requests, all information provided in response thereto was based on information provided by the proper entity.  Lead Plaintiffs have since served Defendants with amended discovery responses where necessary to correct the entity name.  However, no substantive change to any discovery is or was necessary.  In other words, all information provided in response to interrogatories and all documents produced in response to discovery requests were from the correct entity, AltShares Merger Arbitrage ETF.  Accordingly, no party will be prejudiced by the amendment.

## CONCLUSION

13.     Lead Plaintiffs respectfully request an order of this Court granting leave to amend paragraph 15 of the Consolidated Complaint by interlineation with retroactive effect, and for such further relief as this Court deems just and proper.

## CERTIFICATE OF CONFERENCE

14.     The undersigned provided counsel for Defendants with a draft of this Motion on April 2, 2026.  Counsel for Defendants KnowBe4, Vista, and Sjouwerman advised during a telephonic meet and confer on April 7, 2026 that they do not consent to the Motion.

April 8, 2026

Respectfully submitted,

**KOZYAK TROPIN & THROCKMORTON LLP**

By: /s/ *Benjamin J. Widlanski*
Benjamin J. Widlanski
Florida Bar No. 1010644
Jorge L. Piedra
Florida Bar No. 88315
Brandon M. Sadowsky
Florida Bar No. 1052643
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134
Telephone:  (305) 372-1800
bwidlanski@kttlaw.com
jpiedra@kttlaw.com
bsadowsky@kttlaw.com

*Liaison Counsel for Lead Plaintiffs*

**ENTWISTLE & CAPPUCCI LLP**
Vincent R. Cappucci (*pro hac vice*)
Robert N. Cappucci (*pro hac vice*)
Brendan J. Brodeur (*pro hac vice*)
Andrew M. Sher (*pro hac vice)*
230 Park Avenue, 3rd Floor
New York, New York 10169
Telephone:  (212) 894-7200
Facsimile:  (212) 894-7272
vcappucci@entwistle-law.com
rcappucci@entwistle-law.com
bbrodeur@entwistle-law.com
asher@entwistle-law.com

Andrew J. Entwistle (*pro hac vice*)
500 West Second Street
Floor 19, Suite 16
Austin, Texas 78701
Telephone:  (512) 710-5960
aentwistle@entwistle-law.com

*Co-Lead Counsel for Lead Plaintiffs*

5

Adam Warden (Fla. Bar # 0873691)
Jonathan Lamet (Fla. Bar # 0106059)
**SAXENA WHITE P.A.**
7777 Glades Road, Suite 300
Boca Raton, FL 33434
(561) 394-3399
awarden@saxenawhite.com
jlamet@saxenawhite.com

David J. Schwartz (*pro hac vice*)
10 Bank Street, Suite 882
White Plains, New York 10606
(914) 437-8551
dschwartz@saxenawhite.com

Thomas Curry (*pro hac vice*)
824 N. Market Street, Suite 1003
Wilmington, Delaware 19801
(302) 485-0483
tcurry@saxenawhite.com

***Co-Lead Counsel for Lead Plaintiffs***

6

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served through the Clerk's CM/ECF system to counsel of record on April 8, 2026.

**KOZYAK TROPIN &
THROCKMORTON LLP**

By: /s/ *Benjamin J. Widlanski*
Benjamin J. Widlanski

*Liaison Counsel for Lead Plaintiffs*