**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-CIV-22574/ALTONAGA/Reid**

In re:

**KNOWBE4, INC.
SECURITIES LITIGATION**

_____/

**DEFENDANTS KNOWBE4, INC., SJOERD SJOUWERMAN, AND VISTA
EQUITY PARTNERS MANAGEMENT, LLC'S RESPONSE IN OPPOSITION
TO PLAINTIFFS' MOTION TO AMEND CONSOLIDATED COMPLAINT**

Plaintiffs' motion [ECF No. 148] seeks leave to change the Lead Plaintiff in this case from AltShares Event-Driven ETF to a different entity, AltShares Merger Arbitrage Fund.  The parties, however, have litigated this case—including extensive written discovery—on the basis of AltShares Event-Driven ETF as the Lead Plaintiff for the last *six months*.  Plaintiffs' belated request should be denied.

Recently, Plaintiffs contended that "there is no reason or basis in this case to modify the Court's carefully structured [Scheduling] order."  (ECF No. 110 at 1.)  In an about-face, they now belatedly request leave to amend their Complaint, in effect to substitute a new plaintiff into this action more than a month after the Scheduling Order's deadline for such motions.  (ECF No. 108 at 1.)  Yet Plaintiffs do not cite—let alone purport to meet—the relevant Rule 16(b) diligence standard for belated amendments.  That omission is reason enough to deny their motion.  *See Naranjo Toloza v. Ruiz*, 2024 WL 5057556, at *2 (S.D. Fla. Aug. 29, 2024) (Altonaga, C.J.) (denying motion to amend by interlineation because "Plaintiff entirely fails to address Rule 16 or its good cause standard"); *see also Gonin v. Carnival Corp.*, 2024 WL 2976743, at *3 (S.D. Fla.

1

June 13, 2024) ("[W]hen a plaintiff 'fails to address Rule 16(b)'s good cause standard in her motion to amend,' courts routinely find that the plaintiff has 'not sustained her burden to demonstrate good cause to permit a tardy amendment.'" (alterations adopted; citation omitted)). But it is worth recounting briefly why Plaintiffs could not show diligence even if they tried.

"District courts are required to 'enter a scheduling order that limits the time to join other parties and amend the pleadings.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16(b)) (alterations adopted). Scheduling orders, once entered, "'control the subsequent course of the action unless modified by a subsequent order,' and may be modified only 'upon a showing of good cause.'" *Id.* (quoting Fed. R. Civ. P. 16(b), (e)). This standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's note). No prejudice analysis applies. *Naranjo Toloza*, 2024 WL 5057556, at *1. Simply put, "[i]f a party was not diligent, the good cause inquiry should end." *Sosa*, 133 F.3d at 1418 (alterations adopted; citation omitted). The same diligence standard applies to requests to amend by interlineation. *Naranjo Toloza*, 2024 WL 5057556, at *2 (denying motion for leave to amend by interlineation for failure to show diligence).

Plaintiff Water Island Event-Driven Fund filed this action more than ten months ago. Since then, it has amended its complaint twice. In its most recent Complaint, Water Island Event-Driven Fund added two of its affiliated entities as Lead Plaintiffs, The Arbitrage Fund and AltShares Event-Driven ETF. (ECF No. 70 ¶¶ 15-16.) Water Island Capital LLC commonly advises and

controls all three Water Island Plaintiffs:  (1) Water Island Event-Driven Fund; (2) The Arbitrage Fund; and (3) AltShares Event-Driven ETF.[1]

The Water Island Plaintiffs filed a PSLRA Certification—including relevant trading data—on behalf of:  (1) Water Island Event Driven Fund; (2) The Arbitrage Fund; and (3) AltShares *Merger Arbitrage* ETF.  (ECF No. 70-2.)  AltShares *Merger Arbitrage* ETF and AltShares *Event-Driven* ETF are *different* entities managed by Water Island Capital LLC.  Plaintiffs now ask this Court to swap as Lead Plaintiff, AltShares Event-Driven ETF for AltShares Merger Arbitrage ETF.

