# Exhibit A

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-22574-CIV-ALTONAGA/Reid**

In re:

**KNOWBE4, INC.
SECURITIES LITIGATION**

_____/

**THE WATER ISLAND PLAINTIFFS' RESPONSES AND OBJECTIONS TO
KNOWBE4, INC.'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Lead Plaintiffs Water Island Event-Driven Fund, AltShares Event-Driven ETF and The Arbitrage Fund (collectively, the "Water Island Plaintiffs" or "Plaintiffs"), by and through their counsel, hereby submit the following responses and objections to Defendant KnowBe4, Inc.'s First Set of Interrogatories to Plaintiffs ("Interrogatories") as follows:

**INTRODUCTION AND GENERAL OBJECTIONS**

1.      Plaintiffs' responses to the Interrogatories are made solely for use in the above-captioned action (the "Action"). Plaintiffs' responses to the Interrogatories are based upon a reasonable investigation of the evidence currently available and reflect Plaintiffs' current knowledge, understanding, and belief based upon information known at this time.

2.      Discovery in this matter has only recently commenced and is ongoing. Additional contentions, facts, witnesses, documents, testimony, or other evidence may arise during the discovery process and during the review of discovery in preparation for trial. The Water Island Plaintiffs are providing these responses based upon information available to date and expressly reserve the right to modify their responses based upon further discovery. By providing the responses and objections below, Plaintiffs do not waive, and expressly reserve, the right to: (a)

1

modify their position based upon further discovery; (b) rely upon and use, at trial and otherwise, any other facts and information subsequently identified; (c) supplement, clarify, revise, or correct any or all of the objections and responses herein; (d) assert additional objections or privileges in subsequent supplemental responses; and (e) assert any and all objections as to the admissibility of such responses into evidence in this action, on any and all grounds, including, but not limited to, relevance, materiality, and admissibility, and on any ground that would require exclusion of any response herein if it were introduced in court.

3.     Plaintiffs object to each Interrogatory to the extent that it purports to require the disclosure of information and/or communications protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the joint-prosecution privilege, the common-interest privilege, and/or any other applicable privilege or immunity from disclosure, regardless of whether such privilege or immunity from disclosure is specifically identified in the response(s) to which it applies. Any inadvertent disclosure of privileged or otherwise protected information shall not be deemed to be a waiver by Plaintiffs of any applicable privilege or immunity from disclosure.

4.     Plaintiffs object to each Interrogatory to the extent it seeks the discovery of information or materials that are not in Plaintiffs' possession, custody, or control.

5.     No incidental or implied admissions are intended in these responses. Plaintiffs' response to all or any part of an Interrogatory should not be taken as an admission that: (a) Plaintiffs accept or admit the existence of any facts set forth or assumed by the Interrogatories; or (b) Plaintiffs' responses constitute admissible evidence. Plaintiffs' response to all or any part of an Interrogatory also is not intended to be, and shall not be, a waiver by Plaintiffs of all or any part of their objections to that Interrogatory.

6.      In responding to the Interrogatories, Plaintiffs do not concede the relevance, materiality, or admissibility of any information or materials sought. Plaintiffs' responses, including the identification of any document or thing, do not constitute an admission by Plaintiffs' that such response, document, or thing, including any information contained therein, is relevant, authentic, or admissible, and are not intended to waive or prejudice any objections Plaintiffs may assert now or in the future. This includes, without limitation, objections to the use or admissibility of any document or thing, including any information contained therein, at any trial or other proceeding in this or any other action.

7.      Plaintiffs object to the Definitions and Instructions to the extent that they seek to impose burdens or obligations that are different from or exceed the requirements of the Federal Rules, the Local Rules, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and/or any Orders of the Court entered in this Action.

8.      Plaintiffs object to the Definitions and Instructions to the extent they call for the disclosure of information that is not relevant to the parties' claims or defenses, or that is unduly burdensome, overbroad, and disproportionate to the needs of the case, including to the extent they seek the production of information concerning Plaintiffs' securities trading beyond their transactions in KnowBe4 common stock, which is the only security at issue in this Action, or other information regarding Plaintiffs' financial affairs unrelated to the Action.

9.      Plaintiffs object to the definition of the "Relevant Time Period" covered by the Interrogatories as overbroad, unduly burdensome, and not proportionate to the needs of the case insofar as the Interrogatories seek information before the time period relevant to the allegations in the Complaint.  Plaintiffs will respond to the Interrogatories using the time period of September 16, 2022 through February 1, 2023 (the "Relevant Time Period").

10.     In responding to these Interrogatories, Plaintiffs have interpreted the words and phrases used in these Interrogatories in accordance with their usual definitions and usages. To the extent Defendants intended any word or phrase to have a meaning other than the generally accepted one, Plaintiffs object on the grounds that those words and phrases are vague and ambiguous, and cannot be understood in context.

11.     Plaintiffs object to the definition of the terms "Communication" or "Communications" as overbroad, unduly burdensome, and not proportional to the needs of this case, to the extent such definition seeks to impose obligations greater than those prescribed by the Federal Rules or as seeking information that is not within Plaintiffs' possession, custody, or control.

