**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-22574-CIV-ALTONAGA/Reid**

In re:

**KNOWBE4, INC.**
**SECURITIES LITIGATION**

_____ /

### LEAD PLAINTIFFS' REPLY IN FURTHER SUPPORT OF
### MOTION TO AMEND CONSOLIDATED COMPLAINT BY INTERLINEATION

Lead Plaintiffs respectfully submit this Reply in further support of their Motion to Amend their Consolidated Complaint by Interlineation [ECF No. 148] (the "Motion"). Defendants' opposition to the Motion [ECF No. 150] (the "Opposition") both mischaracterizes the relief sought by Lead Plaintiffs and provides no basis to deny Lead Plaintiffs' motion to correct a single sentence in the Consolidated Complaint.

First, the Opposition incorrectly claims the Motion "seeks leave to change the Lead Plaintiff in this case." But the Motion does no such thing. This Court appointed AltShares Merger Arbitrage ETF as one of the four Lead Plaintiffs [ECF No. 51]. The Motion simply seeks to correct one sentence in the Consolidated Complaint to reflect that appointment, not to change the Lead Plaintiff.

Second, the Opposition also states that Lead Plaintiffs seek to "substitute" a new Lead Plaintiff. That is also not true. All the Motion asks is to correct the name of the entity inadvertently misidentified in Paragraph 15 of the Consolidated Complaint (from the misidentified AltShares Event-Driven ETF to the Court-appointed Lead Plaintiff AltShares Merger Arbitrage ETF).

Third, the Opposition suggests that Lead Plaintiffs seek to somehow change this Court's Scheduling Order [ECF No. 108]. That is also untrue. The simple correction to Paragraph 15 has

no impact on the schedule here, just as it has no impact on the claims in the Consolidated Complaint asserted against the Defendants, which have already been subject to a motion to dismiss and two separate motions for reconsideration.

Fourth, Defendants assert that the simple correction will impact Lead Plaintiffs' Motion for Class Certification, served on Defendants on January 27, 2026.  But the Class Certification Motion correctly identifies AltShares Merger Arbitrage ETF as one of four proposed class representatives.  Lead Plaintiffs' Motion will have no effect on class certification briefing.

Fifth, Defendants incorrectly state that discovery will be delayed or otherwise adversely impacted by the correction of Paragraph 15.  But Defendants are well aware that, even though they erroneously addressed written discovery to AltShares Event-Driven ETF, Lead Plaintiffs nevertheless responded by *providing information from and on behalf of Court-Appointed Lead Plaintiff AltShares Merger Arbitrage ETF*.  Defendants are also aware that to avoid any possible confusion on this point, Lead Plaintiffs recently served amended and verified discovery responses confirming the same.  And in that regard, two Rule 30(b)(6) depositions of the Court-appointed AltShares Merger Arbitrage ETF have already been taken by Defendants.  (Defendants' Opposition failed to mention that their own Notice of Deposition named the proper party, "AltShares Merger Arbitrage ETF," undermining Defendants' argument that they took "Plaintiffs' operative pleading on its face."  *See* Exhibit 1.)

The proposed correction to Paragraph 15 of the Consolidated Complaint does not prejudice Defendants in any way.  To the contrary, the proposed correction is requested to avoid precisely the kind of gamesmanship Defendants engage in here.  For example, in their Opposition, Defendants state in conclusory fashion that they have "litigated this case . . . on the basis of AltShares Event Driven ETF as the Lead Plaintiff."  Not so.  Defendants were fully aware of the

proper party, issuing a Notice of Deposition on February 19, 2026 seeking to depose a Rule 30(b)(6) designee of "AltShares Merger Arbitrage ETF." *See* Exhibit 1.   Defendants also ignore the Court's September 2, 2025 Order appointing AltShares Merger Arbitrage ETF as one of the four Lead Plaintiffs.   Defendants likewise concede that the PSLRA Certification and relevant trading data filed with the Consolidated Complaint was provided on behalf of the Court-appointed AltShares Merger Arbitrage ETF, and Defendants blithely ignore that Lead Plaintiffs' Motion for Class Certification on January 27, 2026 proposed AltShares Merger Arbitrage ETF (not AltShares Event Driven ETF) as one of four class representatives; that the amended and verified written discovery responses served earlier this month confirmed that the information provided in the original discovery responses served on March 6, 2026 was provided on behalf of AltShares Merger Arbitrage ETF; and that Defendants conducted a Rule 30(b)(6) deposition of two AltShares Merger Arbitrage ETF representatives.   Put simply, Defendants have full and complete discovery from AltShares Merger Arbitrage ETF in advance of the upcoming class certification discovery deadline.

Lastly, Defendants argue the Motion should be denied for failing to diligently address the error.   That criticism is misplaced.   The error in Paragraph 15 was, to be sure, counsel's.   But the Motion for Lead Plaintiff correctly identified AltShares Merger Arbitrage ETF, this Court's Order correctly appointed AltShares Merger Arbitrage ETF as a Lead Plaintiff, and the Motion for Class Certification correctly identified AltShares Merger Arbitrage ETF as a proposed class representative.

