**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-22574-ALTONAGA/Reid**

In re:

**KNOWBE4, INC.**
**SECURITIES LITIGATION**

_____/

**AMENDED NOTICE OF DEPOSITION OF ALTSHARES MERGER ARBITRAGE ETF**
**PURSUANT TO FED. R. CIV. P. 30(b)(6)**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, Defendants KnowBe4, Inc., Sjoerd Sjouwerman, and Vista Equity Partners

Management, LLC, by and through their undersigned attorneys, will take the deposition by oral

examination of a designee or designees of AltShares Merger Arbitrage ETF who is knowledgeable

to testify about the topics set forth in Exhibit A attached hereto in connection with the above-

referenced litigation.

The deposition will take place on March 20, 2026 at 9:30 a.m. ET at the offices of Quinn

Emanuel Urquhart & Sullivan, LLP, 295 Fifth Avenue, 9th Floor, New York, NY 10016, or at

another date, time, and location to be agreed by the parties, and the deposition will continue from

day to day, excluding weekends and legal holidays, until completed.  The deposition will be taken

by oral examination before a notary public or other individual(s) authorized to administer oaths,

and it will be recorded by stenographic and audiovisual means.  All counsel of record are invited

to attend and participate.

Please provide as soon as possible, but no later than ten (10) days prior to the scheduled

deposition, a written designation of the name(s) and position(s) of the person(s) designated and,

to the extent that AltShares Merger Arbitrage ETF will designate multiple representatives, the matters set forth in Exhibit A that each designee will testify about.  Please produce as soon as possible, but no later than ten (10) days prior to the scheduled deposition, all documents in each designee's custodial file.

DATED:  February 26, 2026

Respectfully submitted,

/s/  Samuel G. Williamson

Samuel Gates Williamson
Florida Bar No. 1033817
David A. Nabors
Florida Bar No. 1024722

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
2601 S Bayshore Drive
Suite 1550
Miami, Florida 33133-5417
(305) 402-4880
samwilliamson@quinnemanuel.com
davidnabors@quinnemanuel.com

Andrew J. Rossman *(pro hac vice)*
Courtney C. Whang *(pro hac vice)*
Marielle Paloma Greenblatt *(pro hac vice)*
**QUINN  EMANUEL  URQUHART  &  SULLIVAN LLP**
295 Fifth Avenue
New York, New York 10016
(212) 446-4800
andrewrossman@quinnemanuel.com
courtneywhang@quinnemanuel.com
mariellegreenblatt@quinnemanuel.com

*Counsel for Defendants KnowBe4, Inc., Sjoerd Sjouwerman, and Vista Equity Partners Management, LLC*

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been served on

February 26, 2026 via CM/ECF and/or email upon all counsel of records.

By:  */s/ Samuel G. Williamson*
Samuel Gates Williamson
Florida Bar No. 1033817

**EXHIBIT A**

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, You are advised of Your duty to designate one or more officers, directors, managing agents, or other persons authorized to testify on Your behalf with respect to the below Topics.

**DEFINITIONS**

1.      "Action" means *In re: KnowBe4, Inc. Securities Litigation*, Case No. 25-cv-22574 (S.D. Fla.).

2.      "Actionable Misrepresentation" shall mean any statement that You allege contained a false statement of material fact and/or a statement that omits material facts that You contend were required to be disclosed to render the statement not misleading.  "Actionable Misrepresentations" shall not include alleged statements or omissions determined not to be actionable in the Court's December 23, 2025 Order [ECF No. 100] on Defendants' Combined Motion to Dismiss.

3.      "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the Topics inclusive rather than exclusive; use of a singular noun shall be construed to include the plural noun and use of a plural noun shall be construed to include the singular noun; the use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the Topics or information that might otherwise be construed to be outside its scope.

4.      "Communication" or "Communications" means any contact or act by which information or knowledge is transmitted or conveyed between two or more Persons and includes, without limitation, written contacts (whether by letter, memoranda, electronic message, e-mail,

facsimile or other document) and oral contacts (whether by face-to-face meetings, telephone conversations or otherwise).

5.      "Complaint" means the Amended Consolidated Class Action Complaint [ECF No. 70] filed by Lead Plaintiffs on September 23, 2025 in the above-captioned case in the United States District Court for the Southern District of Florida.

6.      "Concerning" means referring to, evidencing, referring to, arising from, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, constituting, supporting, refuting or in any way relating to, in full or in part.

