UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-22574-CIV-ALTONAGA/Reid

In re:

**KNOWBE4, INC.**
**SECURITIES LITIGATION**
_____/

## ORDER

**THIS CAUSE** came before the Court on Lead Plaintiffs'[1] Motion to Amend Complaint by Interlineation [ECF No. 148], filed on April 8, 2026.  Defendants, KnowBe4, Inc., Sjoerd Sjouwerman, and Vista Equity Partners Management, LLC filed a Response [ECF No. 150]; to which Plaintiffs filed a Reply [ECF No. 151].  For the following reasons, the Motion is denied.

On September 23, 2025, Plaintiffs filed their Consolidated Amended Class Action Complaint ("ACAC") [ECF No. 70].  The ACAC identified "AltShares Event-Driven ETF" as one of four Lead Plaintiffs.  (*See* ACAC ¶ 15; *see also* Mot. 1).[2]  On January 23, 2026, the Court entered a Scheduling Order [ECF No. 108], providing the parties with a March 5, 2026 deadline to file motions to amend the pleadings.  (*See id.* 1).  Since then, the parties have engaged in substantial motion practice and discovery.  (*See generally* Dkt.).

Now, more than a month after the Scheduling Order deadline, Plaintiffs seek leave to amend the ACAC to replace "AltShares Event-Driven ETF" with "AltShares Merger Arbitrage ETF" in paragraph 15.  (Mot. ¶ 5; *see also* ACAC ¶ 15 ("Lead Plaintiff AltShares Event-Driven ETF is an exchange-traded investment fund organized under Delaware law.")).  Plaintiffs argue

---

[1] Lead Plaintiffs ("Plaintiffs") are the Water Island Event-Driven Fund, the AltShares Merger Arbitrage ETF, The Arbitrage Fund, and the Hilary L. Shane Revocable Trust.  (*See* Sep. 2, 2025 Order [ECF No. 51] 1).

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

that leave to amend should be granted, as Federal Rule of Civil Procedure 15(a) allows amendment "when justice so requires."  (Mot. ¶ 6 (quoting Fed. R. Civ. P. 15(a))).  Defendants oppose the request to amend, insisting that Plaintiffs have failed to demonstrate good cause to modify the Scheduling Order, as required under Federal Rule of Civil Procedure 16(b).  (*See* Resp. 1–2).

Under Rule 15, if more than 21 days have passed since service of a complaint, a party may only amend it with the consent of the opposing party, or with the Court's leave.  *See* Fed. R. Civ. P. 15(a)(2).  Under Rule 15, leave to amend a complaint "shall be freely given when justice so requires." *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) (quotation marks and citation omitted).  Additionally, the Eleventh Circuit has stressed that, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (alteration added; quotation marks and citation omitted).

Under Rule 16, district courts are required to "issue a scheduling order . . . [that] limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3)(A) (alterations added).  Scheduling orders "control the subsequent course of the action unless modified by a subsequent order . . . and may be modified only 'upon a showing of good cause.'"  *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (alteration added; citing Fed. R. Civ. P. 16(b)).  Where, as here, a "motion to amend [is] filed after the scheduling order's deadline," a plaintiff "must first demonstrate good cause under Rule 16(b) before [the Court] will consider whether amendment is proper under Rule 15(a)."  *Id.* at 1419 (alterations added; citations omitted).

The good cause standard precludes modification unless the schedule cannot be met despite the diligence of the parties seeking the extension.  *See, e.g.*, *Oravec v. Sunny Isles Luxury Ventures,*

*L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) ("We have recognized that Rule 16(b)'s good cause standard precludes modification of the scheduling order unless the schedule cannot be met despite the diligence of the party seeking the extension." (alteration adopted; citations and quotation marks omitted)); *Roberson v. BancorpSouth Bank, Inc.*, No. 12-0669-Civ, 2013 WL 4870839, at *2 (S.D. Ala. Sep. 12, 2013) ("Diligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry." (collecting cases)).  "If [a] party was not diligent, the [good cause] inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (alterations added). Applying such a standard is "consistent with important policy considerations[,]" namely, that once deadlines have been set, they will be enforced and can therefore be relied upon.  *Pugh v. Kobelco Constr. Mach. Am., LLC.*, No. 08-cv-241, 2010 WL 2574174, at *5 (M.D. Ala. June 23, 2010) (alteration added), *aff'd*, 413 F. App'x 134 (11th Cir. 2011).  "Otherwise, the deadlines are meaningless." *Id.*

Plaintiffs failed to address the good cause standard in their Motion.  (*See generally* Mot.). In their Reply, Plaintiffs assert they satisfy the good cause standard (*see* Reply 4 n.1), because — upon learning of the inadvertently named Plaintiff in the ACAC on March 20, 2026 during a deposition — they promptly served amended discovery responses, prepared and sent Defendants a draft of the instant Motion, conferred with Defendants, and filed the Motion on April 8, 2026. (*See id.* 4–5).  Plaintiffs state this demonstrates they were diligent.  (*See id.* 5).

Plaintiffs had nearly *six months* from the time they filed the ACAC to correct the error in advance of the Scheduling Order's March 5, 2026 deadline.  During such time, they had ample opportunity to discover and remedy their mistake.  Plaintiffs responded at length to Defendants' Motion to Dismiss the ACAC (*see* Resp. in Opp'n [ECF No. 96]) and were given leave to amend the ACAC in late December (*see* Dec. 23, 2025 Order [ECF No. 100] 34).  Moreover, although

CASE NO. 25-22574-CIV-ALTONAGA/Reid

Plaintiffs claim they did not learn about the error until March 20, 2026 — 15 days after the amendment deadline — Plaintiffs concede they responded to discovery addressed to AltShares Event-Driven ETF with information from and on behalf of AltShares Merger Arbitrage ETF, meaning they were aware of a discrepancy between the two entities.  (*See* Mot. ¶ 12; Reply 2).

Certainly, Plaintiffs could have — and should have — discovered their error in identifying their own names well before they filed the Motion and before the deadline.  Inexplicably, once they first discovered the mistake on March 20, Plaintiffs waited nearly three more weeks to file the instant Motion.  The timeline of events does not suggest diligence.

Ultimately, "[d]istrict courts have unquestionable authority to control their own dockets. This authority includes broad discretion in deciding how best to manage the cases before them." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (alteration added; citations, quotation marks, and footnote call number omitted).  Because Plaintiffs have not shown good cause for an extension of the Scheduling Order's amendment deadline, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Amend Complaint by Interlineation **[ECF No. 148]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 16th day of April, 2026.

_____

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

4