**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-22574-CIV-ALTONAGA/Reid**

In re:

**KNOWBE4, INC.**
**SECURITIES LITIGATION**
_____ /

**ORDER**

**THIS CAUSE** came before the Court on Lead Plaintiffs' Unopposed Motion to File Under

Seal . . . [ECF No. 157], filed on April 30, 2026.  For the following reasons, the Motion is denied.

Courts "have discretion to determine which portions of the record should be placed under

seal, but [such] discretion is guided by the presumption of public access to judicial documents."

*Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (alteration added).  Public

or judicial records are presumptively public, while documents which are not considered public or

judicial records, such as discovery documents, are not.  *See F.T.C. v. AbbVie Prods. LLC*, 713 F.3d

54, 62–63 (11th Cir. 2013).  "Judges deliberate in private but issue public decisions after public

arguments based on public records.  Any step that withdraws an element of the judicial process

from public view makes the ensuing decision look more like fiat and requires rigorous

justification."  *Perez-Guerrero*, 717 F.3d at 1235 (alteration adopted; citation and quotation marks

omitted).

Plaintiffs ask the Court to file under seal their class certification motion "which summarizes

and attaches two documents that Defendants Vista and KKR have designated as Highly

Confidential[.]"  (Mot. 4 (alteration added)).[1]  According to Plaintiffs, the February 23, 2026

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Stipulated Protective Order [ECF No. 133] requires that documents of this nature be filed under seal. (*See* Mot. 3–4). But the Protective Order — requested and prepared by the parties (*see* Joint Mot. [ECF No. 129 and Proposed Orders [ECF Nos. 129-1–129-2]) and edited by the Court — explicitly cautions that "[n]othing in this Order . . . approves the filing of motions to seal" (Feb. 23, 2026 Order 25 (alterations added)). Plaintiffs also argue that good cause exists, but they fail to provide any reason why the motion for class certification should be filed under seal other than compliance with the Protective Order. And "[a]bsent a showing of extraordinary circumstances set forth by the district court in the record . . . the court file must remain accessible to the public." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (alterations added).

This is a public proceeding; the case filings are public; and the case will be either decided in a public order or tried in a public courtroom. Nothing could be more public than a substantive motion for class certification. *See MSP Recovery Claims, Series LLC v. United Auto. Ins. Co.*, No. 20-20887-Civ, 2020 WL 2980598, at *1 (S.D. Fla. June 4, 2021) ("A motion for class certification is a substantive pretrial motion, requiring a showing of good cause to overcome the presumption of public access." (citation omitted)). Furthermore, the Court will not review and draft public orders burdened by efforts to omit references to facts the parties deem sensitive and confidential — yet necessary for review and consideration — on a record filed under seal.

Portions of the filing that should not appear on the public docket and are unnecessary for the Court's resolution of the motion for class certification may be redacted.

Accordingly, it is

**ORDERED AND ADJUDGED** that Lead Plaintiffs' Unopposed Motion to File Under Seal . . . **[ECF No. 157]** is **DENIED**.

CASE NO. 25-22574-CIV-ALTONAGA/Reid

**DONE AND ORDERED** in Miami, Florida, this 1st day of May, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

3