**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-22574-CIV-ALTONAGA/Reid**

In re:

**KNOWBE4, INC.**
**SECURITIES LITIGATION**
___________________________/

**ORDER**

**THIS CAUSE** came before the Court on Defendants' Motion for Judgment on the Pleadings [ECF No. 179], filed on June 12, 2026.[1] Lead Plaintiffs[2] filed a Response [ECF No. 182]; to which Defendants submitted a Reply [ECF No. 185].

In support of their Motion, Defendants advise that in *Le Clair v. KnowBe4, Inc.*, No. 2024-1143, 2026 WL 1481979 (Del. Ch. May 27, 2026), the Delaware Court of Chancery dismissed in its entirety a shareholder class action involving the same transaction at issue here and similar parties. (*See generally* Mot.). Defendants assert Plaintiffs are members of the certified Delaware class and should now be collaterally estopped from relitigating here the central issues decided in that case.

The parties dispute *Le Clair*'s preclusive effect. Plaintiffs argue the two cases involve similar, but not identical issues (*see* Resp. 10–14)[3], and that Plaintiffs are not parties to the Delaware action and thus cannot be bound by the decision (*see id.* 14–17). Defendants insist the

---

[1] More recently, Defendants filed a Motion to Confirm Automatic PSLRA Stay of Discovery . . . [ECF No. 183] considering the relief they seek in the Motion for Judgment on the Pleadings.

[2] Lead Plaintiffs ("Plaintiffs") are the Water Island Event-Driven Fund, the AltShares Merger Arbitrage ETF, The Arbitrage Fund, and the Hilary L. Shane Revocable Trust. (*See* Sep. 2, 2025 Order [ECF No. 51] 1).

[3] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

issues are sufficiently similar for collateral estoppel to apply (*see* Reply 6–8), and that Plaintiffs are members of the certified class and therefore in privity with the parties (*see id.* 8–11). Plaintiffs also note that on June 26, 2026, "the Delaware plaintiffs filed a notice of appeal of the *Le Clair* decision to the Delaware Supreme Court." (Resp. 9).

District courts have "broad discretion to stay proceedings as an incident to [their] power to control [their] own docket[s]." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (alterations added; citation omitted). The Eleventh Circuit "has approved of stays pending appellate resolution of a related case, especially where the related matter is likely to have a substantial or controlling effect on the claims and issues in the stayed case." *Kamara v. Medicredit, Inc.*, No. 21-cv-23110, 2022 WL 539187, at *1 (S.D. Fla. Feb. 23, 2022) (citing *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009); quotation marks and other citations omitted).

True, "a pending appeal generally does not prevent the applicability of collateral estoppel." *CFTC v. Oasis Int'l Grp., Ltd.*, No. 19-cv-886, 2023 WL 8452004, at *9 n.2 (M.D. Fla. Dec. 6, 2023) (citing *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 905 F.2d 610, 621 (2d Cir. 1990)). But "a second judgment based upon the preclusive effects of the first judgment should not stand if the first judgment is reversed." *S.C. Nat'l Bank v. Atl. States Bankcard Ass'n, Inc.*, 896 F.2d 1421, 1430 (4th Cir. 1990) (quoting 18 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4433, at 311 (1981); other citations omitted). And "appellate review is often necessary to bolster 'confidence that the result achieved in the initial litigation was substantially correct.'" *Mondelez Glob. LLC v. Int'l Union of Operating Eng'rs Loc. 399*, No. 18-C-2112, 2019 WL 216738, at *4 (N.D. Ill. Jan. 16, 2019) (quoting *Bravo-Fernandez v. United States*, 580 U.S. 5, 10 (2016)).

While Defendants' collateral estoppel arguments are compelling, the Court — in its discretion — prefers to await the outcome of the Delaware appeal before ruling on that case's preclusive effect, if any, on the issues here. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The case is **STAYED** pending resolution of the appeal pending before the Delaware Supreme Court. The Clerk shall mark the case CLOSED.

2. The parties shall file joint status updates regarding that matter **every 60 days** beginning from the date of this Order.

3. All motions are **DENIED as moot**. Once the appeal is concluded, the parties shall confer and file a joint, revised scheduling report.

**DONE AND ORDERED** in Miami, Florida, this 17th day of July, 2026.

Cecilia M. Altonaga

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record