The references to AltShares Event-Driven ETF as Lead Plaintiff, however, have long been reflected in the Water Island Plaintiffs' filings and the law of the case.  Based on the face of Plaintiffs' operative pleading, this Court's Order on the Motion to Dismiss (ECF No. 100) also encompassed AltShares *Event-Driven* ETF, not AltShares Merger Arbitrage ETF.  (ECF No. 100 at 1 n.2.).[2]

Following resolution of Defendants' Motion to Dismiss, the Court granted Plaintiffs leave to amend their Complaint *again*.  (*Id.* at 34.)  Even though their own Complaint and this Court's

---

[1]    *See, e.g.*, AltShares Trust, SEC Form N-1A Amend. No. 3, https://www.sec.gov/Archives/edgar/data/1779306/000110465921074293/tm2117497d1_485apo s.htm (May 28, 2021) ("Water Island Capital, LLC serves as an adviser of the Fund.").  The fourth and final Lead Plaintiff is the Hilary L. Shane Revocable Trust, which is managed separately by Hilary L. Shane.  (ECF No. 70 ¶ 17; ECF No. 70-1.)

[2]    Although the Complaint's non-numbered prefatory paragraph referenced AltShares Merger Arbitrage ETF, the Court was correct to recognize that the fund referenced in the Complaint's numbered allegations—AltShares Event-Driven ETF—controlled. It is well-established that numbered paragraphs in a complaint are the operative allegations, given the Federal Rules' requirement that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Defendants thus "have no obligation to respond" to an "introduction [that] is not set forth in numbered paragraphs" in a complaint.  *Goldberg v. Dufour*, 2020 WL 620899, at *2 (D. Vt. Feb. 10, 2020); *see also Three Rivers Hydroponics, LLC v. Florists' Mut. Ins. Co.*, 2018 WL 791405, at *7 (W.D. Pa. Feb. 8, 2018) ("[T]he Court will disregard the entirety of the Introduction section and consider only the numbered paragraphs of the Amended Complaint.").

Order on the Motion to Dismiss named AltShares Event-Driven ETF, the entity that Plaintiffs now contend is the wrong party, Plaintiffs **declined** to amend.  The Court then entered a Scheduling Order making March 5, 2026 the deadline for "motions to amend pleadings or join parties."  (ECF No. 108 at 1.)  Plaintiffs did not file any such motion by the deadline.

Like the Court, Defendants took Plaintiffs' operative pleading on its face.[3]  In early February, they promptly served requests for production and propounded interrogatories on the four Plaintiffs, named in the Complaint's operative numbered paragraphs, including AltShares Event-Driven ETF.  Plaintiffs were obligated to respond to these interrogatories "fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  **Under oath**, Plaintiffs responded to each interrogatory and request for production on behalf of AltShares Event-Driven ETF—the same entity Plaintiffs now say is wrong—and did not object to any of Defendants' discovery requests on the ground that Defendants had directed those requests to the wrong party.  *See, e.g.*, Pls.' Responses to KnowBe4's First Set of Interrogs., with Verification (Ex. A) at 32.

Defendants then took the Water Island Plaintiffs' depositions on March 20, 2026.  When confronted with questions about the differences between AltShares Event-Driven ETF and AltShares Merger Arbitrage ETF at that deposition, only then did Plaintiffs acknowledge the discrepancy in their Complaint and the Court's Motion to Dismiss Order.  Again, however, they did **nothing** to address it.

Five days later, at a March 25 discovery hearing before Judge Reid, Plaintiffs again remained silent on the issue while the Court addressed, *inter alia*, the adequacy of Plaintiffs'

---

[3]  Plaintiffs erroneously suggest that "*the parties'* briefing on Defendants' Motion to Dismiss … referenced" AltShares Merger Arbitrage ETF.  (ECF No. 148 at 3 (emphasis added).) Not so.  Neither of Defendants' motion-to-dismiss briefs mentioned or referenced AltShares Merger Arbitrage ETF.  (*See* ECF No. 79; ECF No. 99.)

interrogatory responses. (ECF No. 147 at 1, 3.) On April 2, 2026, Plaintiffs served amended interrogatory and discovery responses objecting—for the first time—to Defendants' service of discovery on AltShares Event-Driven ETF.

On April 8, 2026—***197 days after they filed their operative Complaint***—Plaintiffs brought the instant motion. Plaintiffs now insist that: (1) their reference to AltShares Event-Driven ETF in the operative pleading was erroneous; (2) the Court's Order encompassing AltShares Event-Driven ETF was erroneous; and (3) their verified interrogatory responses on behalf of AltShares Event-Driven ETF were erroneous.