12.     Plaintiffs object to the definition of the terms "Document" or "Documents" as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it includes (i) documents that are irrelevant, cumulative, or duplicative; (ii) electronically stored information ("ESI") from sources not reasonably accessible, that incurs undue burden or expense, or can be obtained from some other source that is more convenient, less burdensome, or less expensive (examples include, but are not limited to: (a) restoration of documents or data that are not retained in the ordinary course of business or reside exclusively on extant backup tapes of electronic media; (b) recovery of documents or data that have been deleted or are fragmented; or (c) collection of documents or data that reside exclusively on instant-message, text-message, message-board, and similar systems not maintained, controlled, or sanctioned for use by Plaintiffs); or (iii) documents inconsistent with the terms agreed to by the parties in the Stipulated Protective Order And Stipulated Order Governing Discovery ("ESI Protocol," Dkt. No. 133), because the burden or expense of the collection, search, review, or production of such documents

4

outweighs any benefit that may exist. Plaintiffs also object to the definition of the terms "Document" or "Documents" to the extent it includes documents protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or immunity.

13.     Plaintiffs object to the definition of the terms "Describe" or "Identify" (whether in reference to a person or a document) to the extent that it imposes burdens or obligations that are different from or exceed the requirements of the Federal Rules, the Local Rules, the PSLRA, and/or any Orders of the Court entered in this Action. Plaintiffs further object to the definition of the terms "Describe" or "Identify" to the extent that they seek information that is not within Plaintiffs' possession, custody, or control.

14.     Plaintiffs object to the definition of the term "Person" as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent the term as defined, including "legal entities, . . . corporations, partnerships, firms, associations, professional corporations, and proprietorships, and [] governmental bodies or agencies": (i) calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or immunity; (ii) calls for production of documents not within Plaintiffs' possession, custody, or control; or (iii) includes individuals or entities who are not named parties in this Action or are otherwise irrelevant to it. In responding to the Requests, Plaintiffs will interpret the term "Person" to mean a natural person, unless otherwise indicated.

15.     Plaintiffs object to the definition of the terms "You," "Your," and "Yours" on the grounds that they are overly broad and unduly burdensome because those terms include Plaintiffs' "in-house and external attorneys, accountants, representatives, agents, or other Persons acting or

purporting to act on each Lead Plaintiff's behalf."   To the extent Plaintiffs respond to any Interrogatory as set forth below in the Responses and Objections, Plaintiffs provide such response only on behalf of, and any such response only refers to, Plaintiffs, unless otherwise noted.

16.     Plaintiffs object to Instruction No. 2, indicating that these Interrogatories are "continuing," as overly broad and unduly burdensome. Plaintiffs will respond to these Interrogatories based on information in their possession, custody, or control and reserves the right to amend, supplement, or correct these responses if additional relevant information is identified.

17.     Plaintiffs object to Instruction Nos. 3-5 to the extent they call for information not within Plaintiffs' possession, custody, or control and seek to impose undue burdens and obligations upon Plaintiffs beyond those imposed by the Federal Rules, Protective Order, and ESI Protocol. Plaintiffs further object to the extent Instruction Nos. 3-5 seek information that is irrelevant, unduly burdensome, and not proportional to the needs of this case or protected from disclosure by the attorney-client privilege, attorney work-product doctrine, common interest privilege, or any other applicable privileges or immunities.

18.     Plaintiffs object to Instruction No. 6 to the extent it calls for information protected by the attorney-client privilege, attorney work-product doctrine, common interest privilege, or any other applicable privileges or immunities and seeks to impose an undue burden and obligations upon Plaintiffs beyond those imposed by the Federal Rules, the ESI Protocol, and the Protective Order. Plaintiffs further object to the extent that Instruction No. 6 seeks information that is irrelevant, unduly burdensome, and not proportional to the needs of this case.

19.     The foregoing general objections are hereby incorporated by reference into each response made with respect to each individual Interrogatory. For particular emphasis, Plaintiffs have, from time to time, expressly included one or more of the general objections in the responses

below. Plaintiffs' responses to each individual Interrogatory are made without prejudice to, and without in any respect waiving, any general objection not expressly set forth in that response.

**SPECIFIC RESPONSES AND OBJECTIONS**

**INTERROGATORY NO. 1:**

Identify all of Your transactions in KnowBe4 securities at any time, including (i) the type of KnowBe4 security; (ii) the date on which each such transaction took place; and (iii) the price You paid or received for KnowBe4 securities for each such transaction.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the General Objections, Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks identification of "all" transactions in KnowBe4 securities "at any time," including KnowBe4 securities other than: (i) KnowBe4 common stock, which is the only security at issue in this Action; and (ii) the transactions in KnowBe4 common stock that are at issue in this litigation. Plaintiffs further object to this Interrogatory because it is without a temporal limitation corresponding to the Class Period.

Subject to and without waiving the foregoing objections, Plaintiffs refers Defendants to their Certification filed with the Consolidated Amended Complaint for Violations of Proxy and Anti-Fraud Provisions of the Federal Securities Laws (ECF No. 70-2) which included all of Plaintiffs' transactions in KnowBe4 common stock during the time period.

By way of further response, pursuant to Federal Rule 33(d), the Water Island Plaintiffs direct Defendants to business records that are being produced contemporaneously with this response. *See, e.g.*, WIC_KNBE_000038660.