And when the error in Paragraph 15 was brought to Plaintiffs' attention during the March 20, 2026 deposition of the Court-appointed Lead Plaintiff AltShares Merger Arbitrage ETF, Plaintiffs promptly served amended discovery responses, prepared the Motion, sent Defendants a

3

draft of the Motion, conferred with Defendants, and filed the instant Motion on April 8, 2026, the day after Defendants advised they intended to oppose the Motion.[1]  Plaintiffs *were* diligent and *have* established good cause under Federal Rule of Civil Procedure 16(b).  *See, e.g.*, *Rav Bahamas, Ltd. v. Genting Americas, Inc.*, 2026 WL 508166, at *6 (S.D. Fla. Feb. 24, 2026) (finding sufficient diligence and good cause to permit "technical corrections" to the complaint).

Courts have routinely granted motions to amend by interlineation in similar circumstances—and Defendants have provided no basis to depart from the sound decision to decide cases on the merits rather than on technicalities.  *See, e.g.*, *Cohen v. Implant Innovations, Inc.*, 259 F.R.D. 617, 629 n.1 (S.D. Fla. 2008) (explaining that "the Court granted the plaintiff leave to amend the Complaint by interlineation to reflect the plaintiff's true corporate name"); *Woodburn v. State of Fla. Dep't of Child. & Fam. Servs.*, 854 F. Supp. 2d 1184, 1210 (S.D. Fla. 2011) (granting the plaintiff leave to correct the name of the plaintiff's "next friend" and noting that it would "go against the interests of the parties and this Court" to deny leave to correct "such a formal error").  Leave to amend to correct one formal error in one paragraph is proper here.

For all of the foregoing reasons, we respectfully ask that the Court grant the Motion and proposed amendment by interlineation so that Paragraph 15 correctly reflects the name of the Court-appointed Lead Plaintiff AltShares Merger Arbitrage ETF.

---

[1] For these reasons, Plaintiffs have satisfied the "good cause" standard for modification of schedules under Rule 16(b), to the extent that rule applies here.  Defendants' cases are inapposite.  In *Naranjo Toloza v. Ruiz*, 2024 WL 5057556, at *2 (S.D. Fla. Aug. 29, 2024), the Court held that the plaintiff entirely failed to address the good cause standard and failed to establish diligence.  As discussed above, Plaintiffs diligently attempted to correct any issues associated with using the incorrect name for a Lead Plaintiff in one paragraph of the Consolidated Complaint.  In *Gonin v. Carnival Corp.*, 2024 WL 2976743, at *3 (S.D. Fla. June 13, 2024), the Court held the plaintiff failed to show good cause to amend her complaint (a slip and fall claim) when the amendment related to the plaintiff's treatment of her own injury which "she herself already knew."  Here, Lead Plaintiffs promptly sought amendment after Defendants pointed out the error in paragraph 15.

April 14, 2026                          Respectfully submitted,

**KOZYAK TROPIN & THROCKMORTON LLP**

By: /s/ *Benjamin J. Widlanski*
Benjamin J. Widlanski
Florida Bar No. 1010644
Jorge L. Piedra
Florida Bar No. 88315
Brandon M. Sadowsky
Florida Bar No. 1052643
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134
Telephone:  (305) 372-1800
bwidlanski@kttlaw.com
jpiedra@kttlaw.com
bsadowsky@kttlaw.com

*Liaison Counsel for Lead Plaintiffs*

**ENTWISTLE & CAPPUCCI LLP**
Vincent R. Cappucci (*pro hac vice*)
Robert N. Cappucci (*pro hac vice*)
Brendan J. Brodeur (*pro hac vice*)
Andrew M. Sher (*pro hac vice)*
230 Park Avenue, 3rd Floor
New York, New York 10169
Telephone:  (212) 894-7200
Facsimile:  (212) 894-7272
vcappucci@entwistle-law.com
rcappucci@entwistle-law.com
bbrodeur@entwistle-law.com
asher@entwistle-law.com

Andrew J. Entwistle (*pro hac vice*)
500 West Second Street
Floor 19, Suite 16
Austin, Texas 78701
Telephone:  (512) 710-5960
aentwistle@entwistle-law.com

*Co-Lead Counsel for Lead Plaintiffs*

Adam Warden (Fla. Bar # 0873691)
Jonathan Lamet (Fla. Bar # 0106059)
**SAXENA WHITE P.A.**
7777 Glades Road, Suite 300
Boca Raton, FL 33434
(561) 394-3399
awarden@saxenawhite.com
jlamet@saxenawhite.com

David J. Schwartz (*pro hac vice*)
10 Bank Street, Suite 882
White Plains, New York 10606
(914) 437-8551
dschwartz@saxenawhite.com

Thomas Curry (*pro hac vice*)
824 N. Market Street, Suite 1003
Wilmington, Delaware 19801
(302) 485-0483
tcurry@saxenawhite.com

***Co-Lead Counsel for Lead Plaintiffs***

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served through the Clerk's CM/ECF system to counsel of record on April 14, 2026.

**KOZYAK TROPIN &
THROCKMORTON LLP**

By: /s/ *Benjamin J. Widlanski*
Benjamin J. Widlanski

***Liaison Counsel for Lead Plaintiffs***

6