7.      "Defendants" means KnowBe4, Inc., Sjoerd Sjouwerman, Vista Equity Partners Management, LLC, Jeremiah Daly, Elephant Partners, Elephant Partners I, L.P., Elephant Partners II, L.P., Elephant Partners 2019 SPV-A, L.P., Elephant Partners II-B, L.P.,  KKR & Co. Inc., KKR Knowledge Investors L.P., Stephen Shanley, Kara Wilson, Kevin Klausmeyer, Shrikrishna Venkataraman, and Gerhard Watzinger.

8.      "Document" or "Documents" has the same meaning and is equal in scope to the usage of the phrase "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A) and includes any writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained. A draft or non-identical copy is a separate document within the meaning of this term. Without limiting the aforementioned definitions, "Document" or "Documents" includes both hard copy documents and electronically stored information ("ESI"), including email, instant messaging, shared network files, databases, any data on magnetic or optical storage media (e.g., servers, storage area networks, hard drives, backup tapes, CDs, DVDs,

2

thumb/flash drives, disks, or any other type of portable storage devices) stored as either an "active" or backup file in its native format.

9. "Including" means including, but not limited to.

10. "KnowBe4" means KnowBe4, Inc., as well as any predecessor, subsidiary, or affiliate of KnowBe4, Inc., and any of their respective officers, directors, employees, agents, attorneys and other Persons acting or purporting to act on their behalf.

11. "KnowBe4 Securities" refers to any securities issued by or on behalf of KnowBe4, Inc., including but not limited to common stock, preferred stock, bonds, notes, or other equity or debt instruments, and any related options or derivative instruments or interests.

12. "Lead Plaintiffs" or "Plaintiffs" means Water Island Event-Driven Fund, The Arbitrage Fund, AltShares Merger Arbitrage ETF, and the Hilary L. Shane Revocable Trust and all of each of their divisions, subdivisions, affiliates, predecessors, successors, joint ventures, present and former officers, directors, employees, representatives, agents, attorneys, accountants, advisors, and all other Persons acting or purporting to act on each of their behalf.

13. "Merger" shall have the same definition as it does in the Complaint, or the transaction that occurred on February 1, 2023 in which KnowBe4, Inc. was taken delisted from the NASDAQ and taken private.

14. "Person" or "Persons" shall mean (a) natural persons (also referred to as "individuals"), (b) legal entities, including, without limitation, corporations, partnerships, firms, associations, professional corporations, and proprietorships, and (c) governmental bodies or agencies.

3

15. "Plaintiffs' Counsel" means Entwistle & Cappucci LLP, Kozyak Tropin & Throckmorton LLP, and Saxena White P.A., including such counsel before they represented Lead Plaintiffs in the Action.

16. "Relating to" means describing, discussing, constituting, comprising, or evidencing.

17. "Transaction" or "Transactions," means, without limitation, any purchase, sale, short sale, pledge, acquisition, gift, disposition, hypothecation, or transfer.

18. "Vista" means Vista Equity Partners Management, LLC, as well as, any predecessor, subsidiary or affiliate of Vista for the period before the Merger, and any of their respective officers, directors, employees, agents, attorneys and other Persons acting or purporting to act on Vista's behalf.

19. "You," "Your," or "Yours" means each of Lead Plaintiffs, and all other Persons acting or purporting to act on each Lead Plaintiff's behalf, including in-house and external attorneys, accountants, representatives, agents, or other Persons purporting to act on behalf of Lead Plaintiffs.

20. Capitalized terms not otherwise defined herein have the definitions described in the Complaint.

## TIME PERIOD

Unless otherwise specified, the Topics relate to information known or communicated to You from April 22, 2021 through February 1, 2023.

## DEPOSITION TOPICS

1. Your organizational structure as relevant to your Transactions in KnowBe4 Securities, including Your affiliation with other Lead Plaintiffs.

4

2.      Your investment strategy, philosophy, approach, process, criteria, guidelines, objectives, and goals.

3.      The allegations in the Complaint in this Action, including the factual bases for the allegations in the Complaint.

4.      Plaintiffs' filings in this Action, including the facts underlying any allegations, statements, or representations made.

5.      Your decision to pursue this Action, to seek or serve as a Lead Plaintiff in this Action, and to retain Your counsel in this Action, including any due diligence, research, investigation, analysis, or evaluation performed by You, or on Your behalf, in determining whether to participate or be involved in this Action, and all documentation thereof.