Plaintiffs now request, less than two weeks before the class certification discovery deadline, substitution of a different plaintiff into the case because of a purported error that they should have corrected when they filed their operative Complaint ***over six months ago***. Instead, they allowed the purported error to be perpetuated for months, including through the Court's December 23, 2025 Order on Motion to Dismiss and in their own discovery responses. That is the opposite of diligence.[4]

Plaintiffs' cited authorities only drive home their failure to exercise and show diligence. In *HDI Global Insurance Co. v. Amerijet International Inc.*, this Court granted a plaintiff's unopposed motion for leave to amend by interlineation to correct the name of a ***defendant*** in the complaint after the movant expressly argued that the amendment satisfied Rule 16's good cause

---

[4]    Although irrelevant, Plaintiffs are also incorrect to suggest that their proposed amendment will not "have any impact on the case schedule." (ECF No. 148 at 4.) Plaintiffs should not be permitted, on the one hand, to mislead their opponents into focusing class certification discovery on one plaintiff for months and, on the other hand, to use an amendment to run out the clock for discovery focused on a different party. Regardless, "[d]iligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry," and Plaintiffs' suggestions about the impact on the case schedule are beside the point. *Roberson v. BancorpSouth Bank*, Inc., 2013 WL 4870839, at *2 (S.D. Ala. Sept. 12, 2013) (collecting cases).

standard.  No. 22-22235, ECF No. 56, at 3-4 (S.D. Fla. Feb. 7, 2023).  The standard was met in that case because the plaintiff learned only through discovery that it had named the wrong defendant, *id.*—a far cry from a case like this one, where Plaintiffs have not attempted to satisfy Rule 16 and did not need discovery to recognize the need to amend.  The courts in *Torrao v. Virgin International Ltd., Inc.* and *Weaver v. Urban Solar, LLC* similarly permitted interlineation by plaintiffs to correct a ***defendant's*** name when the case was still at the pleading stage—not to substitute a new ***plaintiff*** after significant discovery.  2023 WL 4252550, at *1 (S.D. Fla. June 29, 2023); 2025 WL 4235811, at *3 (S.D. Fla. Mar. 14, 2025).

Plaintiffs' reliance on Rule 15's more lenient amendment standard (ECF No. 148 at 2) is likewise misplaced.  *Sosa*, 133 F.3d at 1419.  "If [Plaintiffs'] motion for leave to amend had been filed within the time prescribed by the scheduling order, Rule 15(a) would be [the] primary focus." *Id.*  But because their "motion to amend was filed after the scheduling order's deadline, [they] must first demonstrate good cause under Rule 16(b)."  *Id.*  As the Eleventh Circuit has explained, considering belated amendments "without regard to Rule 16(b) … would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."  *Id.*

In short, Plaintiffs' request to belatedly amend their Complaint should be denied because they have not shown and cannot show their diligence in seeking amendment.

Respectfully submitted this 13th day of April, 2026.

/s/  Samuel G. Williamson

Samuel G. Williamson
Florida Bar No. 1033817
David A. Nabors
Florida Bar No. 1024722
**QUINN EMANUEL URQUHART &
SULLIVAN LLP**
2601 S Bayshore Drive
Suite 1550
Miami, Florida 33133-5417
(305) 402-4880
samwilliamson@quinnemanuel.com
davidnabors@quinnemanuel.com

Andrew J. Rossman (*pro hac vice)*
Courtney C. Whang (*pro hac vice)*
Marielle Paloma Greenblatt (*pro hac
vice)*

**QUINN   EMANUEL   URQUHART
& SULLIVAN LLP**
295 Fifth Avenue
New York, NY 10016
(212) 446-4800
andrewrossman@quinnemanuel.com
courtneywhang@quinnemanuel.com
mariellegreenblatt@quinnemanuel.com

*Counsel for Defendants KnowBe4, Inc.,
Sjoerd Sjouwerman, and Vista Equity
Partners Management, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 13th day of April, a true and correct copy of the foregoing document was electronically transmitted to all counsel of record via the CM/ECF system.

By: */s/ Samuel G. Williamson*
Samuel G. Williamson
Florida Bar No. 1033817
samwilliamson@quinnemanuel.com

8