7

**INTERROGATORY NO. 2:**

Identify each Person involved in making any decision to purchase, sell, trade, hold, or otherwise acquire or dispose of KnowBe4 securities on Your behalf during the Relevant Time Period, including persons involved in monitoring Plaintiffs' investment, reviewing or maintaining information about KnowBe4, and listening to or reviewing Defendants' public statements, and describe the nature of each Person's involvement.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs object to this Interrogatory as overly broad because it seeks information related to "KnowBe4 securities" rather than KnowBe4 common stock that is at issue in this litigation. Plaintiffs further object to this Interrogatory because it is without a temporal limitation corresponding to the Class Period. Plaintiffs additionally object to the terms "monitoring," "reviewing or maintaining information," and "listening to or reviewing Defendants' public statements" as vague, ambiguous, and overly broad.

Subject to and without waiving the foregoing objections, the Water Island Plaintiffs each state that their investment adviser, Water Island Capital, LLC, and their portfolio manager, Roger Foltynowicz, were responsible for the investment decisions regarding Plaintiffs' transactions of KnowBe4 common stock during the Relevant Time Period.

**INTERROGATORY NO. 3:**

Identify all Documents, Communications, or other sources You relied on, referenced, reviewed, or otherwise considered, including the date(s) of such review or consideration, in making each decision to purchase, sell, trade, hold, or otherwise acquire or dispose of KnowBe4 securities during the Relevant Time Period, or in otherwise analyzing your investments in KnowBe4 securities.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the General Objections, Plaintiffs object to this Interrogatory as overly broad because it seeks information related to "KnowBe4 securities" rather than KnowBe4 common stock that is at issue in this litigation. Plaintiffs further object to this Interrogatory because it is without a temporal limitation corresponding to the Class Period. Plaintiffs also object to the use of the phrase "relied on" or the word "relied" in this Interrogatory to the extent it could be construed as calling for a legal conclusion concerning the element of reliance. Plaintiffs also object to this Interrogatory to the extent that "relied on" is vague and ambiguous. Plaintiffs also object to this Interrogatory on the ground that it seeks information that is neither relevant to any party's claims or defenses in this Action nor proportional to the needs of this case.  Reliance is not an element of a claim brought under Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and actual reliance is not an element of Plaintiffs' claims under Section 10(b) and 20(a) of the Exchange Act since a Class-wide presumption of reliance applies to Plaintiffs' claims.

Subject to and without waiving the foregoing objections, Plaintiffs state that they relied upon the integrity of the market price of KnowBe4 which incorporated all publicly available information, that Defendants committed a "common fraudulent scheme," and that Plaintiffs also relied on the presumption that Defendants disclosed all necessary and material facts relating to KnowBe4 that they had a duty to disclose.  In addition, Plaintiffs state Water Island Capital, LLC, the investment advisor to the Water Island Plaintiffs, reviewed the Merger Press Release and the Proxy Statement.

**INTERROGATORY NO. 4:**

Identify each statement You contend contains an Actionable Misrepresentation for which you allege KnowBe4 is liable under the Exchange Act, and, with respect to each such statement:

(a) Identify the date that You contend you learned the truth about the statement, what information you learned revealing that truth, and explain, in detail, how that information revealed the truth; and (b) Identify all facts and evidence that support Your contention that the alleged misstatement of fact was material to You, or, in the context of Actionable Misrepresentations based on omissions of fact, why the information that was omitted from the statement was material to you.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the General Objections, Plaintiffs object to this Interrogatory to the extent it seeks to require Plaintiffs to repeat information that is already detailed in the Complaint and further discussed in Lead Plaintiffs' Opposition to Defendants' Combined Motion to Dismiss, dated October 21, 2025 (the "Opposition Brief," ECF No. 96).   Plaintiffs further object to this Interrogatory to the extent it purports to require Plaintiffs to set forth legal conclusions.  Plaintiffs further object to this Interrogatory on the ground that it is premature because it seeks to force Plaintiffs to identify and compile all of their evidence regarding matters on which investigation and discovery is not yet complete, significantly in advance of the close of fact and expert discovery, and at a point in time when document production in this Action has not commenced. Plaintiffs also object to this Interrogatory to the extent it seeks information not within Plaintiffs' possession, custody, or control or equally available to Defendants, including from pleadings and documents on file in this Action. Plaintiffs also object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, common interest privilege, or any other applicable privileges or immunities. Plaintiffs further object to this Interrogatory on the ground that it is duplicative and cumulative of Defendants' other discovery requests to Plaintiffs.

Subject to and without waiving the foregoing objections, Plaintiffs refer Defendants to their Initial Disclosures, the Complaint, Plaintiffs' Opposition Brief, and the Court's December 23, 2025 Order (ECF No. 100). Plaintiffs further state that the Court found that the statements set forth in Paragraphs 114, 121–22, 125, and 136 of the Complaint "are actionable." Order at 22, 24.

Plaintiffs reserve all rights to supplement or revise their Response to this Interrogatory with information borne out through discovery, including through the production of documents and taking of depositions in this Action, if need be.

**INTERROGATORY NO. 5:**

State whether You contend that, even absent a presumption of reliance under the fraud-on-the-market doctrine, You relied on the Actionable Misrepresentations.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the General Objections, Plaintiffs object to this Interrogatory to the extent it seeks to require Plaintiffs to repeat information that is already detailed in the Complaint. Plaintiffs further object to this Interrogatory to the extent it purports to require Plaintiffs to set forth legal conclusions. Plaintiffs further object to this Interrogatory because it prematurely seeks information related to expert testimony or opinion and fact discovery not yet conducted, significantly in advance of the close of fact and expert discovery, and at a point in time when document production in this Action has not commenced. Plaintiffs also object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, common interest privilege, or any other applicable privileges or immunities. Plaintiffs also object to this Interrogatory on the ground that it seeks information that is neither relevant to any party's claims or defenses in this Action nor proportional to the needs of this case. Reliance is not an element of a claim brought under Sections 14(a) and 20(a) of the Exchange Act and actual

11

reliance is not an element of Plaintiffs' claims under Section 10(b) and 20(a) of the Exchange Act since a Class-wide presumption of reliance applies to Plaintiffs' claims.