6.      Arrangements or agreements You have with any Person or entity in connection with Your role or representation in this Action, including, but not limited to, any engagement letter and/or agreement to pay fees and/or costs, including any financial arrangements among Plaintiffs' counsel and among Lead Plaintiffs.

7.      Your participation in other securities or shareholder lawsuits as a plaintiff, lead plaintiff, or class member, including but not limited to lawsuits to which both you and another Lead Plaintiff were a party.

8.      Any lawsuits in which You have been represented by Plaintiffs' Counsel.

9.      Any instances in which You have exercised or considered exercising Your appraisal rights as the owner of other securities.

10.     Your relationship to Lead Plaintiffs or other members of the putative class in this Action, including but not limited to any corporate, business, partnership, trust, joint venture, or agency relationship.

11. Your initial disclosures, request for admission responses, and interrogatory responses.

12. The categories and locations of Documents, electronically stored information, and tangible things in Your possession, custody, or control concerning KnowBe4 Securities, the Merger, or any of the Defendants.

13. Communications between You and any Defendant.

14. Communications between You and any Lead Plaintiff or other member of the putative class in this Action.

15. Without regard to time period, Your Transactions in KnowBe4 Securities, including the dates, quantities, and prices.

16. The reasons for Your decisions to purchase, sell, short sell, hedge, lend, or hold KnowBe4 Securities, including any investment strategies, analyses, appraisals, news sources, statements or representations by any Defendant, or other information that You reviewed or relied upon in connection with such decisions.

17. Any investment strategies, policies, goals, guidelines, objectives, criteria, or asset allocation or mix requirements that applied to or were in effect for You or Your financial or investment advisors, consultants, or managers from the time You first acquired or held KnowBe4 Securities through the closing of the Merger.

18. The Persons and duties of those Persons responsible for the oversight of, supervision of, and any decisions regarding Your KnowBe4 Securities, including litigation decisions, from the time You first acquired or held KnowBe4 Securities through the close of the Merger.

19. Your relationship(s), retention of, and any agreements with any investment

6

managers or other advisors who purchased, sold, held, or voted KnowBe4 Securities on Your behalf, or who advised You with respect to KnowBe4 Securities, the Merger, or the allegations in the Complaint.

20.     Your Communications with any Person who provided You with investment advice, recommendations, or information (including any investment manager, advisor, broker, portfolio manager, analyst, financial services provider, or rating agency professional) in connection with Your Transactions in KnowBe4 Securities, the Merger, or the allegations in the Complaint.

21.     Your monitoring, research, analysis, investigation, valuation, financial modeling, evaluation, or appraisal of KnowBe4, KnowBe4 Securities, or any assets or liabilities of KnowBe4.

22.     As to each Actionable Misrepresentation, (i) the date(s) You became aware of each Actionable Misrepresentation; (ii) how You became aware of each Actionable Misrepresentation; and (iii) the basis or bases for Your determination or belief that each Actionable Misrepresentation was incorrect, false, or misleading.

23.     All facts and circumstances concerning how the shares of KnowBe4 beneficially owned by You were voted in the Merger, including any recommendation or instruction as to any such vote or election, and any analyses or appraisals considered by You or Your agents, including, but not limited to, your investment managers, in deciding whether or how to vote or exercise Your election.

24.     All facts and circumstances concerning Your decision to exercise or not exercise Your appraisal rights, including any research, analysis, investigation, valuation, financial modeling, or evaluation of appraisal claims considered by You or Your agents, including, but not limited to, your investment managers.

25.     Your knowledge of whether and which other Public Stockholders exercised their

appraisal rights and the bases for that knowledge.

26. Damages suffered by Lead Plaintiffs, You, or the putative class in this action, including all bases for claiming such damages or that the Actionable Misrepresentations caused such damages.

27. All aspects of Your document collection and production process, including but not limited to: (i) Your evaluation and identification of custodians; (ii) what sources of Documents exist, and your process to identify those sources; (iii) what sources of Documents were searched; (iv) what sources of Documents were not searched; (v) the process used to collect Documents; and (vi) the process used to review and produce Documents.

28. Your efforts to ensure Documents and Communications relevant to the Action were properly preserved, including any related litigation holds or document preservation letters or notices issued by You to any recipient, or received by You from any sender.