Subject to and without waiving the foregoing objections, Plaintiffs respond that "even absent a presumption of reliance under the fraud-on-the-market doctrine," other reliance doctrines are applicable in this Action, including presumptions of reliance under *Affiliated Ute Citizens of Utah v. U.S.*, 406 U.S. 128 (1972), and *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 724 (11th Cir. 1987). Plaintiffs further refer Defendants to their Responses to Interrogatory Nos. 3 and 6, and reserves all rights to supplement or revise their Response to this Interrogatory with information borne out through discovery, including through the production of documents and taking of depositions in this Action.  In addition, Plaintiffs state Water Island Capital, LLC, the investment advisor to the Water Island Plaintiffs, reviewed and relied upon the Merger Press Release and the Proxy Statement.

**INTERROGATORY NO. 6:**

Identify each specific Actionable Misrepresentation that You actually read, reviewed, or heard and then relied upon, in deciding to purchase, hold, or sell in reliance on those statements, and describe all facts demonstrating such reliance, including the time You read, reviewed, or heard the Actionable Misrepresentation and the Person or Persons who read, reviewed, or heard the Actionable Misrepresentation.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to the General Objections, Plaintiffs object to this Interrogatory to the extent it seeks to require Plaintiffs to repeat information that is already detailed in the Complaint and further discussed in the Opposition Brief.  Plaintiffs further object to this Interrogatory to the extent it purports to require Plaintiffs to set forth legal conclusions.  Plaintiffs further object to this

12

Interrogatory because it prematurely seeks information related to expert testimony or opinion and fact discovery not yet conducted, significantly in advance of the close of fact and expert discovery, and at a point in time when document production in this Action has not commenced. Plaintiffs also object to this Interrogatory to the extent it seeks information not within Plaintiffs' possession, custody, or control or equally available to Defendants, including from pleadings and documents on file in this Action. Plaintiffs also object to this Interrogatory on the ground that it seeks information that is neither relevant to any party's claims or defenses in this Action nor proportional to the needs of this case.  Reliance is not an element of a claim brought under Sections 14(a) and 20(a) of the Exchange Act and actual reliance is not an element of Plaintiffs' claims under Section 10(b) and 20(a) of the Exchange Act since a Class-wide presumption of reliance applies to Plaintiffs' claims. Plaintiffs further object to this Interrogatory on the ground that it is duplicative and cumulative of Defendants' other discovery requests to Plaintiffs.

Subject to and without waiving the foregoing objections, Plaintiffs refers Defendants to Plaintiffs' Initial Disclosures, the Complaint, Plaintiffs' Opposition Brief, and the Court's December 23, 2025 Order.  In addition, Plaintiffs state Water Island Capital, LLC, the investment advisor to the Water Island Plaintiffs, reviewed and relied upon the Merger Press Release and the Proxy Statement.

**INTERROGATORY NO. 7:**

The Complaint alleges that "Morgan Stanley contacted at least 18 parties to gauge their interest in a potential acquisition of KnowBe4." Identify all facts and evidence that You contend supports Your related allegation that none of these parties "were able to advance in the process quickly enough to submit a competing bid."

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to the General Objections, Plaintiffs object to this Interrogatory to the extent it seeks to require Plaintiffs to repeat information that is already detailed in the Complaint and further discussed in the Opposition Brief. Plaintiffs further object to the extent it purports to require Plaintiffs to set forth legal conclusions.  Plaintiffs further object to this Interrogatory on the ground that it is premature because it seeks to force Plaintiffs to identify and compile all of their evidence regarding matters on which investigation and discovery is not yet complete, well in advance of the close of fact and expert discovery, and at a point in time when document production in this Action has not commenced. Plaintiffs also object to this Interrogatory to the extent it seeks information not within Plaintiffs' possession, custody, or control or equally available to Defendants.  Plaintiffs also object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, common interest privilege, or any other applicable privileges or immunities.

Subject to and without waiving the foregoing objections, Plaintiffs refers Defendants to the Complaint and Plaintiffs' Opposition Brief.  Plaintiffs reserve all rights to supplement or revise their Response to this Interrogatory with information borne out through discovery, including through the production of documents and taking of depositions in this Action, if need be.

**INTERROGATORY NO. 8:**

Identify which, if any, bidders You contend were willing to and able to pay more per share to acquire KnowBe4 than Defendant, and describe in detail all facts and evidence that You contend support that contention.

14

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the General Objections, Plaintiffs object to this Interrogatory to the extent it seeks to require Plaintiffs to repeat information that is already detailed in the Complaint and further discussed in the "Opposition Brief."  Plaintiffs further object to the extent it purports to require Plaintiffs to set forth legal conclusions.  Plaintiffs further object to this Interrogatory on the ground that it is premature because it seeks to force Plaintiffs to identify and compile all of their evidence regarding matters on which investigation and discovery is not yet complete, well in advance of the close of fact and expert discovery, and at a point in time when document production in this Action has not commenced. Plaintiffs also object to this Interrogatory to the extent it seeks information not within Plaintiffs' possession, custody, or control or equally available to Defendants.  Plaintiffs also object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, common interest privilege, or any other applicable privileges or immunities.

Subject to and without waiving the foregoing objections, Plaintiffs refers Defendants to the Complaint and Plaintiffs' Opposition Brief.  Plaintiffs reserve all rights to supplement or revise their Response to this Interrogatory with information borne out through discovery, including through the production of documents and taking of depositions in this Action, if need be.

**INTERROGATORY NO. 9:**

Your Complaint alleges that "the public markets did not reward KnowBe4's business successes" and that "KnowBe4's stock was undervalued throughout its entire public existence." Identify the price by which You contend public markets undervalued KnowBe4 on each trading day on which You purchased, held, or sold KnowBe4 stock and describe, in detail, the bases for that contention.

15

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to the General Objections, Plaintiffs object to this Interrogatory to the extent it seeks to require Plaintiffs to repeat information that is already detailed in the Complaint and further discussed in the Opposition Brief. Plaintiffs further object to the extent it purports to require Plaintiffs to set forth legal conclusions and prematurely seeks discovery on a topic more appropriately determined by expert opinion and testimony at a time when no experts have been, or are required to be, designated.  Plaintiffs further object to this Interrogatory on the ground that it is premature insofar as it calls for information regarding matters on which investigation and discovery is not yet complete, well in advance of the close of fact and expert discovery, and at a point in time when document production in this Action has not commenced. Plaintiffs also object to this Interrogatory to the extent it seeks information not within Plaintiffs' possession, custody, or control or equally available to Defendants.  Plaintiffs also object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, common interest privilege, or any other applicable privileges or immunities.

Subject to and without waiving the foregoing objections, Plaintiffs refer Defendants to the Complaint and Plaintiffs' Opposition Brief. Plaintiffs further respond that they will produce the expert disclosures, report(s), and testimony required under Rule 26 of the Federal Rules of Civil Procedure in accordance with the Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge (the "Scheduling Order") (ECF No. 108).  Plaintiffs reserve all rights to supplement or revise their Response to this Interrogatory with information borne out through discovery, including through the production of documents and taking of depositions in this Action, if need be.

16

**INTERROGATORY NO. 10:**

State whether You sought a statutory appraisal of Your KnowBe4 shares under Delaware law, identifying the date and outcome of any such appraisal, each Person involved in making any decision to seek or not seek a statutory appraisal, and describing the nature of each Person's involvement.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiffs object to this Interrogatory to the extent it seeks disclosure of information protected by the attorney work-product doctrine, the attorney-client privilege, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, the Water Island Plaintiffs each state that they did not seek statutory appraisal of their KnowBe4 shares under Delaware law.

**INTERROGATORY NO. 11:**

For each statement You identify in response to Interrogatory No. 4 as containing an Actionable Misrepresentation, state when You contend that the market learned the truth about the false statement of material fact or the omitted material facts that You contend were required to be disclosed.

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to the General Objections, Plaintiffs object to this Interrogatory to the extent it seeks to require Plaintiffs to repeat information that is already detailed in the Complaint and further discussed in the Opposition Brief. Plaintiffs further object to this Interrogatory to the extent it purports to require them to set forth legal conclusions. Plaintiffs further object to this interrogatory because they have not asserted a corrective disclosure theory of loss causation or damages. Plaintiffs further object to this Interrogatory because it prematurely seeks information related to

expert testimony or opinion and fact discovery not yet conducted, significantly in advance of the close of fact and expert discovery, and at a point in time when document production in this Action has not commenced. Plaintiffs also object to this Interrogatory to the extent it seeks information not within Plaintiffs' possession, custody, or control or equally available to Defendants, including from pleadings and documents on file in this Action. Plaintiffs also object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, common interest privilege, or any other applicable privileges or immunities. Plaintiffs further object to this Interrogatory on the ground that it is duplicative and cumulative of Defendants' other discovery requests to Plaintiffs.

Subject to and without waiving the foregoing objections, Plaintiffs refer Defendants to Plaintiffs' Initial Disclosures, the Complaint, Plaintiffs' Opposition Brief, and the Court's December 23, 2025 Order (ECF No. 100). Plaintiffs further state that the market did not learn "the truth about the false statement of material fact or the omitted material facts" until after the Merger closed and KnowBe4 common stock was no longer publicly traded, and, indeed, still may not know the full truth. Plaintiffs reserve all rights to supplement or revise their Response to this Interrogatory with information borne out through discovery, including through the production of documents and taking of depositions in this Action, if need be.

**INTERROGATORY NO. 12:**

For each date You identify in response to Interrogatory No. 11, identify what information was disclosed on that day through which the market learned the truth about the false statement of material fact and/or the omitted material facts that You contend were required to be disclosed.

18

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiffs incorporate their general objections and their specific objections and responses to Interrogatory No. 11 as if set forth fully herein.  Plaintiffs reserve all rights to supplement or revise their Response to this Interrogatory with information borne out through discovery, including through the production of documents and taking of depositions in this Action, if need be.

**INTERROGATORY NO. 13:**

Explain, in detail, how each of the alleged disclosures You identify in response to Interrogatory No. 12 corrected an Actionable Misrepresentation.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiffs incorporate their general objections and their specific objections and responses to Interrogatory No. 11 as if set forth fully herein.  Plaintiffs refer Defendants to Plaintiffs' Initial Disclosures, the Complaint, Plaintiffs' Opposition Brief, and the Court's December 23, 2025 Order (ECF No. 100). Plaintiffs reserve all rights to supplement or revise their Response to this Interrogatory with information borne out through discovery, including through the production of documents and taking of depositions in this Action, if need be.

**INTERROGATORY NO. 14:**

Describe with particularity and quantify all damages that You seek for each Claim from KnowBe4, explaining with particularity Your bases for contending that You are entitled to damages in that amount.

**RESPONSE TO INTERROGATORY NO. 14:**

In addition to the General Objections, Plaintiffs object to this Interrogatory to the extent it calls for any explicit or implicit characterization of facts and/or any legal conclusion concerning damages. Plaintiffs further object to this Interrogatory because it prematurely seeks information

19

related to expert testimony or opinion and fact discovery not yet conducted, significantly in advance of the close of fact and expert discovery, at a point in time when document production in this Action has not commenced, and before experts have been, or are required to be, designated. Plaintiffs also object to this Interrogatory to the extent it seeks information not within Plaintiffs' possession, custody, or control or equally available to Defendants, including from pleadings and documents on file in this Action. Plaintiffs also object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, common interest privilege, or any other applicable privileges or immunities. Plaintiffs further object to this Interrogatory on the ground that it is duplicative and cumulative of Defendants' other discovery requests to Plaintiffs.

Subject to and without waiving the foregoing objections, Plaintiffs respond that they will produce the expert disclosures, report(s), and testimony required under Rule 26 of the Federal Rules of Civil Procedure in accordance with the terms of the Court's Scheduling Order, dated January 23, 2026 (ECF No. 108). Plaintiffs further state they seek out-of-pocket damages, benefit-of-the-bargain damages, quasi-appraisal damages, and/or disgorgement. Plaintiffs reserve all rights to supplement or revise their Response to this Interrogatory with information borne out through discovery, including through the production of documents, taking of depositions, and exchange of expert reports and expert testimony in this Action, if need be.

**INTERROGATORY NO. 15:**

For each statement You identify in response to Interrogatory No. 4 as containing an Actionable Misrepresentation, state whether You contend that KnowBe4 acted with actual knowledge that the statement was false or misleading, scienter, or negligently, and describe in detail all facts and evidence that You contend supports any such contention.

**<u>RESPONSE TO INTERROGATORY NO. 15:</u>**

In addition to the General Objections, Plaintiffs object to this Interrogatory to the extent it seeks to require Plaintiffs to repeat information that is already detailed in the Complaint and further discussed in the Opposition Brief. Plaintiffs further object to this Interrogatory to the extent it purports to require Plaintiffs to set forth legal conclusions.  Plaintiffs further object to this Interrogatory on the ground that it is premature because it seeks to force Plaintiffs to identify and compile all of their evidence regarding matters on which investigation and discovery is not yet complete, significantly in advance of the close of fact and expert discovery, and at a point in time when document production in this Action has not commenced. Plaintiffs also object to this Interrogatory to the extent it seeks information not within Plaintiffs' possession, custody, or control or equally available to Defendants, including from pleadings and documents on file in this Action. Plaintiffs also object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, common interest privilege, or any other applicable privileges or immunities. Plaintiffs further object to this Interrogatory on the ground that it is duplicative and cumulative of Defendants' other discovery requests to Plaintiffs.

Subject to and without waiving the foregoing objections, Plaintiffs refer Defendants to Plaintiffs' Initial Disclosures, the Complaint, Plaintiffs' Opposition Brief, and the Court's December 23, 2025 Order (ECF No. 100). Plaintiffs further state that under Count I, the Defendants acted at least negligently and under Count II the Defendants acted with scienter. Plaintiffs reserve all rights to supplement or revise their Response to this Interrogatory with information borne out through discovery, including through the production of documents and taking of depositions in this Action, if need be.

**INTERROGATORY NO. 16:**

State whether You voted to approve the Merger at the Merger price of $24.90, explaining with particularity the bases for Your voting decision, the Person(s) responsible for the decision, and whether you would have voted differently (and if so, how) had any of the alleged Actionable Misrepresentations not been made.

**RESPONSE TO INTERROGATORY NO. 16:**

In addition to the General Objections, Plaintiffs object to this Interrogatory to the extent it purports to require Plaintiffs to set forth legal conclusions. Plaintiffs further object to this Interrogatory to the extent it seeks disclosure of information protected by the attorney work-product doctrine, the attorney-client privilege, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, the Water Island Plaintiffs state that they voted to approve the Merger at the Merger price of $24.90.

**INTERROGATORY NO. 17:**

Identify with particularity the impact, if any, of any statement that You contend contained an Actionable Misrepresentation had on the price of KnowBe4 stock, describing in detail all bases for any such contention.

**RESPONSE TO INTERROGATORY NO. 17:**

In addition to the General Objections, Plaintiffs object to this Interrogatory to the extent it seeks to require Plaintiffs to repeat information that is already detailed in the Complaint and further discussed in the Opposition Brief.  Plaintiffs further object to this Interrogatory to the extent it purports to require Plaintiffs to set forth legal conclusions and prematurely seeks discovery on a topic more appropriately determined by expert opinion and testimony at a time when no experts

have been, or are required to be, designated. Plaintiffs further object to this Interrogatory on the ground that it is premature insofar as it calls for information regarding matters on which investigation and discovery is not yet complete, significantly in advance of the close of fact and expert discovery, and at a point in time when document production in this Action has not commenced. Plaintiffs also object to this Interrogatory to the extent it seeks information not within Plaintiffs' possession, custody, or control or equally available to Defendants, including from pleadings and documents on file in this Action. Plaintiffs also object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, common interest privilege, or any other applicable privileges or immunities. Plaintiffs further object to this Interrogatory on the ground that it is duplicative and cumulative of Defendants' other discovery requests to Plaintiffs.

Subject to and without waiving the foregoing objections, Plaintiffs refer Defendants to Plaintiffs' Initial Disclosures, the Complaint, and Plaintiffs' Opposition Brief. Plaintiffs further respond that the alleged misstatements deflated the price of KnowBe4 common stock. In addition, Plaintiffs will produce the expert disclosures, report(s), and testimony required under Rule 26 of the Federal Rules of Civil Procedure in accordance with the Scheduling Order (ECF No. 108). Plaintiffs reserve all rights to supplement or revise their Response to this Interrogatory with information borne out through discovery, including through the production of documents, taking of depositions, and exchange of expert reports and expert testimony in this Action, if need be.

**<u>INTERROGATORY NO. 18:</u>**

Describe in detail any and all steps you took to mitigate any damages that You claim to have suffered as a result of the Actionable Misrepresentations identified in response to Interrogatory No. 4.

**RESPONSE TO INTERROGATORY NO. 18:**

In addition to the General Objections, Plaintiffs object to this Interrogatory as incoherent based on the facts of this case. Plaintiffs further objection on the grounds that it seeks information that is irrelevant, immaterial, unnecessary, and unrelated to a claim or defense in this litigation to the extent that it seeks information pertaining to anything other than Plaintiffs' transactions in the relevant KnowBe4 common stock that forms the basis of their claims in this Action on the ground that Plaintiffs' transactions in securities other than the KnowBe4 common stock that form the basis of Plaintiffs' claims in this action are neither relevant to any party's claims or defenses in this Action, nor proportional to the needs of this case. Plaintiffs further object to this Interrogatory to the extent it purports to require Plaintiffs to set forth legal conclusions and prematurely seeks discovery on a topic more appropriately determined by expert opinion and testimony at a time when no experts have been, or are required to be, designated. Plaintiffs further object to this Interrogatory to the extent it seeks disclosure of information protected by the attorney work-product doctrine, the attorney-client privilege or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, Plaintiffs will produce the expert disclosures, report(s), and testimony required under Rule 26 of the Federal Rules of Civil Procedure in accordance with the Scheduling Order (ECF No. 108) regarding damages.

**INTERROGATORY NO. 19:**

Identify and describe any communications You had with KnowBe4 at any time from April 1, 2021 through June 5, 2025, including without limitation KnowBe4's board members or management, concerning or relating in any way to the fairness of the Merger.

24

**RESPONSE TO INTERROGATORY NO. 19:**

In addition to the General Objections, Plaintiffs object to this Interrogatory on the ground that it is overly broad with respect to time period. Plaintiffs further object to this Interrogatory on the ground that any communications between themselves and KnowBe4 are equally known to Defendant KnowBe4.

Subject to and without waiving the foregoing objections, the Water Island Plaintiffs did not have any communication with KnowBe4 from September 16, 2022 through February 1, 2023 regarding their investment in KnowBe4.  However, Plaintiffs state Water Island Capital was a customer of KnowBe4 and had communications in that regard as referenced in the Water Island Plaintiffs' document production.

**INTERROGATORY NO. 20:**

Identify all Persons supplying Documents or information used or consulted by You or Your counsel in answering these Interrogatories, and describe the information or Documents each Person supplied.

**RESPONSE TO INTERROGATORY NO. 20:**

In addition to the General Objections, Plaintiffs object to this Interrogatory to the extent it seeks disclosure of information protected by the attorney work-product doctrine, the attorney-client privilege or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Water Island Capital, LLC and counsel provided information used in preparing these responses. The information is set forth in the responses and the documents are being produced contemporaneously herewith.

**INTERROGATORY NO. 21:**

Describe with particularity the nature of Your business, including any investment policies, practices, philosophies, or strategies employed during the Relevant Period.

**RESPONSE TO INTERROGATORY NO. 21:**

In addition to the General Objections, Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, and as seeking irrelevant information not proportional to the needs of this case as only Plaintiffs' transactions in KnowBe4 common stock during the Relevant Time Period are relevant to this Action. Plaintiffs also object to this Interrogatory as vague and ambiguous with respect to the terms "nature of Your business" and "investment policies, practices, philosophies, or strategies."

Subject to and without waiving the foregoing objections, the Water Island Plaintiffs direct Defendant KnowBe4 to their prospectuses, which are being produced contemporaneously herewith at WIC_KNBE_000038677 through WIC_KNBE000038742 and invite Defendant KnowBe4 to inquire further about this topic at Plaintiffs' upcoming Rule 30(b)(6) depositions.

Dated: March 6, 2026

By: /s/ *Vincent Cappucci*
**ENTWISTLE & CAPPUCCI LLP**
Vincent R. Cappucci (*pro hac vice*)
Robert N. Cappucci (*pro hac vice*)
Brendan J. Brodeur (*pro hac vice*)
Andrew M. Sher (*pro hac vice)*
230 Park Avenue, 3rd Floor
New York, New York 10169
Telephone:  (212) 894-7200
Facsimile:  (212) 894-7272
vcappucci@entwistle-law.com
rcappucci@entwistle-law.com
bbrodeur@entwistle-law.com
asher@entwistle-law.com

Andrew J. Entwistle (*pro hac vice*)
500 West Second Street

Suite 1900-16
Austin, Texas 78701
Telephone:  (512) 710-5960
aentwistle@entwistle-law.com

***Court-Appointed Co-Lead Counsel and***
***Proposed Class Counsel***

Adam Warden (Fla. Bar # 0873691)
Jonathan Lamet (Fla. Bar # 0106059)
**SAXENA WHITE P.A.**
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
awarden@saxenawhite.com
jlamet@saxenawhite.com

David J. Schwartz (*pro hac vice*)
10 Bank Street, Suite 882
White Plains, New York 10606
Tel.: (914) 437-8551
Fax: (888) 631-3611
dschwartz@saxenawhite.com

Thomas Curry (*pro hac vice*)
824 N. Market Street, Suite 1003
Wilmington, Delaware 19801
Tel.: (302) 485-0483
tcurry@saxenawhite.com

***Court-Appointed Co-Lead Counsel and***
***Proposed Class Counsel***

**KOZYAK  TROPIN  &  THROCKMORTON
LLP**
Benjamin J. Widlanski
Florida Bar No. 1010644
Jorge L. Piedra
Florida Bar No. 88315
Brandon M. Sadowsky
Florida Bar No. 1052643
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134
Telephone:  (305) 372-1800
bwidlanski@kttlaw.com
jpiedra@kttlaw.com
bsadowsky@kttlaw.com

27

*Court-Appointed Liaison Counsel and*
*Proposed Liaison Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on March 6, 2026, via email upon the counsel of record indicated below.

*/s/ Vincent Cappucci*
Vincent Cappucci


**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Samuel G. Williamson
Florida Bar No. 1033817
David A. Nabors
Florida Bar No. 1024722
2601 S Bayshore Drive
Suite 1550
Miami, Florida 33133-5417
(305) 402-4880
samwilliamson@quinnemanuel.com
davidnabors@quinnemanuel.com


**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Andrew J. Rossman
Courtney C. Whang
Marielle Paloma Greenblatt
295 Fifth Avenue
New York, NY 10016
(212) 446-4800
andrewrossman@quinnemanuel.com
courtneywhang@quinnemanuel.com
mariellegreenblatt@quinnemanuel.com


**LASHGOLDBERG**
Martin B. Goldberg
Florida Bar No. 0827029
Benjamin R. Shiekman
Florida Bar No. 113114
mgoldberg@lashgoldberg.com
bshiekman@lashgoldberg.com
100 S.E. 2nd Street, Suite 1200
Miami, FL 33131
(305) 347-4040

**LATHAM & WATKINS LLP**
Colleen Smith
12670 High Bluff Drive
San Diego, California 92130
(858) 523-5400
colleen.smith@lw.com

**LATHAM & WATKINS LLP**
Jordan Cook
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626
(714) 755-8238
jordan.cook@lw.com

**LATHAM & WATKINS LLP**
Stephen Nasko
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(202) 654-7130
stephen.nasko@lw.com

**GELBER SCHACHTER & GREENBERG, P.A.**
Adam M. Schachter (Florida Bar No. 647101)
Joan Silverstein (Florida Bar No. 997330)
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131
(305) 728-0950
aschachter@gsgpa.com
jsilverstein@gsgpa.com

**GIBSON, DUNN & CRUTCHER LLP**
Michael Holecek
Florida Bar No. 1035950
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7018
MHolecek@gibsondunn.com

**GIBSON, DUNN & CRUTCHER LLP**
Brian M. Lutz
Colin Davis
Jeff Lombard
One Embarcadero Center
Suite 2600
San Francisco, California 94111

(415) 393-8200

**COOLEY LLP**
Koji Fukumura
Peter Adams
Heather Speers
10265 Science Center Drive
San Diego, California 92121
(858) 550-6000
kfukumura@cooley.com
padams@cooley.com
hspeers@cooley.com

## VERIFICATION

I, Jonathon Hickey, hereby state and declare as follows:

I am authorized to make this verification on behalf of Water Island Event-Driven Fund, AltShares Event-Driven ETF and The Arbitrage Fund (collectively, the "Water Island Plaintiffs"). I have reviewed **PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT KNOWBE4, INC.'S FIRST SET OF INTERROGATORIES** (the "Responses"). The Responses contain information that may not relate to my familiarity or involvement in this matter. Based upon my personal knowledge of certain matters and a reasonable investigation into all other matters, the Responses are true and correct according to the best of my knowledge and belief. I reserve the right to make any changes to the Responses should it appear that any omissions or errors have been made.

Subject to the foregoing, I declare under penalty of perjury pursuant to the laws of the United States of America that the facts set forth in the aforesaid document are true and correct to the best of my personal knowledge.

Executed on this 6th day of March 2026.

By: _____
Jonathon Hickey
Senior Managing Partner of Water Island Capital,
LLC, investment advisor to the Water Island Plaintiffs

EC.00143576.1